ADR     FILED

#99
FeesPd
SI

2007 MAY 30   A  9: 46

E-FILING

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA., S.J.

8m

1  **PARR LAW GROUP**
   SHAWN R. PARR (SBN 206616)
2  KATHLEEN CARD (SBN 164083)
   NATALIA LITCHEV (SBN 230775)
3  SUJATA T. REUTER (SBN 232148)
   150 Almaden Boulevard, Suite 1380
4  San Jose, California 95113
   Telephone: (408) 267-4500
5  Facsimile:  (408) 267-4535

6  Attorney for Plaintiff and Proposed Class

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11 ANITA HUNTER,                    CASE NO. C07 02795 RS

12                 Plaintiff,       **CLASS ACTION**

13                                  **COMPLAINT FOR:**
14        v.                           1. **RICO VIOLATION (18 U.S.C. §§
                                          1962, *et seq.*)**
15 EDWARD H. OKUN, OKUN HOLDINGS,       2. **FRAUD**
   INC., INVESTMENT PROPERTIES OF       3. **CONVERSION**
16 AMERICA, LLC, RICHARD B. SIMRING,    4. **CONSPIRACY**
   and DOES 1 through DOES 50, inclusive, 5. **BREACH OF CONTRACT**
17                                      6. **NEGLIGENCE**
18                 Defendants.          7. **B&P § 17200 VIOLATION**
                                        8. **CONSTRUCTIVE TRUST**
19                                      9. **RECOVERY AGAINST BOND**

20

21                                  **JURY TRIAL DEMANDED**

22

23        Plaintiff ANITA HUNTER (hereinafter "Plaintiff") by and through her attorneys, brings

24 this action on behalf of herself and all other similarly situated persons, companies and entities

25 ("Class Members") (collectively, the "Class" or "Plaintiffs") and hereby alleges upon personal

26 knowledge and belief as to her own acts, and upon information and belief (based on investigation

27 by Plaintiff and counsel) as to all other matters, and as to reasonable opportunity for further

28 investigation and discovery of evidence, as follows:

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*                          1

**INTRODUCTION**

1.     This action arises from an aggregation of acts constituting federal Racketeer Influenced and Corrupt Organizations Act violations, as well as violations of state law, breach of contract, negligence, conversion and conspiracy, all due to the conduct of and practices by Defendants named herein, which individually and together warrant, among other things, injunctive relief and monetary damages according to proof under applicable law based on injuries caused by Defendants to Plaintiff's person, property, and businesses.

2.     Notwithstanding Defendants' promises and agreements to the contrary, Defendants, and each of them, unlawfully and unreasonably deprived Plaintiff of sums of money belonging to Plaintiff, held in trust, which sums of money said Defendants used for their own purposes and gain. These unlawful and unreasonable acts constitute an ongoing practice of exploitation of Plaintiff.

**JURISDICTION**

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the controversy asserted herein is between citizens of different states, and involves an amount in controversy in excess of $75,000, exclusive of interest and costs.

4.     The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 as the RICO claim raises a question of federal law under U.S.C. §§ 1961, *et seq.*, Racketeer Influenced and Corrupt Organizations Act (RICO).

5.     The Court has supplemental jurisdiction over the remaining causes of action under 28 U.S.C. § 1367 because the remaining state law claims are so related to the RICO claim that they form part of the same case or controversy.

**VENUE**

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*                                         2

6.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because Defendants were, at all relevant times, doing business within this District sufficient to subject Defendants to personal jurisdiction in this District, and the conduct of Defendants, out of which these allegations arise, included but not limited to the execution of the contract at issue, occurred within this District.

7.    Venue is proper in this District because the contract upon which this action is based was entered into within this District.

## INTRADISTRICT ASSIGNMENT

8.    This action arises in the County of Santa Clara, California, and thus, should be assigned to the San Jose Division of the Northern District Court of California.

## PARTIES

9.    Plaintiff is an individual who currently resides, and did reside at all times relevant hereto, in the County of Santa Clara, State of California.

10.    Defendant EDWARD H. OKUN (hereinafter "OKUN") is an individual who currently resides, and did reside at all times relevant hereto, in Miami-Dade County, State of Florida.

11.    OKUN owns and or is affiliated with a diverse group of companies, including but not limited to INVESTMENT PROPERTIES OF AMERICA, LLC, OKUN HOLDINGS, INC., Montauk Financial Group, Crossroads Transportation and Logistics, BarterONE, and The 1031 Tax Group, LLC.

