LAW OFFICES OF BRANDON A. BLOCK
Brandon A. Block (State Bar No. 215888)
6535 Wilshire Boulevard
Suite 203
Los Angeles, California 90048
Telephone: 310.562.7749
Facsimile: 310.496.1420

Attorneys Appearing Specially for Defendants
EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, and RICHARD B. SIMRING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANITA HUNTER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LCC, RICHARD B. SIMRING, and DOES 1 through DOES 50, inclusive,<br><br>　　　　　Defendants. | CASE NO. C07 02795 JW<br><br>**SPECIALLY-APPEARING DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. P. 12(b)(2)]<br><br>Date:　　　　September 17, 2007<br>Time:　　　　9:00 a.m.<br>Courtroom:　8, 4th Floor<br>Judge:　　　Hon. James Ware<br><br>[Declarations of Edward H. Okun and Richard B. Simring and [Proposed] Order filed concurrently herewith] |

---

SPECIALLY-APPEARING DEFENDANTS' MOTION TO DISMISS—CASE NO. C07 02795 JW

# NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on September 17, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the above-entitled Court located at 280 South 1st Street, 4th Floor, San Jose, California 95113, defendants Okun Holdings, Inc., Investment Properties of America, LLC, Edward H. Okun and Richard B. Simring (collectively, "Defendants") will, and hereby do, move this Court for an order dismissing plaintiff Anita Hunter's ("Plaintiff") Complaint without leave to amend.

This Motion is made pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on the grounds that Defendants do not have sufficient contacts with California—either generally or with respect to the subject matter of the Complaint—to subject them to jurisdiction in this State. This Motion is based upon this Notice of Motion and Motion to Dismiss, the attached Memorandum of Points and Authorities, the concurrently-filed Declarations of Edward H. Okun and Richard B. Simring, the concurrently-filed proposed order, the pleadings and records on file herein, such further papers as may be filed in connection with this Motion and on such further evidence and argument as may be presented at the hearing on this Motion.

Counsel for Defendants has conferred with Plaintiff's counsel and the scheduled hearing date will not cause Plaintiff's counsel undue prejudice.

Dated: June 29, 2007

Respectfully submitted,

**LAW OFFICES OF BRANDON A. BLOCK**

By: _____/s/_____
Brandon A. Block

Attorneys Appearing Specially for Defendants
EDWARD H. OKUN, OKUN HOLDINGS, INC.,
INVESTMENT PROPERTIES OF AMERICA,
LLC, and RICHARD B. SIMRING

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plaintiff Anita Hunter's ("Plaintiff") Complaint should be dismissed in its entirety for lack of personal jurisdiction. Defendants Okun Holdings, Inc. ("Holdings"), Investment Properties of America, LLC ("IPofA"), Edward H. Okun and Richard B. Simring (collectively, "Defendants") are not domiciled in California, and they do not do business in California or otherwise have minimum contacts with this State. Additionally, this action does not concern any purported wrongdoing by Defendants. Rather, it is premised solely on alleged acts by *nonparties* 1031 Advance, Inc. ("Advance") and its parent company, The 1031 Tax Group, LLC ("Tax Group"). The Complaint's only factual allegations tying the conduct of these nonparties to Defendants are that Mr. Okun is a member and Mr. Simring was an officer of Tax Group, a *Delaware* limited liability company. These allegations, however, plainly are insufficient as a matter of law to support jurisdiction over Mr. Okun, Mr. Simring or the other Defendants. Accordingly, the Complaint should be dismissed without leave to amend.

## II.     STATEMENT OF JURISDICTIONAL FACTS

### A.     Defendants Lack Of Contacts With California

#### 1.     The Corporate Defendants

Holdings is incorporated under Virginia law and it maintains its headquarters in Richmond, Virginia. Declaration of Edward H. Okun ("Okun Decl.") ¶ 2; Complaint ¶ 12. It is qualified to do business only in Virginia. Okun Decl. ¶ 2. While Holdings was formed to be a holding company, it never has maintained any ownership interest in any subsidiary company, never has had any assets, and never has operated, conducted, engaged in or carried on any business. Id. Holdings is not a parent or subsidiary company of Tax Group or Advance. Id. ¶ 27.

