**PARR LAW GROUP**
SHAWN R. PARR (SBN 206616)
KATHLEEN CARD (SBN 164083)
NATALIA LITCHEV (SBN 230775)
SUJATA T. REUTER (SBN 232148)
150 Almaden Boulevard, Suite 1380
San Jose, California 95113
Telephone: (408) 267-4500
Facsimile:  (408) 267-4535

Attorney for Plaintiff and Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANITA HUNTER, | CASE NO.   C07 02795 JW |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS OR, ALTERNATIVELY, REQUEST FOR CONTINUANCE & ORDER AUTHORIZING DISCOVERY** |
| v. | |
| EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, RICHARD B. SIMRING, and DOES 1 through DOES 50, inclusive, | Date:          September 24, 2007<br>Time:          9:00 A.M.<br>Courtroom: 8, 4th Floor<br>Judge:        Hon. James Ware |
| Defendants. | |

**I.**

**INTRODUCTION**

Plaintiff, a California resident, filed a Complaint in the United States District Court for the Northern District of California, San Jose Division, against Defendants for, among other things, RICO violation, fraud and breach of contract. Plaintiff alleges Defendants' pervasive contacts with California, and alter ego liability of Defendants and a third party, The 1031 Tax Group ("Tax Group"), and its San Jose office, 1031 Advance, Inc. ("Advance").  Tax Group and Advance operated a 1031 exchange business in California and are currently in bankruptcy.

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

1

*PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, ETC.*

1   Defendants challenge this Court's exercise of personal jurisdiction over them on the
2   grounds that the exercise of personal jurisdiction violates the general standards of due process
3   under the United States Constitution.  Defendants allege that they lack sufficient contacts with
4   the forum State to allow the Court to assert general or specific jurisdiction. Defendants do not
5   contest Plaintiff's alter ego allegations, including Plaintiff's claim that the alter egos of
6   Defendants had sufficient contacts with the State; they merely state that they were not involved
7   in the day-to-day operations.

8   Preliminary evidence establishes a *prima facie* showing of minimum contacts with the
9   forum State through an alter ego theory of liability and/or the exercise of nationwide personal
10   jurisdiction available in RICO actions. The Court may exercise jurisdiction over Defendants
11   because the alter egos of Defendants had contacts with the forum State sufficient for exercise of
12   general and/or specific jurisdiction over them. Additionally, one of the Defendants had
13   independent contacts with California, so consistent and systematic as to allow exercise of general
14   jurisdiction.

15   In the event that the Court deems the preliminary evidence insufficient to allow the Court
16   to establish jurisdiction, Plaintiff requests that the Court grant a continuance of this hearing and
17   order that jurisdictional discovery may be conducted based on a colorable showing of
18   jurisdiction.

19   **II.**

20   **LEGAL ARGUMENT**

21   **A.    PLAINTIFF MADE A PRIMA FACIE SHOWING OF PERSONAL
22         JURISDICTION BY SHOWING THAT DEFENDANTS ARE THE
23         ALTER EGO OF A BUSINESS HAVING MINIMUM CONTACTS
24         WITH CALIFORNIA.**

25   When a defendant's motion to dismiss is made as its initial response, and no evidentiary
26   hearing is held, plaintiff need only make a *prima facie* showing that personal jurisdiction exists.
27   Ballard v Savage, 65 F.3d 1495, 1498 (9th Cir 1995); Data Disc, Inc. v. Systems Technology

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

*PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, ETC.*

1    Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977) To make a *prima facie* showing, plaintiff need

2    only demonstrate facts that, if true, would support jurisdiction over the defendant. Ballard v.

3    Savage, 65 F.3d 1495, 1498 (9th Cir. 1995).

4        Uncontroverted allegations in the complaint are deemed true. WNS, Inc. v. Farron, 884

5    F.2d 200, 204 (5th Cir. 1989).

6        Here, such a *prima facie* showing has been made by showing that Defendant OKUN,

7    HOLDINGS, IPOfA and SIMRING had minimum contacts with California, sufficient to

8    establish personal jurisdiction over them.

