1  LAW OFFICES OF BRANDON A. BLOCK
   Brandon A. Block (State Bar No. 215888)
2  6535 Wilshire Boulevard
   Suite 203
3  Los Angeles, California 90048
   Telephone: 310.562.7749
4  Facsimile: 310.496.1420

5  Attorneys Appearing Specially for Defendants
   EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT
6  PROPERTIES OF AMERICA, LLC, and RICHARD B. SIMRING

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10

11 ANITA HUNTER,                          )
                                          )   CASE NO. C07 02795 JW
12         Plaintiff,                     )
                                          )   **SPECIALLY-APPEARING**
13      vs.                               )   **DEFENDANTS' REPLY BRIEF IN**
                                          )   **SUPPORT OF THEIR MOTION TO**
14 EDWARD H. OKUN, OKUN HOLDINGS,         )   **DISMISS PLAINTIFF'S COMPLAINT**
   INC., INVESTMENT PROPERTIES OF         )   **FOR LACK OF PERSONAL**
15 AMERICA, LCC, RICHARD B. SIMRING,      )   **JURISDICTION**
   and DOES 1 through DOES 50, inclusive, )
16                                        )   Date:       September 24, 2007
           Defendants.                    )   Time:       9:00 a.m.
17                                        )   Courtroom:  8, 4th Floor
                                          )   Judge:      Hon. James Ware
18                                        )
                                          )
19 _____ )

SPECIALLY-APPEARING DEFENDANTS' REPLY BRIEF—CASE NO. C07 02795 JW

## I. INTRODUCTION[1]

In the Motion, Defendants established that Plaintiff's Complaint should be dismissed in its entirety for lack of personal jurisdiction because Defendants are not domiciled in California, and they do not do business in California or otherwise have minimum contacts with this State. In her Opposition to the Motion, Plaintiff concedes nearly all of the legal and factual contentions in the Motion. Plaintiff nevertheless attempts to create jurisdiction in this Court by advancing a severely attenuated argument of secondary liability, namely that Defendants are alter egos of Tax Group—a nonparty with whom Plaintiff admittedly had no business dealings, and who presently is a debtor in a bankruptcy proceeding pending in New York. The alter ego doctrine, however, is an extremely narrow exception to the general rule honoring the corporate form, and it may be applied only upon a showing of exceptional circumstances and substantial injustice, neither of which is present here. Accordingly, this Court should dismiss the Complaint without leave to amend.

## II. ARGUMENT

As detailed in the Motion, Plaintiff has the burden of establishing that jurisdiction exists as to each Defendant. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). Plaintiff cannot meet her burden through conclusory allegations. Rather, she must allege well-pled *facts* establishing all of the necessary jurisdictional bases. China Technology Global Corp. v. Fuller, Tubb, Pomeroy & Stokes, No. C 05-01793 JW, 2005 WL 1513153, at *2-3 (N.D. Cal. June 27, 2005) (Ware, J.). As demonstrated in the Motion and below, Plaintiff does not and cannot even begin to meet her jurisdictional burden.

**A.    None Of The Defendants Are Subject To General Jurisdiction.**

Plaintiff acknowledges that this Court has general jurisdiction over Defendants only if their contacts with California are substantial, continuous and systematic. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984); Opp., 7:3-7. Plaintiff also concedes virtually all of the jurisdictional facts offered by Defendants. See Okun Decl. ¶¶ 2-25; Simring Decl., ¶¶ 2-7.

---

[1] Unless otherwise noted, all capitalized terms used herein have the meaning ascribed to them in the Motion.

- 1 -

Nevertheless, Plaintiff argues that general jurisdiction lies over *all* Defendants because she is informed and believes that one of the Defendants, IPofA, marketed properties to California residents. Opp., 7:20-22; Hunter Decl. ¶ 11.[2] Plaintiff's argument, however, is based solely on one instance in which IPofA supposedly sent marketing materials to a third-party individual (and nondeclarant) concerning a property in Houston, Texas. Such an isolated incident does not even remotely tend to prove Plaintiff's intended inference, and it clearly does not amount to substantial, continuous and systematic contacts with California necessary to support a finding of general jurisdiction over any Defendant. See Congoleum Corp. v. DLW Aktiengesellschaft, 729 F.2d 1240, 1242-43 (9th Cir. 1984) (foreign corporation's sales and marketing efforts in forum state, including solicitation of orders, promotion of products to potential customers through the mail and through showroom displays, and attendance at trade shows and sales meetings, held insufficient to assert general jurisdiction); see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (standard for establishing general jurisdiction is "fairly high" and Defendants' contacts must be of the sort that "approximate *physical presence*" in California) (citation omitted; emphasis added).

