LAW OFFICES OF BRANDON A. BLOCK
BRANDON A. BLOCK (SBN 215888)
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 789-2482
Facsimile: (310) 496-1420
Email: brandon@bblocklaw.com

Attorneys Appearing Specially for Defendants
EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, and RICHARD B. SIMRING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANITA HUNTER,<br><br>    Plaintiff,<br><br>vs.<br><br>EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, RICHARD B. SIMRING, and DOES 1 through DOES 50, inclusive,<br><br>    Defendants. | CASE NO. C07 02795 JW<br><br>**SPECIALLY-APPEARING DEFENDANTS' OBJECTIONS TO DECLARATIONS OF SHAWN R. PARR AND ANITA HUNTER SUBMITTED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>Date:         November 13, 2007<br>Time:         4:00 p.m.<br>Courtroom:  8, 4th Floor<br>Judge:        Hon. James Ware |

Specially-appearing defendants Okun Holdings, Inc., Investment Properties of America, LLC, Edward H. Okun and Richard B. Simring (collectively, "Specially-Appearing Defendants") submit the following objections to the Declarations of Shawn R. Parr and Anita Hunter in support of plaintiff's Opposition to Motion to Dismiss, or Alternatively, Request for Continuance of Discovery.

**OBJECTIONS TO DECLARATION OF SHAWN R. PARR**

**The entirety of paragraph 3; p. 2, ll. 4-8.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 4; p. 2, ll. 9-17.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); (iv) best evidence rule (FRE 1002); and (v) impermissible opinion testimony (FRE 701).

**The entirety of paragraph 5; p. 2, ll. 18-23.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 6; p. 2, ll. 24-28.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); (iv) best evidence rule (FRE 1002); and (v) impermissible opinion testimony (FRE 701).

**The entirety of paragraph 7; p. 2, l. 28 – p. 3, l. 3.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 8; p. 3, ll. 4–5.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 9; p. 3, ll. 6–10.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 10; p. 3, ll. 11–14.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 11; p. 3, ll. 15–17.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) inadmissible hearsay (FRE 802); (ii) lack of authentication (FRE 901); and (iii) best evidence rule (FRE 1002).

**The entirety of paragraph 12; p. 3, ll. 18–23.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 13; p. 3, ll. 24–28.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 14; p. 3, l. 28 – p. 4, l. 5.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 15; p. 4, ll. 6-8.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 16; p. 4, ll. 9-13.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 17; p. 4, ll. 14-16.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**Exhibit 1 (referred to as the "Declaration of Lukenda").** Specially-Appearing Defendants object to the admission of this exhibit on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**Exhibit 2 (referred to as the "Velez-Rivera Declaration").** Specially-Appearing Defendants object to the admission of this exhibit on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**Exhibit 3 (referred to as the "Statement of Financial Affairs").** Specially-Appearing Defendants object to the admission of this exhibit on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**Exhibit 4 (referred to as a printed webpage from the California Secretary of State Internet website).** Specially-Appearing Defendants object to the admission of this exhibit on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**Exhibit 5 (referred to as "the Voluntary Bankruptcy Petition of The 1031 Tax Group, LLC").** Specially-Appearing Defendants object to the admission of this exhibit on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

## OBJECTIONS TO DECLARATION OF ANITA HUNTER

**The entirety of paragraph 3; p. 1, ll. 24–27.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) inadmissible hearsay (FRE 802); (ii) lack of authentication (FRE 901); and (iii) best evidence rule (FRE 1002).

**The entirety of paragraph 4; p. 1, l. 28 – p. 2, l. 2.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) inadmissible hearsay (FRE 802); (ii) lack of authentication (FRE 901); and (iii) best evidence rule (FRE 1002).

**The entirety of paragraph 6; p. 2, ll. 6–10.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) inadmissible hearsay (FRE 802); (ii) lack of authentication (FRE 901); and (iii) best evidence rule (FRE 1002).

**The entirety of paragraph 7; p. 2, ll. 11–12.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) inadmissible hearsay (FRE 802); (ii) lack of authentication (FRE 901); and (iii) best evidence rule (FRE 1002).

**The entirety of paragraph 8; p. 2, ll. 13-17.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 9; p. 2, ll. 18-24.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 10; p. 2, l. 26 – p. 3, l. 7.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of

personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); (iv) best evidence rule (FRE 1002); and (v) impermissible opinion testimony (FRE 701).

**The entirety of paragraph 11; p. 3, ll. 8-16.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); (iv) best evidence rule (FRE 1002); and (v) impermissible opinion testimony (FRE 701).

**The entirety of paragraph 12; p. 3, ll. 17-20.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) inadmissible hearsay (FRE 802); (ii) lack of authentication (FRE 901); and (iii) best evidence rule (FRE 1002).

**The entirety of paragraph 13; p. 3, ll. 21-26.** Specially-Appearing Defendants object to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); (iv) best evidence rule (FRE 1002); and (v) impermissible opinion testimony (FRE 701).

**Exhibit 1 (referred to as the "Exchange Agreement with 1031 Advance, Inc.").** Specially-Appearing Defendants object to the admission of this exhibit on the following grounds, among others: (i) inadmissible hearsay (FRE 802); (ii) lack of authentication (FRE 901); and (iii) best evidence rule (FRE 1002).

**Exhibit 2 (referred to as an email dated April 30, 2007).** Specially-Appearing Defendants object to the admission of this exhibit on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**Exhibit 3 (referred to as a letter dated May 1, 2007).** Specially-Appearing Defendants object to the admission of this exhibit on the following grounds, among others: (i) inadmissible hearsay (FRE 802); (ii) lack of authentication (FRE 901); and (iii) best evidence rule (FRE 1002).

**Exhibit 4 (referred to as a facsimile dated May 7, 2007).** Specially-Appearing Defendants object to the admission of this exhibit on the following grounds, among others: (i) lack

of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**Exhibit 5 (referred to as an email from Richard Simring).** Specially-Appearing Defendants object to the admission of this exhibit on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**Exhibit 6 (referred to as an email dated June 14, 2007).** Specially-Appearing Defendants object to the admission of this exhibit on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**Exhibit 7 (referred to as "marketing booklets and prospecta").** Specially-Appearing Defendants object to the admission of this exhibit on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

Dated: November 9, 2007

Respectfully submitted,

**LAW OFFICES OF BRANDON A. BLOCK**
**A PROFESSIONAL CORPORATION**

By: _____/s/_____
      Brandon A. Block

Attorneys Appearing Specially for Defendants EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, and RICHARD B. SIMRING