LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (SBN 215888)
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 789-2482
Facsimile: (310) 496-1420
Email: brandon@bblocklaw.com

Attorneys for Defendants
EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, and RICHARD B. SIMRING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANITA HUNTER,<br><br>          Plaintiff,<br><br>     vs.<br><br>EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, RICHARD B. SIMRING, and DOES 1 through 50, inclusive,<br><br>          Defendants. | CASE NO. C07-02795 JW<br><br>[The Honorable James Ware]<br><br>**DEFENDANT RICHARD B. SIMRING'S ANSWER TO PLAINTIFF'S COMPLAINT** |

ANSWER—CASE NO. 07-CV-02795-JW

# ANSWER

Defendant Richard B. Simring ("Defendant") answers plaintiff Anita Hunter's ("Plaintiff") Complaint as follows:

## INTRODUCTION

1. The allegations in paragraph 1 state only legal conclusions, which Defendant is not required to admit or deny. To the extent they do not state a legal conclusion, Defendant denies the allegations in paragraph 1.

2. The allegations in paragraph 2 state only legal conclusions, which Defendant is not required to admit or deny. To the extent they do not state a legal conclusion, Defendant denies the allegations in paragraph 2.

## JURISDICTION

3. The allegations in paragraph 3 state only legal conclusions, which Defendant is not required to admit or deny.

4. The allegations in paragraph 4 state only legal conclusions, which Defendant is not required to admit or deny.

5. The allegations in paragraph 5 state only legal conclusions, which Defendant is not required to admit or deny.

## VENUE

6. The allegations in paragraph 6 state only legal conclusions, which Defendant is not required to admit or deny.

7. The allegations in paragraph 7 state only legal conclusions, which Defendant is not required to admit or deny.

## INTRADISTRICT ASSIGNMENT

8. The allegations in paragraph 8 state only legal conclusions, which Defendant is not required to admit or deny.

## PARTIES

9. Defendant lacks sufficient information to admit or deny the allegations in paragraph 9 of the Complaint, and on that basis denies those allegations.

10. Defendant lacks sufficient information to admit or deny the allegations in paragraph 10 of the Complaint, and on that basis denies those allegations.

11. Defendant admits the allegations in paragraph 11, except those allegations with respect to "BarterONE." Defendant lacks sufficient information to admit or deny the allegations in paragraph 11 of the Complaint as to "BarterONE," and on that basis denies those allegations.

12. Defendant lacks sufficient information to admit or deny the allegations in paragraph 12 of the Complaint, and on that basis denies those allegations.

13. Defendant lacks sufficient information to admit or deny the allegations in paragraph 13 of the Complaint, and on that basis denies those allegations.

14. Defendant lacks sufficient information to admit or deny the allegations in paragraph 14 of the Complaint, and on that basis denies those allegations.

15. Defendant admits that he is a resident of Florida. Defendant admits that he was the interim CEO of Tax Group for approximately 72 hours. Defendant denies the remaining allegations in paragraph 15 of the Complaint.

16. Defendant lacks sufficient information to admit or deny the allegations in paragraph 16 of the Complaint, and on that basis denies those allegations.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

///

LAW OFFICES OF BRANDON A. BLOCK
1925 CENTURY PARK EAST, SUITE 2300, LOS ANGELES, CALIFORNIA 90067

**CLASS ACTION ALLEGATIONS**

28. Defendant lacks sufficient information to admit or deny the allegations in paragraph 28 of the Complaint, and on that basis denies those allegations.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

**GENERAL ALLEGATIONS**

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant lacks sufficient information to admit or deny the allegations in paragraph 36 of the Complaint, and on that basis denies those allegations.

