1  LAW OFFICES OF BRANDON A. BLOCK
   A PROFESSIONAL CORPORATION
2  BRANDON A. BLOCK (SBN 215888)
   1925 Century Park East, Suite 2300
3  Los Angeles, California 90067
   Telephone: (310) 789-2482
4  Facsimile: (310) 496-1420
   Email: brandon@bblocklaw.com
5
   Attorneys for Defendants
6  EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT
   PROPERTIES OF AMERICA, LLC, and RICHARD B. SIMRING

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

| ANITA HUNTER, | |
|---|---|
| Plaintiff, | CASE NO. C07-02795 JW |
| vs. | [The Honorable James Ware] |
| EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, RICHARD B. SIMRING, and DOES 1 through 50, inclusive, | **ANSWER OF DEFENDANTS EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC TO PLAINTIFF'S COMPLAINT** |
| Defendants. | [Suggestion of Bankruptcy filed concurrently herewith] |

**PRELIMINARY STATEMENT**

On December 4, 2007, Brandon A. Block, Esq. and Law Offices of Brandon A. Block, A Professional Corporation (together, "Attorneys") filed a Request (Docket No. 40) asking the Court to (1) advance the hearing on Attorneys' motion to withdraw (the "Motion") as counsel of record for specially-appearing defendants Okun Holdings, Inc., Investment Properties of America, LLC and Edward H. Okun (collectively, "Defendants") to a date and time convenient for the Court, and (2) stay all pre-trial deadlines pending resolution of the Motion. As detailed in the Request, after Attorneys filed the Motion, the Court set several case management deadlines prior to the hearing on the Motion. Given these deadlines and Defendants' continuing breach of their agreement with Attorneys, this action will present an unreasonable and unnecessary financial burden on Attorneys unless the Court advances the hearing on the Motion and stays all pre-trial deadlines. The Court has yet to rule on Attorneys' Request, though the Court has informed Attorneys that it is under consideration.

In light of the Motion and the bases for the relief sought therein, and without disclosing any attorney-client privileged communications, Attorneys have not been able to formulate a substantive Answer to plaintiff Anita Hunter's Complaint on behalf of Defendants. Attorneys alerted Plaintiff's counsel of this fact, but Plaintiff's counsel has refused to stipulate to *any* extension of time for Defendants to respond to the Complaint. Attorneys therefore file this Answer on behalf of Defendants in an abundance of caution, and in order to preserve the status quo and all of Defendants' rights pending their retention of new counsel.

**ANSWER**

Defendants answer Plaintiff's Complaint as follows:

1. Defendants deny each and every allegation in paragraphs 1 through 93 of the Complaint. The Ninth Cause of Action is not asserted against Defendants. Defendants therefore are not required to admit or deny the allegations therein.

///

///

///

- 1 -
ANSWER—CASE NO. 07-CV-02795-JW

## AFFIRMATIVE DEFENSES

2. The Complaint fails to state facts sufficient to constitute any claim against Defendants for which relief can be granted.

3. Plaintiff is estopped from asserting the claims, rights and demands in the Complaint.

4. Plaintiff waived any and all claims, rights and demands in the Complaint.

5. By virtue of her wrongful conduct, Plaintiff is barred from recovering against Defendants.

6. Plaintiff ratified, consented and/or acquiesced to the acts or omissions of Defendants alleged in the Complaint.

7. Plaintiff has unreasonably delayed taking action in connection with her alleged claims causing substantial prejudice to Defendants.

8. The applicable statutes of limitation bar Plaintiff's claims.

9. Plaintiff has failed to join an indispensable party or parties.

10. The doctrine of res judicata and/or the doctrine of collateral estoppel bar Plaintiff's claims.

11. Plaintiff has failed, refused and neglected to take reasonable steps to mitigate her alleged damages, if any, thus barring or diminishing any recovery by her.

12. Defendants have not committed any act or omission causing damage to Plaintiff.

13. The damages claimed by Plaintiff in the Complaint are speculative.

14. At all times relevant to this action, Defendants acted within the course and scope of reasonable commercial standards and legitimate business transactions.

15. Plaintiff's claims are barred in whole or in part because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.

16. Plaintiff is barred from pursuing claims for punitive damages against Defendant because: (a) the actions and omissions of Defendants, if any, were made by Defendants in good faith, and not maliciously, oppressively or fraudulently, and not with reckless indifference to any of Plaintiff's protected rights; and (b) there was no conduct by any officer, director or managing agent

of the corporate Defendants that would give rise to an award of punitive damages against them, and no ratification by the corporate Defendants of any alleged unlawful conduct.

17.     If Plaintiff sustained any loss as a result of the matters alleged in the Complaint, such loss, if any, was caused and contributed to by the conduct of Plaintiff, and such conduct on her part constitutes a bar to any recovery by Plaintiff.

18.     Defendants are not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if Defendants are found to be legally responsible in any manner, then they allege that their legal responsibilities are not the sole and proximate cause of the injuries to Plaintiff, and the damages awarded to Plaintiff, if any, must be apportioned in accordance with the fault and legal responsibility of all parties, persons and entities, or the agents, servants and employees of such parties, persons and entities, who contributed to and/or caused any harm to Plaintiff according to proof presented at the time of trial.

19.     California's Unfair Competition Law, California Business and Professions Code Section 17200, et seq., which Plaintiff attempts to enforce in this action, is unconstitutionally vague, overbroad on its face and violate the due process provisions of the United States Constitution (Article I, Section 7).

20.     California's Unfair Competition Law, California Business and Professions Code Section 17200, et seq., which Plaintiff attempts to enforce in this action, is unconstitutional in that, as applied here, it violates the Commerce Clause of the United States Constitution.

21.     Plaintiff is barred from pursuing her claims against Defendants by virtue of the bankruptcy proceedings of The 1031 Tax Group, LLC and 1031 Advance, Inc., and the automatic stay imposed by 11 U.S.C. Section 362.

22.     Defendants have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

///

///

WHEREFORE, Defendants pray for judgment against Plaintiff on the Complaint as follows:

1. That Plaintiff takes nothing by her Complaint as against Defendants;

2. For their costs of suit incurred herein; and

3. For such other and further relief as the Court may deem just and proper.

Dated: December 13, 2007

**LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION**

By: _____/s/_____
      Brandon A. Block

Attorneys for Defendants
EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, and RICHARD B. SIMRING