12.    Defendant OKUN HOLDINGS, INC. (hereinafter "HOLDINGS") is a limited liability company organized and existing under the laws of the State of Virginia. Defendant OKUN is a member of the company and holds the position of Director of the company.

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*                    3

13.     Defendant INVESTMENT PROPERTIES OF AMERICA, LLC (hereinafter "IPOA") is a limited liability company organized and existing under the laws of the State of Virginia. Defendant OKUN is the founding member of the company and the CEO of the company.

14.     Defendant OKUN is the sole member of The 1031 Tax Group, LLC (hereafter "Tax Group"), an exchange accommodator business which facilitated real estate exchanges pursuant to United States Internal Revenue Service Code § 1031 (hereafter "1031 exchange") for certain real estate investors.

15.     Defendant RICHARD B. SIMRING (hereinafter "SIMRING") is an individual who currently resides, and did reside at all times relevant hereto, in Miami-Dade County, State of Florida.  Plaintiff is informed and believes and thereon alleges that SIMRING was President and CEO of Tax Group.

16.     Despite investigation by Plaintiff, Plaintiff is ignorant of the true names and capacities, whether individual, associate, corporate or otherwise, of Defendants sued herein as DOES 1 through 50 and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when discovery is obtained and the same are ascertained.  Plaintiff is informed and believes and thereon alleges that each of these fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries as herein alleged were proximately and legally caused by the aforementioned Defendants.

17.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the Defendants was the agent, employee, corporate parent, corporate subsidiary, affiliated organization and/or surety of each of the remaining Defendants, and in

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*                                    4

1   doing the things alleged herein, was acting within the scope of such relationship.

2       18.    Plaintiff is informed and believes and thereon alleges that each Defendant is

3   jointly and severally responsible for the occurrences herein alleged and that Plaintiff's injuries as

4   herein alleged were directly and proximately caused by the aforementioned Defendant.

5       19.    There exists, and at all times herein mentioned there existed, a unity of interest

6   and ownership between Defendants, and each of them, and Defendant HOLDINGS, such that the

7   individuality and separateness between Defendants, and each of them, and Defendant

8

9   HOLDINGS has ceased, and Defendants, and each of them, are the alter egos of Defendant

10  HOLDINGS.

11      20.    Plaintiff is informed and believes and thereon alleges that adherence to the fiction

12  of the separate existence of Defendant HOLDINGS as an entity distinct from Defendants, and

13  each of them, would permit abuse of the limited liability privilege and sanction fraud in that

14  Defendants, and each of them, caused commingling of, and misappropriation of, the monies of

15  Defendant HOLDINGS for Defendants', and each of their own, individual gain for the purpose

16

17  of defrauding Plaintiff as stated herein, thereby rendering Defendant HOLDINGS insolvent and

18  unable to meet its obligations.

19

20      21.    Plaintiff is informed and believes and thereon alleges that Defendant HOLDINGS

21  is, and at all times herein mentioned was, a mere shell, instrumentality, and conduit through

22  which Defendants, and each of them, carried on their business of,  among other things,

23  defrauding numerous clients of HOLDINGS in the corporate name and converting the assets of

24  HOLDINGS' clients to their own individual uses, exercising complete control and dominance of

25

26  Defendant HOLDINGS to such an extent that any individuality or separateness of Defendants,

27  and each of them, and Defendant HOLDINGS does not, and at all times herein mentioned did

28  not, exist.

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*                                          5

22.    There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants, and each of them, and Defendant IPOA, such that the individuality and separateness between Defendants, and each of them, and Defendant IPOA has ceased, and Defendants, and each of them, are the alter egos of Defendant IPOA.

23.    Plaintiff is informed and believes and thereon alleges that adherence to the fiction of the separate existence of Defendant IPOA as an entity distinct from Defendants, and each of them, would permit abuse of the limited liability privilege and sanction fraud in that Defendants, and each of them, caused commingling of, and misappropriation of, the monies of Defendant IPOA for Defendants', and each of their own, individual gain, for the purpose of defrauding Plaintiff as stated herein, thereby rendering Defendant IPOA insolvent and unable to meet its obligations.