IPofA is a real estate investment and management company organized under Virginia law, and it maintains its headquarters in Richmond, Virginia. Okun Decl. ¶ 11; Complaint ¶ 13. It is qualified to do business only in Virginia and Indiana. Okun Decl. ¶ 11. IPofA never has operated, conducted, engaged in or carried on any business in California. Id. IPofA is not a parent or subsidiary company of Tax Group or Advance. Id. ¶ 27.

Neither Holdings nor IPofA otherwise has any contacts with California. They never have had an office or business agent in California. They never have had a mailing address, telephone number or bank account in California. They never have owned any real or personal property in California. They never have advertised in California. They never have made or sold goods or services to residents of California. They never have designated an agent for service of process in California. They never have paid or been assessed any taxes by the State of California. And they never have commenced a legal action in a court located in California. Okun Decl. ¶¶ 3-10, 12-19.

### 2. The Individual Defendants

Mr. Okun and Mr. Simring are residents of Florida. Okun Decl. ¶ 20; Declaration of Richard B. Simring ("Simring Decl.") ¶ 2; Complaint ¶¶ 10, 15. Neither of these persons has any contacts with California. They do not have a residence, mailing address, telephone number, bank account, investment account, office, agents or a place of business in California. They do not operate, conduct, engage in or carry on any business in California. They do not own, lease or possess any real property in California. They do not pay income or property taxes to the State of California. And they never have commenced a legal action in a court located in California. Okun Decl. ¶¶ 21-25; Simring Decl. ¶¶ 3-7.

### B. Defendants' Lack Of Involvement In The Conduct Alleged In The Complaint

The central contention in Plaintiff's Complaint is that Advance, a California corporation, breached its obligations as a "qualified intermediary" under a Real Property Exchange Agreement (the "Agreement") governing Plaintiff's tax-deferred "1031 exchange" of real property. Complaint ¶ 35, Ex. A, p. 1; see id. ¶ 40.[1] In particular, Plaintiff contends that Advance failed to return exchange proceeds in its possession. Id. ¶ 40. Based solely on this alleged breach by Advance,

---

[1] A "1031 exchange" is made pursuant to Internal Revenue Code section 1031, which provides that that "[n]o gain or loss shall be recognized on the exchange of property held for productive use in a trade or business or for investment if such property is exchanged solely for property of like kind which is to be held either for productive use in a trade or business or for investment." 26 U.S.C. § 1031(a)(1). A "qualified intermediary" provides the mandatory mechanics of a 1031 exchange. The sale proceeds of the property go directly to the qualified intermediary, who holds them until they are needed to acquire replacement property. The qualified intermediary then delivers the funds directly to the closing agent who deeds the replacement property to the taxpayer.

- 2 -
SPECIALLY-APPEARING DEFENDANTS' MOTION TO DISMISS—CASE NO. C07 02795 JW

Plaintiff purports to assert a nationwide class action against Tax Group—Advance's parent company and a nonparty to the Agreement—and all of Tax Group's "subsidiaries." Id. ¶ 28.

But Plaintiff has *not* named Advance, Tax Group or any of its "subsidiaries" as a defendant in this action. Instead, Plaintiff has sued Defendants—persons and entities who are not parties to the Agreement and otherwise have had no dealings with Plaintiff.[2]