9

10       **1.**     **A Prima Facie Showing of Personal Jurisdiction Over**
                  **Non-Resident Defendants through Alter Ego Liability is**

11                      **Shown by a Unity of Interests Between Contesting**
                    **Defendants and a Resident Third Party and by a**

12                      **Showing of Injustice.**

13        This Court has personal jurisdiction over all Defendants in the case at bar because

14    Defendants are the alter ego of Tax Group, now in bankruptcy, whose San Jose, California,

15    office, Advance, was a 1031 exchange qualified intermediary doing business in California.

16        Under the body of federal law governing the exercise of *in personam* jurisdiction, it is

17    well established that if a corporation is the alter ego of an individual defendant, or one

18    corporation the alter ego of another, the Court may "pierce the corporate veil" jurisdictionally

19    and attribute "contacts" accordingly. Ado Finance, AG v. McDonnell Douglas Corp., 931 F.

20    Supp. 711, 715 (D. Cal. 1996), citing  Certified Building Products, Inc. v. NLRB, 528 F.2d 968

21    (9th Cir. 1975).

22

23        In Ado Finance, the Court stated that "if a corporation is an alter ego of an individual or

24    another corporation, then the district court may disregard the corporate form and exercise

25    personal jurisdiction over the other individual or entity." Ado Finance, 931 F.Supp. at 715. The

26    Court further stated that the corporate form may be ignored in cases in which the corporation is

27    the agent or alter ego of the individual defendant or where there is an identity of interests

28    between the corporation and the individuals. Ado Finance, 931 F.Supp. at 715, referring to Davis

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

3

*PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, ETC.*

1  v. Metro Productions, Inc., 885 F.2d 515, 520-21  (9th Cir. 1989), citing Dietal v. Day, 16 Ariz.

2  Appl. 206, 492 P.2d. 455, 457 (1972); Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.,

3  880 F. Supp. 743, 750 (C.D.Cal. 1995).

4       In Ado Finance, the contesting defendants claimed that the court was without jurisdiction

5  over them because there was no factual basis to pierce the corporate veil, because there was no

6  evidence of bad faith or fraud, because the corporation was always adequately capitalized,

7  because the corporation adequately observed all corporate formalities, because there had been no

8  "asset stripping" by the corporation, because the contesting defendants had never agreed to be

9  responsible for the corporation's debts, and because the contesting defendants were never

10  employees, officers, directors or agents of the corporation, nor even its shareholders, having only

11  indirect share interest though holding companies. Despite the contentions of contesting

12  defendants, the Court denied their motion to dismiss, holding that where there is personal

13  jurisdiction over one defendant, and a *prima facie* showing is made that defendant is the alter ego

14  of the contesting defendants, then the Court has personal jurisdiction over the contesting

15  defendants. Ado Finance, 931 F.Supp. at 717. The court, utilizing a two prong test,  based its

16  finding of a successful *prima facie* showing of personal jurisdiction through alter ego liability

17  through 1) evidence of unity of interest between the corporation and the contesting defendants

18  and 2) evidence that failure to pierce the corporate veil would result in fraud or injustice. Ado

19  FInance, 931 F.Supp. at 717-719.

20

21              a.      *A unity of interest exists between Defendants OKUN,*
22                      *IPofA, HOLDINGS and SIMRING under the Ado Finance*
23                      *test.*

24       In Ado Finance, AG v. McDonnell Douglas Corp., 931 F. Supp. 711, 715 (D. Cal. 1996),

25  evidence of a unity of interest existing between the contesting defendants and the resident

26  corporation was sufficient when a showing was made that the sole *legal* owner of the

27  corporation's shares and the sole *beneficial* owner of the corporation's shares were two

28  companies solely owned by the contesting defendants, who dominated and controlled activities

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

4

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, ETC.

1  of the resident corporation, while the CEO had no actual control.

2      Here, the situation is almost identical. Third party Tax Group's San Jose Office,

3  Advance, was "acquired by [Defendant OKUN'S] interests." (Decl. of OKUN 2:26) Defendant

4  OKUN is the "sole owner and officer" of Advance. (Decl. of OKUN 3:1) Advance is a

5  subsidiary of Tax Group, and Tax Group is wholly owned by Defendant HOLDINGS. (Decl. of

6  PARR 2:4-9, Exhibit 1) Defendant HOLDINGS, in turn, is wholly owned by Defendant OKUN.

7  (Decl. of OKUN 1:3-4) Thus, Defendant OKUN had sole control and management over the

8  affairs of Advance and Defendant HOLDINGS.