Plaintiff's reliance on Provident Nat'l Bank v. California Fed. Sav. & Loan, 819 F.2d 434 (3d Cir. 1987), is entirely misplaced. See Opp., 7:23-8:4. In Provident, the Third Circuit Court of Appeal affirmed the district court's ruling that general jurisdiction was proper over defendant, a federal savings and loan, because (1) defendant maintained about $10 Million in deposits from residents of the forum state, (2) defendant made about $10 Million in loans to residents of the forum state, (3) financial institutions in the forum state serviced over $10 Million of defendant's loans, (4) defendant continuously maintained an account in the forum state, (5) defendant purchased mortgages in the secondary market that could be secured by real property in the forum

---

[2] Citing to her *attorney's* declaration, Plaintiff also avers that Defendants marketed their services to California residents "through Tax Group and Advance." See Opp., 7:8, 12. Not only are the statements in the declaration from Plaintiff's attorney inadmissible, they do not support (or even relate to) Plaintiff's contention in her Opposition. As such, Plaintiff's claim that Defendants marketed their services "through Tax Group and Advance" is an unsupported legal conclusion that should be disregarded by the Court in ruling on the Motion. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031, 102 S. Ct. 567, 70 L. Ed. 2d 474 (1981) (legal conclusions are disregarded for purposes of a motion to dismiss).

state, and (6) defendant's refusal to answer discovery requests regarding its activities in the forum state raised an inference of defendant's continuous business activity in that state. Id. at 436-38. Such substantial contacts and potential inferences simply do not exist here, and none of the Defendants are subject to general jurisdiction.

**B.   None Of The Defendants Are Subject To Specific Jurisdiction.**

Plaintiff's only contentions in her Opposition with respect to specific jurisdiction are (1) Defendants "had unfettered control over Tax Group and Advance," and (2) exercise of jurisdiction "would be reasonable, in light of the activities of OKUN [sic] 'interests' in California, operated by Defendants OKUN and SIMRING, and in light of the substantial injuries to numerous California residents." Opp., 8:23-24, 8:27-9:1. Plaintiff's contentions are baseless. First, her allegations are mere legal conclusions that should be disregarded in ruling on the Motion. Western Mining, 643 F.2d at 624. Moreover, these legal conclusions plainly are belied by the *uncontested* facts in the declarations submitted by Mr. Okun and Mr. Simring, both of whom attested that they have *never* been involved in the day-to-day operations of Tax Group or Advance. See Okun Decl. ¶ 29; Simring Decl. ¶ 8.[3] Indeed, Mr. Simring attested that he has never even been to Advance's office in California and he does not know its address. Simring Decl. ¶ 8. Put simply, none of the Defendants are subject to specific jurisdiction.

**C.   Plaintiff Does Not And Cannot Establish Jurisdiction Over Defendants Based On An Alter Ego Theory.**

Apparently recognizing that jurisdiction over Defendants cannot lie based on their contacts with this State, Plaintiff resorts to groundless claims of derivative liability in her Opposition, contending that Defendants are the alter ego of Tax Group. Opp. 3:13-14. As a threshold matter, Plaintiff's position is fatally flawed because Tax Group is not subject to jurisdiction in California. It is well-settled that alter ego liability may be a basis for jurisdiction over a nonresident only if there is jurisdiction over the purported alter ego. See Colt Studio, Inc. v. Badpuppy Enterprise, 75 F. Supp. 2d 1104, 1111 (C.D. Cal. 1999) ("If the corporation is the 'alter ego' of the individual

---

[3] Mr. Okun merely attested that his interests purchased Advance in 2005, and the prior owners were retained as management. Okun Decl. ¶ 28.

- 3 -

SPECIALLY-APPEARING DEFENDANTS' REPLY BRIEF—CASE NO. C07 02795 JW

defendants so as to justify disregard of the corporate entity, then a finding of *personal jurisdiction over the corporation* will support a finding of personal jurisdiction over the individuals.") (emphasis added). Tax Group, however, is a *Delaware* limited liability company that maintains its principal place of business in *Richmond, Virginia*. Okun Decl. ¶ 26. And its mere ownership of Advance, a California corporation, is insufficient to subject Tax Group to personal jurisdiction in California. See Transure, Inc. v. Marsh & McLennan, Inc., 766 F.2d 1297, 1299 (9th Cir. 1985) ("[T]he existence of a parent-subsidiary relationship is insufficient to establish personal jurisdiction over companies."). In short, a finding that Defendants are the alter ego of Tax Group does not mean that Defendants are subject to jurisdiction in California.