37. Defendant lacks sufficient information to admit or deny the allegations in paragraph 37 of the Complaint, and on that basis denies those allegations.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Defendant admits that The 1031 Tax Group, LLC has filed a voluntary petition in the U.S. Bankruptcy Court for the Southern District of New York, Case No. 07-11448-ALG. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 45 of the Complaint, and on that basis denies those allegations.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

**FIRST CAUSE OF ACTION**
RICO Violation
**(Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 THROUGH 50)**

48. Defendant incorporates its responses to paragraph 1 through 47 as if set forth in full herein.

49. Defendant denies the allegations in paragraph 35 of the Complaint.

50. Defendant denies the allegations in paragraph 35 of the Complaint.

51. Defendant denies the allegations in paragraph 35 of the Complaint.

52. Defendant denies the allegations in paragraph 35 of the Complaint.

53. Defendant denies the allegations in paragraph 35 of the Complaint.

54. Defendant denies the allegations in paragraph 35 of the Complaint.

**SECOND CAUSE OF ACTION**
Fraud
**(Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 THROUGH 50)**

55. Defendant incorporates its responses to paragraph 1 through 54 as if set forth in full herein.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant lacks sufficient information to admit or deny the allegations in paragraph 60 of the Complaint, and on that basis denies those allegations.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations in paragraph 62 of the Complaint.

**THIRD CAUSE OF ACTION**
Conversion
**(Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 THROUGH 50)**

63. Defendant incorporates its responses to paragraph 1 through 62 as if set forth in full herein.

64. Defendant lacks sufficient information to admit or deny the allegations in paragraph 64 of the Complaint, and on that basis denies those allegations.

1  65. Defendant denies the allegations in paragraph 65 of the Complaint.

2  66. Defendant denies the allegations in paragraph 66 of the Complaint.

3  67. Defendant denies the allegations in paragraph 67 of the Complaint.

4  68. Defendant denies the allegations in paragraph 68 of the Complaint.

**FOURTH CAUSE OF ACTION**
**Conspiracy**
**(Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 THROUGH 50)**

7  69. Defendant incorporates its responses to paragraph 1 through 68 as if set forth in full
8  herein.

9  70. Defendant denies the allegations in paragraph 70 of the Complaint.

10  71. Defendant denies the allegations in paragraph 71 of the Complaint.

11  72. Defendant denies the allegations in paragraph 72 of the Complaint.

12  73. Defendant denies the allegations in paragraph 73 of the Complaint.

13  74. Defendant denies the allegations in paragraph 74 of the Complaint.

14  75. Defendant denies the allegations in paragraph 75 of the Complaint.

**FIFTH CAUSE OF ACTION**
**Breach of Contract**
**(Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 THROUGH 50)**

17  76. Defendant incorporates its responses to paragraph 1 through 75 as if set forth in full
18  herein.

19  77. Defendant denies the allegations in paragraph 77 of the Complaint.

20  78. Defendant lacks sufficient information to admit or deny the allegations in paragraph
21  78 of the Complaint, and on that basis denies those allegations.

22  79. Defendant denies the allegations in paragraph 79 of the Complaint.

23  80. Defendant denies the allegations in paragraph 80 of the Complaint.

24  81. Defendant lacks sufficient information to admit or deny the allegations in paragraph
25  81 of the Complaint, and on that basis denies those allegations.

26  ///

27  ///

28  ///

**SIXTH CAUSE OF ACTION**
Negligence
**(Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 THROUGH 50)**

82. Defendant incorporates its responses to paragraph 1 through 81 as if set forth in full herein.

83. Defendant denies the allegations in paragraph 83 of the Complaint.

84. Defendant denies the allegations in paragraph 84 of the Complaint.

85. Defendant denies the allegations in paragraph 85 of the Complaint.

**SEVENTH CAUSE OF ACTION**
California Business & Professions Code § 17200
**(Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 THROUGH 50)**

86. Defendant incorporates its responses to paragraph 1 through 85 as if set forth in full herein.

87. Defendant denies the allegations in paragraph 87 of the Complaint.

88. Defendant denies the allegations in paragraph 88 of the Complaint.

89. Defendant denies the allegations in paragraph 89 of the Complaint.

90. Defendant denies the allegations in paragraph 90 of the Complaint.

**EIGHTH CAUSE OF ACTION**
Constructive Trust
**(Defendants OKUN, HOLDINGS, IPOA, SIMRING, and DOES 6 THROUGH 50)**

91. Defendant incorporates its responses to paragraph 1 through 90 as if set forth in full herein.

92. Defendant denies the allegations in paragraph 92 of the Complaint.

93. Defendant denies the allegations in paragraph 93 of the Complaint.

**NINTH CAUSE OF ACTION**
Recovery Against Bond
**(Defendants DOES 1 THROUGH 5)**

94. The Ninth Cause of Action is not asserted against Defendant. Defendant therefore is not required to admit or deny the allegations therein.