24.    Plaintiff is informed and believes and thereon alleges that Defendant IPOA is, and at all times herein mentioned was, a mere shell, instrumentality, and conduit through which Defendants, and each of them, carried on their business of, among other things, defrauding numerous clients of Defendant IPOA in the corporate name and converting the assets of Defendant IPOA'S clients to their own individual uses, exercising complete control and dominance of Defendant IPOA to such an extent that any individuality or separateness of Defendants, and each of them, and Defendant IPOA does not, and at all times herein mentioned did not, exist.

25.    There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Defendants, and each of them, and Tax Group, such that the individuality and separateness between Defendants, and each of them, and Tax Group has ceased, and Defendants, and each of them, are the alter egos of Tax Group.

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

COMPLAINT                                    6

26.    Plaintiff is informed and believes and thereon alleges that adherence to the fiction of the separate existence of Tax Group as an entity distinct from Defendants, and each of them, would permit abuse of the limited liability privilege and sanction fraud in that Defendants, and each of them, caused commingling of, and misappropriation of, the monies of Tax Group for Defendants', and each of their own, individual gain, for the purpose of defrauding Plaintiff as stated herein, thereby rendering Tax Group insolvent and unable to meet its obligations.

27.    Plaintiff is informed and believes and thereon alleges that Tax Group is, and at all times herein mentioned was, a mere shell, instrumentality, and conduit through which Defendants, and each of them, carried on their business of, among other things, defrauding numerous clients of Tax Group in the corporate name and converting the assets of Tax Group's clients to their own individual uses, exercising complete control and dominance of Tax Group to such an extent that any individuality or separateness of Defendants, and each of them, and Tax Group does not, and at all times herein mentioned did not, exist.

## CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this action on her own behalf and on behalf of all persons similarly situated. The class that Plaintiff represents is composed of individual investors, who engaged the services of Tax Group, or its subsidiaries, who became subsequently the victims of unlawful activities of Defendants, whose exchange proceeds have not been returned to them, and who have been or may be subject to adverse tax consequences solely due to the acts or failure to act by Defendants, and each of them.

29.    The persons in the class are so numerous that the joinder of all such persons is impracticable and that the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court.

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*                              7

30.     There is a well defined community of interest in the questions of law and fact involved affecting the Plaintiff's class in that each person entered into an exchange agreement with Tax Group or one of its subsidiaries, and has suffered a loss due to acts of Defendants. These questions of law and fact predominate over questions that affect only individual class members. Proof of a common or single statement of facts will establish the right of each member of the class to recover. The claims of the Plaintiff are typical of those of the class and Plaintiff will fairly and adequately represent the interests of the class.

31.     There is no plain, speedy, or adequate remedy, other than by maintenance of this class action, since Plaintiff is informed and believes that the number of class members is too high, making it economically unfeasible to pursue remedies other than a class action. Consequently, there would be a failure of justice but for the maintenance of the present class action.

32.     The prosecution of individual remedies by members of the Plaintiff class would tend to establish inconsistent standards of conduct for Defendants and result in the impairment of a class members' right and the disposition of their interests through actions to which they were not parties.

## GENERAL ALLEGATIONS

33.     At all times relevant hereto, Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 through 50, owned or operated Tax Group and facilitated 1031 exchanges for real estate owned by certain real estate investors.

34.     From in or about 2006 through on or about May 13, 2007, Defendants OKUN, HOLDINGS, IPOA, SIMRING, DOES 6 through 50, and Tax Group, and each of them, acquired various privately held exchange companies throughout the Untied States (hereafter "the

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*                                    8

subsidiaries"), including, but not limited to:  1031 Advance 132, LLC; 1031 Advance, Inc.; 1031 TG Oak Harbor, LLC; Atlantic Exchange Company, Inc.; Atlantic Exchange Company, LLC; Exchange Management, LLC; Investment Exchange Group, LLC; National Exchange Accommodators, LLC; National Exchange Services QI, Ltd.; National Intermediary, Ltd.; NRC 1031, LLC; Real Estate Exchange Services, Ltd.; Rutherford Investments, LLC; Security 1031 Services, LLC; and Shamrock Holdings Group, LLC.

35.    On or about March 27, 2007, in order to accomplish a 1031 exchange, Plaintiff entered into an Exchange Agreement ("AGREEMENT") with Defendants OKUN, HOLDINGS, IPOA, SIMRING, DOES 6 through 50, and Tax Group, and each of them, through Tax Group's subsidiary, 1031 Advance, Inc., located in San Jose, California.   A copy of the AGREEMENT is attached hereto as Exhibit A and incorporated herein by this reference.