### III.    ARGUMENT

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes the Court to dismiss Plaintiff's Complaint in its entirety if it finds that Defendants are not subject to personal jurisdiction in California. Fed. R. Civ. P. 12(b)(2). Plaintiff has the burden of establishing that jurisdiction exists as to each Defendant. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). Plaintiff cannot meet her burden through conclusory allegations. Rather, she must allege well-pled *facts* establishing all of the necessary jurisdictional bases. China Technology Global Corp. v. Fuller, Tubb, Pomeroy & Stokes, No. C 05-01793 JW, 2005 WL 1513153, at *2-3 (N.D. Cal. June 27, 2005) (Ware, J.). Further, in assessing Plaintiff's showing, the Court may consider evidence presented in Defendants' affidavits. Doe v. Unocal, 248 F.3d 915, 922 (9th Cir. 2001) (citation omitted). And the allegations in Plaintiff's Complaint, if contradicted by Defendants' affidavits, are insufficient. See, e.g., Pena v. Valo, 563 F. Supp. 742, 747 (C.D. Cal. 1983) (holding that Plaintiff failed to make a *prima facie* showing of jurisdiction where he relied only on conclusory allegations in his complaint in response to allegations in defendants' affidavits).

Where, as here, there is no applicable federal jurisdictional statute, the Court has personal jurisdiction over Defendants to the extent permitted by California's long-arm statute. Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long-arm statute permits a court to exercise personal jurisdiction over a nonresident defendant to the extent permitted by the

---

[2] Plaintiff alleges that the Agreement is entered into between her and Defendants. Complaint, ¶ 35. The Agreement, however, is attached to the Complaint as Exhibit A and it states that it is entered into by and between Plaintiff *and Advance*. Id., Ex. A, p. 1. It is well-settled that the facts set forth in the Agreement control over Plaintiff's inconsistent allegations in her Complaint. Thompson v. Illinois Dept. of Prof. Reg., 300 F.3d 750, 754 (7th Cir. 2002) ("(W)hen a written instrument contradicts allegations in a complaint to which it is attached, *the exhibit trumps the allegations.*") (emphasis in original; citation and internal quotation marks omitted).

LAW OFFICES OF BRANDON A. BLOCK
6535 WILSHIRE BOULEVARD, SUITE 203, LOS ANGELES, CALIFORNIA 90048

Due Process Clause of the United States Constitution. See Cal. Civ. Proc. Code § 410.10. In order to satisfy due process requirements, each of the Defendants must have "minimum contacts" with California such that the maintenance of this suit here "does not offend the traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

Personal jurisdiction may take the form of "general" or "specific" jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). Where there is general jurisdiction, the Court can exercise jurisdiction as to any cause of action, even if unrelated to Defendants' activities within California. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477-78, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). Otherwise, the Court may exercise specific jurisdiction over Defendants only if there is a direct relationship between Defendants' contacts with California and Plaintiff's claims in her Complaint. Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1477 (9th Cir. 1986). As detailed below, neither general nor specific jurisdiction exists over any of the Defendants.

## A.   None Of The Defendants Are Subject To General Jurisdiction.

Because Defendants are not domiciled in California, they may be subject to general jurisdiction only if their activities in this State are "substantial" or "continuous and systematic." Helicopteros, 466 U.S. 408, 414-416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). The standard for establishing general jurisdiction is "fairly high" and Defendants' contacts must be of the sort that "approximate *physical presence*" in California. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted; emphasis added); see Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) ("[a finding of general jurisdiction] is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world"); see also Congoleum Corp. v. DLW Aktiengesellschaft, 729 F.2d 1240, 1242-43 (9th Cir. 1984) (foreign corporation's sales and marketing efforts in forum state, including solicitation of orders, promotion of products to potential customers through the mail and through showroom displays, and attendance at trade shows and sales meetings, held insufficient to assert general jurisdiction).

1    Defendants' contacts with California are far from continuous and systematic contacts of the sort that approximate physical presence in this State. The corporate Defendants—Holdings and IPofA—are not incorporated or organized under California law, are not headquartered in California and are not qualified to do business here. They never have operated, conducted, engaged in or carried on any business in California. They never have had an office or business agent in California. They never have had a mailing address, telephone number or bank account in California. They never have owned any real or personal property in California. They never have advertised in California. They never have made or sold goods or services to residents of California. They never have designated an agent for service of process in California. They never have paid or been assessed any taxes by the State of California. And they never have commenced a legal action in a court located in California. Okun Decl. ¶¶ 2-19.