9      Further, address of Advance on the California Secretary of State's website is identical to

10  the address of IPOfA, HOLDINGS, and Tax Group. Decl. of Parr, 3:24-28, 4:1-8.

11

12      In addition, Defendant OKUN and Defendant SIMRING dominated the management and

13  operations of Advance and Tax Group. Defendant OKUN, as sole owner of both the subsidiary

14  and parent companies, dominated the activities of Advance and Tax Group. Defendant OKUN

15  undertook such managerial decision making as appointing Defendant SIMRING as the Chief

16  Executive Officer of Tax Group and its subsidiaries, inclusive of the San Jose Office in

17  California, to the extent that instructions were given by Defendant OKUN to all subsidiaries to

18  *only* act upon Defendant SIMRING's instructions. (Decl. of HUNTER 2:25, 3:1-7) Further, Tax

19  Group, controlled by OKUN, issued unsecured promissory notes to HOLDINGS, controlled by

20  OKUN, in the amount of $132,000,000.00. Decl. of PARR 2:10-13, 2:20-24) It is easy to infer

21  that an unsecured note for $132,000,000 with the payment term "on demand" would be given by

22  a lender to an entity only if that entity is an alter ego of the lender.

23      Finally, OKUN reported the income of the subsidiaries on his personal tax return. (Decl.

24  of PARR 3:1-5).

25      Thus, a unity of interest existed between Defendants OKUN, IPofA, HOLDINGS and

26  SIMRING under the <u>Ado Finance</u> test.

27

28              *b.    Failure to pierce the corporate veil will result in fraud or injustice*
                      *under the <u>Ado Finance</u> test.*

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

5

1    In <u>Ado Finance</u>, <u>supra</u>, the evidence that failure to pierce the corporate veil would result

2    in fraud or injustice was sufficient in that the contesting defendants dominated the corporation

3    and stripped it of its assets. Moreover, plaintiff proffered evidence that the corporation has spun

4    off subsidiaries for less than their true value, and siphoned off liquid assets by loaning substantial

5    sums of money to its holding company, and dramatically reduced its share capital by more than

6    half..

7    Here, the facts are substantially similar. Tax Group, controlled by OKUN, issued

8    unsecured promissory notes to HOLDINGS, controlled by OKUN, in the amount of

9    $132,000,000.00 and virtually stripped the assets of Tax Group and Advance by taking

10   $132,000,000.00, which companies are both in bankruptcy. (Declaration of PARR 2:13-17)

11   Defendants exploited HOLDINGS and Advance by "borrowing" unsecured monies.  They then

12   threw the empty corporate and LLC shells to the bankruptcy trustee and now, apparently,

13   suggest, without making an affirmative contention, that no personal jurisdiction exists because

14   the alter ego of a named defendant is in bankruptcy. Defendants cite no authority for such

15   suggestion.

16

17   At the same time, the Defendants who are not in bankruptcy continue to enjoy their

18   bounty and are trying to escape liability in California by using their stacking-doll like business

19   structure as a defense against this Court's exercise of personal jurisdiction over them.

20   Not to allow piercing of the corporate veil between OKUN, HOLDINGS, IPOfA on the

21   one hand and Tax Group and Advance on the other, would cause great injustice to California

22   residents, who lost their money entrusted to Advance and Tax Group.

23

24   Therefore, Plaintiff made a sufficient *prima facie* showing to allow the Court to exercise

25   *in personam* jurisdiction through pleading Defendants' unity of interest with Tax Group and

26   Advance, the latter having sufficient contact with California. In addition, Plaintiff has made a

27   sufficient showing that injustice would occur if the Defendants were allowed to avoid personal

28   jurisdiction in California.

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

6

*PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, ETC.*

1    **2.    Defendants' Contact With California though Tax**
2    **Group and Advance Was Substantial so as to Warrant**
    **the Exercise of General Jurisdiction Over Them.**

3    General jurisdiction over a non-resident defendant is found if a foreign defendant's

4    activities in the forum are substantial, continuous and systematic. <u>Ado Finance, AG v.</u>

5    <u>McDonnell Douglas Corp.</u>, 931 F. Supp. 711, 714-715 (D. Cal. 1996), citing <u>Perkins v. Benguet</u>

6    <u>Consolidated Mining Co.</u>, 342 U.S. 437, 446 (1952).