In any event, Plaintiff has not and cannot establish that any Defendant is the alter ego of Tax Group. Alter ego liability is available only in "*exceptional circumstances*." Calvert v. Huckins, 875 F. Supp. 674, 678 (E.D. Cal. 1995) (emphasis added). To warrant its application, Plaintiff must present *facts* establishing that (1) there is such a unity of interest and ownership between Defendants that their separate personalities no longer exist, and (2) the acts in question are such that if treated as those of Tax Group alone, an inequitable result will follow. Laird v. Capital Cities/ABC Inc., 68 Cal. App. 4th 727, 741 (1998).

The first "unity of interest" element of alter ego liability requires Plaintiff to present facts that exhibit "*specific manipulative conduct*" by Defendants towards Tax Group which "relegates the latter to the status of merely an instrumentality, agency, conduit or adjunct of the former." Institute of Veterinary Pathology, Inc. v. California Health Labs., Inc., 116 Cal. App. 3d 111, 119-20 (1981) (emphasis added). Among the factors to be considered in this regard are commingling of funds and other assets, the holding out by one entity that it is liable for the debts of the other, use of one as a mere shell or conduit for the affairs of the other, inadequate capitalization, disregard of corporate formalities and lack of segregation of corporate records. See Tomaselli v. Transamerica Ins. Co., 25 Cal. App. 4th 1269, 1285 (1994). But Plaintiff merely alleges that (1) Mr. Okun owns Holdings and Advance,[4] (2) IPofA, Holdings and Tax Group shared the same address on the

---

[4] Contrary to the declaration of Plaintiff's *attorney*, Tax Group is not wholly owned by Holdings. Okun Decl. ¶ 2.

- 4 -

SPECIALLY-APPEARING DEFENDANTS' REPLY BRIEF—CASE NO. C07 02795 JW

California Secretary of State Internet website, (3) Tax Group issued promissory notes to Holdings, and (4) Mr. Okun appointed Mr. Simring as interim Chief Executive Officer of Tax Group and its subsidiaries. Opp., 5:2-11, 14-22. Case law confirms that none of these alleged acts exemplify the specific manipulative conduct required to support a finding that Defendants are the alter ego of Tax Group. See Veterinary Pathology, 116 Cal. App. 3d at 119 (common ownership is not a basis for finding alter ego liability) (citation omitted); Wady v. Provident Life & Acc. Ins. Co. of Am., 216 F. Supp. 2d 1060, 1668 (C.D. Cal. 2002) (loans between companies does not mean that they are alter egos of each other); Davis v. Metro Prods., Inc., 885 F.2d 515, 520 (9th Cir. 1989) (merely serving as officer of corporation that causes injury in forum state is not sufficient in itself to permit that forum to assert jurisdiction over officer); Sonora Diamond Corp. v. Superior Court, 83 Cal. App. 4th 523, 540 (2000) (direction and oversight normal and expected from status of ownership of a company does not establish alter ego liability).[5]

Plaintiff also has not met the second "inequitable result" prong of the alter ego test. In this regard, Plaintiff must show that the failure to recognize Defendants as an alter ego of Tax Group will promote injustice. United States v. Standard Beauty Supply Stores, Inc., 561 F.2d 774, 777 (9th Cir. 1977). This requirement is set up in recognition of the purpose of the alter ego doctrine, which is to protect the victim of the corporate manipulation. Id. The required injustice, then, is not the injustice of allowing a party to escape liability for actions in which it may have been complicit, but rather the injustice of allowing a victim to go uncompensated because the perpetrator of the wrong hid behind an entity that was incapable of providing such compensation. See Orloff v. Allman, 819 F.2d 904, 909 (9th Cir. 1987). Here, however, Plaintiff does not allege any *facts* showing (a) that Defendants themselves committed a wrong against her, (b) that Defendants then concealed themselves behind Tax Group to avoid compensating Plaintiff for her loss, or (c) that

---

[5] The facts of this case are not even remotely similar to ADO Finance, AG v. McDonnell Douglas Corp., 931 F. Supp. 711 (C.D. Cal. 1996), the primary case relied on by Plaintiff in her Opposition. In ADO Finance, the court found jurisdiction under an alter ego theory appropriate because plaintiff alleged specific improper conduct by the individual defendant in his daily management and operation of the corporate defendant, including inadequate capitalization and a siphoning of assets. Id. at 717-18. Plaintiff makes no such specific factual allegations here.