95. Defendant denies all allegations not specifically admitted or denied by him herein.

///

///

## AFFIRMATIVE DEFENSES

96. The Complaint fails to state facts sufficient to constitute any claim against Defendant for which relief can be granted.

97. Plaintiff is estopped from asserting the claims, rights and demands in the Complaint.

98. Plaintiff waived any and all claims, rights and demands in the Complaint.

99. By virtue of her wrongful conduct, Plaintiff is barred from recovering against Defendant.

100. Plaintiff ratified, consented and/or acquiesced to the acts or omissions of Defendant alleged in the Complaint.

101. Plaintiff has unreasonably delayed taking action in connection with her alleged claims causing substantial prejudice to Defendant.

102. The applicable statutes of limitation bar Plaintiff's claims.

103. Plaintiff has failed to join an indispensable party or parties.

104. The doctrine of res judicata and/or the doctrine of collateral estoppel bar Plaintiff's claims.

105. Plaintiff has failed, refused and neglected to take reasonable steps to mitigate her alleged damages, if any, thus barring or diminishing any recovery by her.

106. Defendant has not committed any act or omission causing damage to Plaintiff.

107. The damages claimed by Plaintiff in the Complaint are speculative.

108. At all times relevant to this action, Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

109. Plaintiff's claims are barred in whole or in part because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

110. Plaintiff is barred from pursuing claims for punitive damages against Defendant because the actions and omissions of Defendant, if any, were made by Defendant in good faith, and not maliciously, oppressively or fraudulently, and not with reckless indifference to any of Plaintiff's protected rights.

111.     If Plaintiff sustained any loss as a result of the matters alleged in the Complaint, such loss, if any, was caused and contributed to by the conduct of Plaintiff, and such conduct on her part constitutes a bar to any recovery by Plaintiff.

112.     Defendant is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if Defendant is found to be legally responsible in any manner, then he alleges that his legal responsibilities are not the sole and proximate cause of the injuries to Plaintiff, and the damages awarded to Plaintiff, if any, must be apportioned in accordance with the fault and legal responsibility of all parties, persons and entities, or the agents, servants and employees of such parties, persons and entities, who contributed to and/or caused any harm to Plaintiff according to proof presented at the time of trial.

113.     California's Unfair Competition Law, California Business and Professions Code Section 17200, et seq., which Plaintiff attempts to enforce in this action, is unconstitutionally vague, overbroad on its face and violate the due process provisions of the United States Constitution (Article I, Section 7).

114.     California's Unfair Competition Law, California Business and Professions Code Section 17200, et seq., which Plaintiff attempts to enforce in this action, is unconstitutional in that, as applied here, it violates the Commerce Clause of the United States Constitution.

115.     Plaintiff is barred from pursuing her claims against Defendant by virtue of the bankruptcy proceedings of The 1031 Tax Group, LLC and 1031 Advance, Inc., and the automatic stay imposed by 11 U.S.C. Section 362.

116.     Defendant has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

///

///

///

1  WHEREFORE, Defendant prays for judgment against Plaintiff on the Complaint as follows:

2    1. That Plaintiff takes nothing by her Complaint as against Defendant;

3    2. For his costs of suit incurred herein; and

4    3. For such other and further relief as the Court may deem just and proper.

Dated: December 13, 2007

**LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION**

By: _____/s/_____
    Brandon A. Block

Attorneys for Defendants
EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, and RICHARD B. SIMRING