36.    Pursuant to the terms of the AGREEMENT, the proceeds from the sale of Plaintiff's real property (hereafter "exchange proceeds") were to be held by said Defendants, in trust, in a Qualified Intermediary account with a nationally insured bank or savings institution.

37.    The AGREEMENT contained a provision providing for reasonable attorney's fees to be awarded to the prevailing party in any action brought under the AGREEMENT.

38.    On or about March 29, 2007, Plaintiff deposited with Defendants OKUN, HOLDINGS, IPOA, SIMRING, DOES 6 through 50, and Tax Group, and each of them, and said Defendants accepted from Plaintiff, through their subsidiary, exchange proceeds in the amount of One Million Three Hundred Sixty-five Thousand Two Hundred Ninety-four Dollars and Fifty-eight Cents ($1,365,294.58).

39.    On or about March 29, 2007, Defendants OKUN, HOLDINGS, IPOA, SIMRING, DOES 6 through 50, and Tax Group, and each of them, through their subsidiary, deposited

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*                                        9

Plaintiff's exchange proceeds into the account held in the name of 1031 Advance, Inc., at Countrywide Bank in Alexandria, Virginia.

40.    On or about April 30, 2007, Plaintiff received notice from Defendants OKUN, HOLDINGS, IPOA, SIMRING, DOES 6 through 50, and Tax Group, through their agent, that the San Jose subsidiary of Tax Group had ceased conducting business.

41.    Plaintiff has demanded the return of her exchange proceeds from Defendants, and Defendants have refused.

42.    At all times relevant hereto, through financial accounts held by Tax Group and the subsidiaries for the benefit of their clients, Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 through 50, and Tax Group, and each of them, had access to the exchange proceeds deposited by Plaintiff.

43.    At all times relevant hereto, Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 through 50, and Tax Group, and each of them, used Plaintiff's exchange proceeds for their individual benefit and for the benefit of all Defendants and Tax Group by withdrawing said exchange proceeds and depositing them into accounts held by or for the benefit of said Defendants and/or Tax Group or by purchasing real and personal property for the benefit of said Defendants and/or Tax Group, effectively commingling Plaintiff's exchange proceeds with their own assets.

44.    At all times relevant hereto, Defendants, and each of them, and Tax Group were operating a fraudulent investment scheme based on the premise that they would gain new clients to deposit their exchange proceeds with Defendants and Tax Group, and by so doing, Defendants and Tax Group could then replenish Plaintiff's account from which Defendants and Tax Group had withdrawn Plaintiff's exchange proceeds for Defendants' and Tax Group's own benefit ("the

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

COMPLAINT                                    10

1  SCHEME").

2      45.    On or about May 14, 2007, Tax Group filed a voluntary petition in the U.S.

3  Bankruptcy Court for the Southern District of New York Case, Case Number 07-11448-ALG.

4  Tax Group's Schedules allege approximately One Hundred Thirty-three Million Dollars

5  ($133,000,000.00) in outstanding liabilities, the majority of which is owed to exchange clients of

6  ($133,000,000.00) in outstanding liabilities, the majority of which is owed to exchange clients of

7  Tax Group and its subsidiaries.

8      46.    The business of exchange accommodators is conducted substantially without

9  governmental regulation, and such exchange companies have control over large sums of money

10  which they hold in trust for their clients.  These funds are commonly referred to as float.

11  Exchange companies predominately use segregated or pooled accounts to invest their float in

12  financial institutions that provide a return and, more importantly, that provide liquidity to the

13  exchange accommodator.

14

15      47.    Plaintiff is informed and believes and thereon alleges that Defendants and Tax

16  Group, and each of them, unlawfully and without authorization, used their float, to fund and

17  finance their own ventures and for their individual gain and benefit.

18

19                         **FIRST CAUSE OF ACTION**
                              **RICO Violation**
20  **(Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 through 50)**

21      48.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 47

22  of this Complaint as though fully set forth herein.

23

24      49.    Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 through 50, and

25  Tax Group, and each of them, associated themselves with each other to form an enterprise

26  (hereafter "ENTERPRISE"), which operated the SCHEME for the purpose of acquiring

27  exchange companies and gaining control of the exchange proceeds and float, described herein,

28

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*                                11

1    all for Defendants' and Tax Group's own gain and benefit.