   The individual Defendants—Mr. Okun and Mr. Simring—are not California residents, and they do not have a residence, mailing address, telephone number, bank account, investment account, office, agents or a place of business in California. They do not operate, conduct, engage in or carry on any business in California. They do not own, lease or possess any real property in California. They do not pay income or property taxes to the State of California. And they never have commenced a legal action in a court located in California. Okun Decl. ¶¶ 20-25; Simring Decl. ¶¶ 2-7. Under these circumstances, none of the Defendants are subject to general jurisdiction in California.

**B.   None Of The Defendants Are Subject To Specific Jurisdiction.**

   Since Defendants are not subject to general jurisdiction, this action should be dismissed unless Plaintiff demonstrates a sufficient nexus between her claims and Defendants activities within California such that specific jurisdiction is proper. Burger King, 471 U.S. at 472. In this regard, Ninth Circuit precedent requires Plaintiff to allege facts establishing: (1) Defendants have purposefully availed themselves of the benefits and protections of California law; (2) Plaintiff's claims arise directly out of Defendants' contacts with California; *and* (3) the exercise of jurisdiction over Defendants is reasonable. Bancroft, 223 F.3d at 1086. Plaintiff has not alleged, nor can she allege, facts establishing any of these requirements.

### 1. Defendants Have Not Purposefully Availed Themselves Of The Benefits And Protections Of California Law.

Defendants may be deemed to have "purposefully availed" themselves of the benefits and protections of California law only if they have purposefully directed activities at residents of California or purposefully availed themselves of the privilege of conducting activities within California. Hanson v. Denckla, 357 U.S. 235, 253-54, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958); see Figi Graphics, Inc. v. Dollar Gen. Corp., 33 F. Supp. 2d 1263, 1266 (S.D. Cal. 1998) ("purposeful availment" means "deliberate action" toward forum state) (citing Ballard, 65 F.3d at 1498). This requirement ensures that Defendants will not be haled into this Court based upon "random, fortuitous or attenuated" contacts with California. Burger King, 471 U.S. at 475.

Defendants' contacts with California are, at best, random and fortuitous because they do not conduct any business or other activities within California, and they have not engaged in any business or activities purposefully directed at California residents. See Okun Decl. ¶¶ 21-25; Simring Decl. ¶¶ 3-7. Further, the Complaint does not allege any facts such that the activities in California of any other person or entity are attributable to Defendants. The Complaint's only factual allegations seeking to create such a link are that Mr. Okun is a member and Mr. Simring was an officer of *non-party* Tax Group. Complaint ¶¶ 14-15. But Tax Group is a *Delaware* limited liability company that maintains its principal place of business in Richmond, Virginia. Okun Decl. ¶ 26. And its mere ownership of Advance, a California corporation, is insufficient to subject Tax Group—let alone Defendants—to personal jurisdiction in California. See Transure, Inc. v. Marsh & McLennan, Inc., 766 F.2d 1297, 1299 (9th Cir. 1985) ("[T]he existence of a parent-subsidiary relationship is insufficient to establish personal jurisdiction over companies."); Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 139 (1st Cir. 2006) ("The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its non-resident parent, even if the parent is the sole owner of the subsidiary. There is a presumption of corporate separateness that must be overcome by clear evidence.").