7    Defendants, through Tax Group and Advance, marketed to and did business with

8    Californians related to providing qualified intermediary services for California residents

9    engaging in the process of real estate exchanges. (Decl. of Hunter, 1:24-28, 2:1-2, ¶¶3, 4.)

10    Advance was registered by the California Secretary of State. (Decl. of Parr, Exhibit 4.)

11    Defendants, through Tax Group and Advance engaged in marketing of their 1031

12    exchange services to the residents of California, such as placing ads in local Yellow Pages and

13    engaging services of professional marketing companies, as is evidenced from the list of creditors

14    of Tax Group. (Decl. of Parr, 3:6-11, ¶10.)

15    Furthermore, Tax Group had an insurance broker in California, through which tax Group

16    secured a bond for $10,000,000, which it displayed to California residents via internet. Decl. of

17    Parr, 2:26-28, ¶8.

18    Lastly, Defendant IPOfA advertised and sold tenancy in common interests in its real

19    property to California residents, and employed brokers to market and sell said interests in

20    California. Decl. of Hunter, 3:8-16, ¶11.

21    Courts have found general jurisdiction on much lesser contact. The 9th circuit court in

22    <u>Ballard</u>, supra, acquiesced in the Third Circuit court's decision in  <u>Provident Nat'l Bank v.</u>

23    <u>California Fed. Sav. & Loan</u>, 819 F.2d 434 (3d Cir. 1987), where the court found general

24    jurisdiction over a California bank where the only meager connections to Pennsylvania were

25    that: (1)  .066 percent of its depositors were Pennsylvania residents; (2) .071 percent in

26    outstanding loans were traceable to Pennsylvania residents; (3) it maintained a "zero balance"

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

7

*PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, ETC.*

1  account with Mellon Bank in Pittsburgh to clear its California checks cashed in Pennsylvania;

2  and (4) it may or may not have purchased mortgages on the open market that were secured by

3  real property in Pennsylvania. The court found those contacts substantial, continuous and

4  systematic so as to find general jurisdiction.

5      Here, advertising and selling the IPOfA product in California undoubtedly constitutes

6  grounds for exercise of general jurisdiction.

7      Thus, Defendants acts through IPOfA, Tax Group and Advance were substantial,

8  continuous and systematic so permit exercise of general jurisdiction over them.

9
       **3.    Contact with California was Specific and Purposeful so as to Warrant**
10          **the Exercise of Specific Jurisdiction**

11      If a nonresident defendant's contacts with the forum state are not so pervasive to permit

12  exercise of general jurisdiction, the court may still assert specific jurisdiction if the forum

13  contacts give rise to a cause of action. Ado Finance, AG v. McDonnell Douglas Corp., 931 F.

14  Supp. 711, 715 (D. Cal. 1996) citing Hanson v. Denckla, 357 U.S. 235, 250-253 (1958).

15      The Ninth Circuit uses a three-part test to evaluate the nature and quality of a defendant's

16  contacts for purposes of specific jurisdiction: (1) the nonresident defendant must perform some

17  act by which he purposefully avails himself of the benefits and protections of the forum state's

18  laws; (2) the plaintiff's claim must arise out of or result from the defendant's forum related

19  activities; and (3) the exercise of jurisdiction must be reasonable. Data Disc, supra, 557 F.2d at

20  1287; Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).

21
22      Here, Plaintiff claim arises out of the California activities of Defendants, where, instead

23  of facilitating the 1031 exchange for Plaintiff, Defendants, who had unfettered control over Tax

24  Group and Advance, transferred Plaintiff's money  from California to entities controlled by

25  Defendants in other jurisdictions.  ( Decl. of Hunter, 2:13-17). Thus, Defendants purposefully

26  availed themselves to the jurisdiction in California.