- 5 -

SPECIALLY-APPEARING DEFENDANTS' REPLY BRIEF—CASE NO. C07 02795 JW

1  Plaintiff will not be compensated for her loss in Tax Group's bankruptcy proceeding. As such,
2  there is no basis to exercise jurisdiction over Defendants based on the alter ego doctrine.

**D.     Nationwide Personal Service Is Not Available Here.**

Plaintiff contends that this Court may exercise "nationwide personal jurisdiction" over Defendants because she alleges a claim under the Racketeering Influenced Corrupt Organizations Act, 18 U.S.C. Section 1961, et seq. ("RICO"). See Opp., § II.B. Merely naming persons in a RICO claim, however, does not, in itself, make them subject to RICO's nationwide service provisions. Butcher's Union Local No. 498 v. SDC Investment, Inc., 788 F.2d 535, 538-539 (9th Cir. 1986). Nationwide personal service is available for a RICO claim only if a plaintiff *specifically* alleges a single nationwide RICO conspiracy[6] and the court has personal jurisdiction over at least one of the participants in the alleged conspiracy. Butcher's Union Local No. 498 v. SDC Investment, Inc., 788 F.2d 535, 538-539 (9th Cir. 1986). But Plaintiff only alleges her RICO claim in general conclusions of an "ENTERPRISE" and "fraud" (see Complaint ¶¶ 48-54), and this Court does not have jurisdiction over any Defendant. Accordingly, RICO's nationwide personal service provisions are inapplicable here.

**E.     Discovery Is Unnecessary.**

Jurisdictional discovery is allowed only where pertinent facts bearing on the question of jurisdiction are controverted by admissible evidence or where a more satisfactory showing of the facts is necessary. See Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n. 24 (9th Cir. 1977). Indeed, an appellate court will not interfere with the trial court's refusal to grant discovery "except upon the clearest showing that the dismissal resulted in actual and substantial prejudice to the litigant." Wells Fargo, 556 F.2d at 430 n. 24.

Plaintiff has not made the necessary showing here to warrant discovery. Plaintiff has not provided any admissible evidence to contradict the evidence pertaining to the jurisdiction issue addressed in the Motion and the accompanying Okun and Simring Declarations. Rather, the Court

---

[6] Where, as here, the predicate acts of a plaintiff's RICO claim involve fraud (see Complaint ¶ 51), the pleading requirements of Federal Rule of Civil Procedure 9(b) apply. Moore v. Kayport Package Express, 885 F.2d 531 (9th Cir. 1989); Schreiber Distrib. v. Serv-Well Furniture Co., 806 F.2d 1393 (9th Cir. 1986).

- 6 -
SPECIALLY-APPEARING DEFENDANTS' REPLY BRIEF—CASE NO. C07 02795 JW

has sufficient facts before it on the existing record to draw the only legal conclusion warranted here: none of the Defendants are subject to personal jurisdiction in California. See Caribbean Broadcasting System, Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1089-90 (D.C. Cir. 1998) (upholding trial court's pre-discovery dismissal of action based on failure to make colorable jurisdiction claim without discovery); Ellis v. Fortune Seas, Ltd., 175 F.R.D. 308, 312 (S.D. Ind. 1997) (holding that based on due process concerns and court's obligation to control discovery, court could reasonably expect plaintiff to provide a colorable basis for jurisdiction before subjecting the non-resident defendant to intrusive and burdensome discovery in a distant forum); Perrotta v. Roadway Global Air, No. C-96-20281 SW, 1996 WL 723031 at *2 (N.D. Cal. Dec. 9, 1996) (rejecting plaintiff's request to conduct discovery into jurisdictional issues and noting that, "[b]ased on the evidence presented in this motion," it appeared that plaintiffs would "have little likelihood of establishing personal jurisdiction over [defendant], and that granting them additional time for discovery [would] cause both parties to make unnecessary expenditures of time and money").

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully submit that the Court should dismiss the Complaint without leave to amend.

Dated: September 10, 2007

Respectfully submitted,

**LAW OFFICES OF BRANDON A. BLOCK**

By: /s/
    Brandon A. Block

Attorneys Appearing Specially for Defendants EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, and RICHARD B. SIMRING

- 7 -
SPECIALLY-APPEARING DEFENDANTS' REPLY BRIEF—CASE NO. C07 02795 JW