2        50.    On and after March 27, 2007, the ENTERPRISE engaged in SCHEME activities,

3    and said activities affected interstate commerce, including bank wire transfers across state lines,

4    with the specific intent to deceive and defraud Plaintiff, who is a person of ordinary prudence

5    and comprehension, by and though unauthorized use and misappropriation of Plaintiff's monies.

6        51.    Defendants conducted or participated in the conduct of the ENTERPRISE's

7    affairs through a pattern of racketeering activity consisting of, *inter alia*, more than two acts of

8    mail fraud and wire fraud in violation of 18 U.S.C. § 1341 and § 1343, respectively.    Plaintiff is

9    
10   informed, believes, and thereon alleges that the ENTERPRISE, on a daily basis, wired Plaintiff's

11   funds from financial accounts owned and controlled by Defendants and Tax Group, to other

12   investments and entities controlled by Defendants and Tax Group, in furtherance of the

13   ENTERPRISE.

14       52.    Defendants, in conducting the ENTERPRISE, were in further violation of 18

15   U.S.C. § 1344, *et seq.,* by transferring funds under the custody and control of a financial

16   
17   institution for their own individual gain.  The transfers were in violation of the AGREEMENT.

18       53.    Each Defendant's conduct as set forth herein was in concert with each of the other

19   Defendant's conduct, and planned and pre-arranged with, and known by, each of the other

20   Defendants pursuant to Defendants' SCHEME to use exchange proceeds.  Each Defendant

21   ratified, and aided in the furtherance of, each of the other Defendants' actions pursuant to the

22   SCHEME to use exchange proceeds.

23       54.    As a result and proximate cause of said Defendants' conduct set forth herein,

24   Plaintiff has suffered injury, and continues to suffer injury, all in an amount to be proven at trial.

25   These amounts include the value of Plaintiff's exchange proceeds that were converted for the use

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

1    by and benefit of the ENTERPRISE, as well as the value of the adverse tax consequences caused

2    by the ENTERPRISE's action.

3          WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

4    hereinafter set forth.

5                          **SECOND CAUSE OF ACTION**
                                    **Fraud**
6    **(Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 through 50)**

7

8          55.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 54

9    of this Complaint as though fully set forth herein.

10         56.    On or about March 27, 2007, Defendants OKUN, HOLDINGS, IPOA, SIMRING,

11   and DOES 6 through 25, by and through their agents, promised to Plaintiff that Defendants

12
     would hold on deposit Plaintiff's exchange proceeds until such time as Plaintiff found
13

14   replacement real property and directed Defendants and/or Tax Group to apply the exchange

15   proceeds toward the purchase of said real property.

16         57.    The aforementioned promises were false, made by Steven Allred, agent for

17   Defendants, without intent to perform and with the knowledge of their falsity, as at the time said

18
     promises were made, Defendants had been long engaged in the SCHEME.
19

20         58.    Plaintiff is informed and believes and thereon alleges that Defendants made these

21   promises to Plaintiff in order to induce Plaintiff to enter into the AGREEMENT so that

22   Defendants would be able to reap the benefits by way of the free use and enjoyment of Plaintiff's

23
     exchange proceeds and other profits and benefits incident to such use, including but not limited
24

25   to providing funds to facilitate Defendants OKUN's and SIMRING'S lavish lifestyles.

26         59.    At the time the aforementioned promises were made by Defendants and each of

27   them, Plaintiffs believed them to be true and relied on them.  Plaintiffs' reliance on said

28   representations was reasonable in that Defendants held themselves out as those having

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*                                    13

knowledge and expertise superior to that of Plaintiff in matters concerning 1031 exchange transactions.

60.     Had Plaintiff known the true facts and Defendants' intentions, Plaintiff would not have reposed trust and confidence in Defendants and would not have entered into the AGREEMENT with Defendant.

61.     As a result of said Defendants' false promises, Plaintiff has suffered, and continues to suffer substantial damage in that Plaintiff has lost the funds she intended to use for a 1031 exchange into a real property, she has lost the opportunity to acquire a replacement real property to facilitate the exchange, and she has suffered adverse tax consequences. In addition, Plaintiff has incurred costs and attorney's fees in order to pursue this action.