Additionally, discovery would not reveal any facts linking Defendants to activities in California such that jurisdiction is proper. Holdings has never done any business in California or

elsewhere, and it is not a parent or subsidiary company of Advance. Okun Decl. ¶¶ 2, 27. While IPofA does business, it have never done so in California, and IPofA is not a parent or subsidiary company of Advance. Id. ¶¶ 11, 27. Neither Holdings nor IPofA has ever controlled Advance's day-to-day operations. Id. ¶ 27. Mr. Okun is the sole owner and officer of Advance, but he has never run or operated Advance, and he has never been involved in its day-to-day operations.[3] Id. ¶ 29. Finally, Mr. Simring has never been an owner of Advance, and he has never been involved in its day-to-day operations. Simring Decl. ¶ 8.[4] Put simply, none of the Defendants have purposefully availed themselves of the benefits and protections of California law.

### 2. Plaintiffs' Claims Do Not Arise Out Of Any California-Related Activities By Defendants.

Plaintiff's claims may be deemed to arise out of Defendants' contacts with California only if "but for" these contacts, Plaintiff would not have sustained her purported injury. Terracom v. Valley Nat'l Bank, 49 F.3d 555, 561 (9th Cir. 1995). Defendants' activities, if "too attenuated" to Plaintiff's alleged injury, will not satisfy this standard. Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1041 (9th Cir. 1997).

Defendants' nearly non-existent contacts with California are far too attenuated to Plaintiff's alleged injury to satisfy the "but for" test. As noted above, the Complaint's only factual allegations attempting to link Defendants to California are that Mr. Okun is a member and Mr. Simring was an officer of Tax Group and Tax Group is the parent company of Advance, a California corporation. Complaint ¶¶ 14-15, 34. Even assuming the truth of these contentions, they do not establish—or even tend to establish—that: (a) Tax Group, a Delaware entity, undertook any activities in California; or (b) "but for" Mr. Okun's and/or Mr. Simring's involvement with Tax Group, she would not have sustained her purported injury. Furthermore, as just detailed, discovery would not aid Plaintiff in establishing that her injuries arise out of any of the Defendants' activities (or lack

---

[3] Advance was previously operating as a qualified intermediary when it was acquired by Mr. Okun's interests in 2005. The prior owners were retained as management. Okun Decl. ¶ 28.

[4] Mr. Simring has never even been to Advance's office in California, nor does he know its address. Simring Decl. ¶ 8.

1 thereof) in California. Plaintiff's purported injuries simply do not arise out of any forum-related activities by Defendants.

### 3. Exercising Jurisdiction Over Defendants Would Be Unreasonable.

The exercise of jurisdiction over Defendants must be "reasonable." Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113-16, 107 S. Ct. 1026 (1987). In determining whether jurisdiction over Defendants is "reasonable," the Court must balance the following factors: (1) the extent of Defendants' "purposeful" interjection into California; (2) the burden on Defendant in defending in California; (3) the extent of conflict with the sovereignty of the Defendants' States; (4) California's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of California to Plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. Core-Vent Corp. v. Nobel Indus., 11 F.3d 1482, 1485 (9th Cir. 1993).

Balancing these factors, it would be unreasonable to exercise jurisdiction here. Defendants have not purposefully interjected themselves into California. See Okun Decl. ¶¶ 2-29; Simring Decl. ¶¶ 2-8. Yet they would face an extreme and undue burden if they were forced to defend themselves here. Defendants would incur substantial inconvenience and expense in traveling to California, and producing documents and witnesses here, nearly all of which would be located in Virginia and Florida. Even if Plaintiff's burden in traveling to Virginia and Florida equals Defendants' burden, and it would not, this factor tips in favor of Defendants because the law of personal jurisdiction is "primarily concerned with the defendant's burden." Terracom, 49 F.3d at 561. Further, since most of the parties, witnesses and documents are located in Virginia and Florida, California is not the most efficient forum to resolve this controversy. Finally, Plaintiff may pursue her claims against Defendants in alternative forums—Virginia and Florida.

///

///

///

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Court should dismiss the Complaint without leave to amend.

Dated: June 29, 2007

Respectfully submitted,

**LAW OFFICES OF BRANDON A. BLOCK**

By: _____/s/_____
  Brandon A. Block

Attorneys Appearing Specially for Defendants EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, and RICHARD B. SIMRING