27      Exercise of personal jurisdiction in California would be reasonable, in light of the

28  activities of OKUN "interests" (Decl. of OKUN 2:27), in California, operated by Defendants

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

8

1  OKUN and SIMRING, and in light of the substantial injuries to numerous California residents.

2

3  **B. ONCE PERSONAL JURISDICTION OVER ONE DEFENDANT**
    **IS ESTABLISHED IN RICO ACTIONS, THE COURT MAY**
4  **EXRECISE JURISDICTION OVER OTHER DEFENDANTS**
    **THROUGH NATIONWIDE JURISDICTION.**
5
        In certain matters, federal Courts are empowered to exercise nationwide personal
6
   jurisdiction such that if the Defendant has minimum contacts with the United States as a whole,
7
   then said Defendant may be subject to personal jurisdiction in any federal district within the
8
   United States (Bourassa v. Desrochers, 938 F.2D 1056, 1058(1991)  (allowing nationwide
9
   personal jurisdiction in a securities fraud action)).  Some Courts have held that RICO actions fall
10
   within the category of actions allowing for nationwide jurisdiction (See Republic of Pan. v.
11
   BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 942 (1997).
12
        The RICO statute authorizes venue for civil actions in any district in which the defendant
13
   "resides, is found, has an agent, or transacts his affairs" (18 U.S.C. § 1965(a)) and it authorizes
14
   service of process "in any judicial district in which such person resides, is found, has an agent, or
15
   transacts his affairs" (18 U.S.C. § 1965(d)).  The Complaint alleges that the named Defendants
16
   had agents in, and transacted affairs in the forum state.  Thus, pursuant to the terms of the RICO
17
   statute, the named Defendants are subject to jurisdiction in California.
18
        The Ninth Circuit has held that 18 U.S.C.S. § 1965(b) allows for nationwide personal
19
   jurisdiction in RICO cases only when it is shown that the ends of justice require it (Butcher's
20
   Union Local No. 498 v. SDC Invest., Inc., 788 F.2d 535, 538 (1986)).  The ends of justice are
21
   served by venue in the forum state if a plaintiff can show that there is no other district in which a
22
   court will have personal jurisdiction over all of the alleged co-conspirators (Id at 539).  In this
23
   matter, as stated in Defendants' moving papers, Defendants HOLDINGS and IPofA are Virginia
24
   corporations.  Defendants OKUN and SIMRING are residents of the State of Florida.  Therefore,
25
   there is no district in which a Court would have personal jurisdiction over all of the Defendants.
26
   As a result, the ends of justice are served by allowing nationwide personal jurisdiction and
27

28

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

9

*PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, ETC.*

keeping the case in California.

**C. IF THE COURT FINDS THAT PLAINTIFF'S SHOWING OF THE PRIMA FACIE JURISDICTION IS INSUFFICIENT, PLAINTIFF ALTERNATIVELY REQUESTS A CONTINUANCE TO ALLOW JURISDICTIONAL DISCOVERY.**

The court in its discretion may continue the hearing in order to permit discovery for purposes of determining jurisdictional facts. Orchid Biosciences, Inc. v St. Louis Univ., 198 F.R.D. 670, 672-673 (SD Cal. 2001). Courts are afforded a significant amount of leeway in deciding whether parties may conduct discovery relating to jurisdictional issues while a motion to dismiss is pending, and  where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed. Orchid. at 672-673.

Here, Plaintiff made at least a colorable showing of personal jurisdiction, as stated hereinabove, and in the Declarations of Hunter and Parr and jurisdictional discovery should be granted if the Court find that further discovery is necessary to demonstrate facts sufficient to constitute a basis for jurisdiction. In such case, Plaintiff would respectfully request an order allowing jurisdictional discovery and continuing the hearing on the motion so as to enable her to conduct such discovery.

**III.**

**CONCLUSION**

Based on the above, Plaintiff requests that the motion to dismiss be denied, or, alternatively, be continued to allow Plaintiff to conduct jurisdictional discovery. Alternatively, should the motion be granted, Plaintiff respectfully requests leave to amend the Complaint to add specific allegations with regard to the nature of the relationship, and activities between Defendants, Tax Group and Advance.

Respectfully submitted,

DATED:  September 4, 2007                THE PARR LAW GROUP

_____/S/_____

SHAWN R. PARR
Attorneys for Plaintiff ANITA HUNTER

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

10

*PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, ETC.*

1

SIGNATURE ATTESTATION

2

3      I hereby attest that I have on file all holograph signatures indicated by /s/ signature

4  within this e-filed document.

5                                                    _____/s/_____
                                                       SHAWN R. PARR
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

11

*PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, ETC.*