62.     In committing the unlawful conduct alleged herein, Defendants acted with full knowledge of the consequences thereof and of the damage being caused to Plaintiff.  Despite this knowledge, Defendants committed the aforementioned acts which were oppressive and malicious, in that they subjected Plaintiff to cruel and unjust hardship in willful and conscious disregard of her rights, thereby entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
### Conversion
### (Defendants OKUN, HOLDINGS, IPOA and DOES 6 through 50)

63.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 62 of this Complaint as though fully set forth herein.

64.     At all times herein mentioned, Plaintiff was, and is, the owner and was, and is, entitled to the possession of her exchange proceeds in the amount of $1,365,294.58.

65.     On or about March 29, 2007, Defendants, and each of them, took possession of

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

1  Plaintiff's exchange proceeds and converted the same to their own use.

2  66.    On or about May 1, 2007, Plaintiff demanded the return of her exchange

3  proceeds, but Defendants, and each of them, failed and refused, and continue to fail and refuse, to

4  return the funds to Plaintiff.

5

6  67.    Between the time of Defendants' conversion of Plaintiff's exchange proceeds to

7  their own use and the filing of this action, Plaintiff has been forced to expend time and resources

8  in the pursuit of her property, all to her further damage in an amount to be shown at trial.

9  68.    Defendants' acts were willful, wanton, malicious, and oppressive, were

10

11  undertaken with the intent to defraud, and justify the awarding of exemplary and punitive

12  damages.

13  WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

14  hereinafter set forth.

15  ## FOURTH CAUSE OF ACTION
### Conspiracy
16  **(Defendants OKUN, HOLDINGS, IPOA, SIMRING and DOES 6 through 50)**

17  69.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 68

18  of this Complaint as though fully set forth herein.

19

20  70.    On or about March 27, 2007, Defendants, and each of them, knowingly and

21  willfully conspired and agreed among themselves to commit the acts described herein.

22  71.    Defendants, and each of them, did the acts and things alleged herein pursuant to,

23  and in furtherance of, the conspiracy and agreement.

24

25  72.    Defendants, and each of them, furthered the conspiracy by cooperation with or by

26  lending aid and encouragement to or by ratifying and adopting the acts of the other Defendants.

27  73.    Plaintiff is informed and believes and thereon alleges that the last overt act in

28  pursuit of the above-described conspiracy occurred on or after March 29, 2007, on which date

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*                    15

1   Defendants converted the sum of $1,365,294.58 collected from Plaintiff to their own benefit, and

2   thereafter made those funds unavailable to Plaintiff.

3          74.    As a proximate result of the wrongful acts herein alleged, Plaintiff has been

4
5   damaged in the sum of $1,365,294.58.  Plaintiff has also suffered damages as a proximate and

6   foreseeable result of not having said sum available for use in the planned real estate exchange

7   transaction, including but not limited to adverse tax consequences, all in an amount to be proved

8   at trial.

9          75.    Defendants' acts as described above were willful, wanton, malicious, and

10
11  oppressive, were in conscious disregard of Plaintiff's rights, and were undertaken with the intent

12  to defraud, thereby warranting an assessment of punitive damages.

13         WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

14  hereinafter set forth.

15                           **FIFTH CAUSE OF ACTION**
                                **Breach of Contract**
16      **(Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 through 50)**

17         76.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 75

18
19  of this Complaint as though fully set forth herein.

20         77.    Plaintiff and Defendants entered into a written AGREEMENT whereby

21  Defendants would act as an exchange accommodator for Plaintiff, holding Plaintiff's exchange

22  proceeds in trust for Plaintiff with a nationally insured bank or savings institution, until directed

23
24  by Plaintiff to pay out the exchange proceeds on Plaintiff's behalf.

25         78.    Plaintiff has fully performed her obligations under the AGREEMENT.

26         79.    Defendants breached the AGREEMENT by failing to hold Plaintiff's exchange

27  proceeds in trust for Plaintiff with a nationally insured bank or savings institution, and by

28  refusing, upon direction from Plaintiff, to return to Plaintiff or to pay out Plaintiff's exchange

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

1  proceeds on Plaintiff's behalf, pursuant to the terms of the AGREEMENT.

2       80.  As a direct and proximate cause of Defendants' breaches, Plaintiff has lost the use

3  and benefit of her exchange proceeds in the amount of $1,365,294.58, and has incurred adverse

4
5  tax consequences, in an amount currently unknown, as well as other damages subject to proof at

6  trial.

7       81.  By the terms of the AGREEMENT, Plaintiff is entitled to recover reasonable

8  attorney's fees incurred in the enforcement of the provisions of the AGREEMENT.  By reason of

9  the aforementioned breaches of Defendants, Plaintiff has been forced to secure the services of
10
11  legal counsel to prosecute and defend this litigation.

12      WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

13  hereinafter set forth.

14  **SIXTH CAUSE OF ACTION**
**Negligence**
15  **(Defendants OKUN, HOLDINGS, IPOA and DOES 6 through 50)**

16       82.  Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 81

17  of this Complaint as though fully set forth herein.
18
19       83.  By virtue of Defendants' assumption of the role of exchange accommodator in

20  Plaintiff's transaction, Defendants had a professional duty to exercise due care in the completion

21  of their exchange accommodator duties.

22       84.  Defendants breached their duty to exercise due care by commission of the acts
23
24  described herein.

25       85.  As a direct and proximate result of Defendants' negligent acts, Plaintiff has been

26  harmed in that she has suffered the loss $1,365,294.58 and has incurred additional damages as a

27  proximate and foreseeable result of losing the availability of her exchange funds for use in a

28  planned exchange, including but not limited to adverse tax consequences, all in an amount to be

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*　　　　　17

1 | shown at trial.

2 |     WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

3 | hereinafter set forth.

### SEVENTH CAUSE OF ACTION
**California Business & Professions Code § 17200 Violation**
**(Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 through 50)**

86.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 85 of this Complaint as though fully set forth herein.

87.     Beginning at an exact date unknown to Plaintiff, but at least since early 2006, Defendants, and each of them, have committed acts of unfair competition, as defined by California Business and Professions Code § 17200, by engaging in the SCHEME, described herein.

88.     The acts and practices of Defendants violated Business and Professions Code § 17200 in the following respects:

    a)     Defendants' operation of the SCHEME included use of the U.S. Postal Service and bank wire transfers across State lines, with the specific intent to deceive and defraud Plaintiff in violation of 18 U.S.C § 1341 and § 1343 and, consequently, constitutes an unlawful business act or practice within the meaning of California Business and Professions Code § 17200.

    b)     Defendants' false promises, made without the intent to perform as described above, violates California Civil Code § 1572 and, consequently, constitutes an unlawful business act or practice within the meaning of California Business and Professions Code § 17200.

    c)     The harm to Plaintiff and to members of the general public outweighs the utility of Defendants' policies and/or practices and, consequently, Defendants' policies

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

COMPLAINT     18

and/or practices described above constitute unfair business acts or practices within the meaning of Business and Professions Code § 17200.

d)    Defendants' policies/practices described above are likely to mislead the general public and, consequently, constitute a fraudulent business act and/or practice within the meaning of California Business and Professions Code § 17200.

89.    The unlawful and fraudulent business acts and/or practices of Defendants present a continuing threat to members of the public in that Defendants continue to operate in the real estate investment exchange industry and continue to collect and hold the funds of its clients for their own benefit.

90.    As a direct and proximate result of the aforementioned acts, Defendants received and continue to hold sums of money belonging to their clients.  In addition, Defendants continue to hold an interest in the specific sum of money belonging to Plaintiff, as described above, and have refused to return said sum.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### Constructive Trust
### (Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 through 50)

91.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 90 of this Complaint as though fully set forth herein.

92.    Plaintiff's deposit of exchange proceeds in the amount of $1,365,294.58 was to be held in trust by Defendants, and each of them, Tax Group, or its subsidiaries, until completion of Plaintiff's 1031 exchange transaction, at which time Plaintiff's exchange proceeds were to be distributed as directed by Plaintiff.

93.    By virtue of the fraudulent acts of Defendants as described herein, Defendants

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*                    19

1  hold Plaintiff's exchange proceeds as a constructive trustee for Plaintiff's benefit.

2      WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as

3  hereinafter set forth.

4                    **NINTH CAUSE OF ACTION**
                        **Recovery Against Bond**
5                   **(Defendants DOES 1 through 5)**

6

7      94.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 93

8  of this Complaint as though fully set forth herein.

9      95.    Plaintiff is informed and believes and thereon alleges that, in the regular course of

10  business as described herein, Defendants OKUN, HOLDINGS, IPOA, SIMRING, DOES 6

11  through 50, and Tax Group, obtained a bond from Defendants DOES 1 through 5 in the amount

12
13  of $20,000,000.00.

14      96.    Plaintiff is informed and believes and thereon alleges that, in the regular course of

15  business as described herein, Defendants OKUN, HOLDINGS, IPOA, SIMRING, DOES 6

16  through 50, and Tax Group, obtained another separate bond from Defendants DOES 1 through 5

17  in the amount of $15,000,000.00.

18
19      97.    Plaintiff is informed and believes and thereon alleges that the beneficiary of said

20  bond is a class of persons which class includes clients of Defendants and Tax Group, its agents,

21  or subsidiaries.

22      98.    Plaintiff is a client of Defendants and Tax Group, its agents or subsidiaries.

23
24      99.    Plaintiff is informed and believes and thereon alleges that said bonds are

25  applicable to harms suffered by clients of Defendants and Tax Group, its agents or subsidiaries

26  as a result of the wrongful actions of Defendants and Tax Group, its agents or subsidiaries, as

27  described herein.

28      100.   Plaintiff has in fact suffered harm as a result of the wrongful actions of

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*                    20

1   Defendants and Tax Group, its agents or subsidiaries, as described above.

2        Plaintiff is entitled to recovery from the surety, DOES 1 through 5, in the amount of the

3   damage suffered, to be proved at trial, not to exceed the value of the bond.

4        WHEREFORE, Plaintiff seeks judgment, as follows:

5   FIRST CAUSE OF ACTION – RICO VIOLATION

6        1.    For actual and compensatory subject to proof at trial and believed to be at least

7   $1,365,294.58;

8        2.    For treble damages;

9        3.    For attorney's fees and costs;

10       4.    For prejudgment interest at the legal rate.

11  SECOND CAUSE OF ACTION - FRAUD

12       1.    For general and compensatory damages subject to proof at trial;

13       2.    For prejudgment interest at the legal rate;

14       3.    For punitive damages.

15  THIRD CAUSE OF ACTION – CONVERSION

16       1    For actual damages subject to proof at trial, and believed to be at least

17  $1,365,294.58;

18       2.    For consequential damages;

19       3.    For prejudgment interest at the legal rate;

20  FOURTH CAUSE OF ACTION – CONSPIRACY

21       1.    For general and compensatory damages subject to proof at trial;

22       2.    For prejudgment interest at the legal rate;

23       3.    For punitive damages.

24  FIFTH CAUSE OF ACTION – BREACH OF CONTRACT

25       1.    For actual damages subject to proof at trial, and believed to be at least

26  $1,365,294.58;

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*                    21

2.      For expectation damages;

3.      For attorney's fees and costs;

4.      For prejudgment interest at the legal rate.

SIXTH CAUSE OF ACTION – NEGLIGENCE

1.      For general damages in an amount subject to proof at trial;

2.      For compensatory damages;

3.      For prejudgment interest at the legal rate.

SEVENTH CAUSE OF ACTION – B&P § 17200 VIOLATION

1.      For a preliminary and permanent injunction as against the unfair business practices of Defendants;

2.      For an order directing Defendants to restore to the general public and to the Plaintiff all funds acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair business practices;

3.      For attorney's fees pursuant to California Code of Civil Procedure § 1021.5;

4.      For prejudgment interest at the legal rate.

EIGHTH CAUSE OF ACTION – CONSTRUCTIVE TRUST

1.      For an Order that Defendants hold the sum of $1,365,294.58 in trust for Plaintiff;

2.      For an Order compelling Defendants to return to Plaintiff the sum of $1,365,294.58.

NINTH CAUSE OF ACTION – RECOVERY ON BOND

1.      For an Order directing Defendants to pay to Plaintiff the sum of no less than $1,365,294.58;

2.      For attorney's fees and costs.

AS TO ALL CAUSES OF ACTION:

1.      For an Order that Defendants, and each of them, are obligated to indemnify and hold Plaintiff harmless from fees, costs, damages, interest and penalties arising from Plaintiff's

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*                                          22

1  efforts to rectify the Defendants' wrongdoings;

2       2.     For costs of suit; and

3       3.     For such other and further relief as the Court deems just and proper.

4

5  DATED: May 29 , 2007                THE PARR LAW GROUP

6

7

8                                    SHAWN R. PARR

9                                    Attorneys for Plaintiff ANITA HUNTER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*COMPLAINT*                    23