United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Anita Hunter, | NO. C 07-02795 JW |
| Plaintiff, | **ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL** |
| v. | |
| Edward H. Okun, et al., | |
| Defendants. | |

Plaintiff Anita Hunter filed this putative diversity class action against Edward H. Okun, Okun Holdings, Inc., Investment Properties of America, LLC, and Richard Simring (collectively, "Defendants"), alleging *inter alia*, violation of the Racketeer Influenced and Corrupt Organizations Act, fraud, conversion, and breach of contract. Presently before the Court is Brandon A. Block and the Law Offices of Brandon A. Block's (collectively, "Defendants' Attorneys") Motion to Withdraw as Counsel to Defendants.[1]

Defendants' Attorneys move to withdraw on the grounds that the Defendants are unable to pay their legal fees and continuing the representation would be unduly burdensome in light of the nature of the action. (Motion at 21.) Defendants' Attorneys declare that Defendants have breached and remain in breach of an agreement with or obligation to Defendants' Attorneys as to expenses and fees, and that it appears Defendants lack sufficient financial resources to pay the substantial

---

[1] (hereafter, "Motion," Docket Item No. 35.) Defendants' Attorneys have also requested that the Court advance consideration of this motion and stay the pending deadlines in this case. (See Docket Item No. 40.)

legal expenses and fees that will be necessary for Defendants' Attorneys to meaningfully defend them in this putative class action. (Declaration of Brandon A. Block ¶ 2, Docket Item No. 36.)

Rule 3-700(C) of the California Rules of Professional Conduct provides that a lawyer may withdraw from representing a client where, among other things, (1) the client breaches an agreement with or obligation to the member as to expenses or fees, or (2) other conduct renders it unreasonably difficult for the lawyer to carry out the employment effectively. Rule 3-700(C)(1)(d), (f). This is because the attorney-client relationship in civil cases is usually an economic relationship. Accordingly, the Court finds Defendants' failure to pay their legal fees to be a reasonable ground on which to grant Defendants' Attorneys' Motion to Withdraw as Counsel.

The Court stays all currently scheduled filing deadlines in the case for thirty (30) days to give Defendants sufficient time to find substitute counsel. Defendants' Attorneys shall remain as counsel of record for thirty (30) days for the purposes of receiving and providing legal documents until there is identification of substitute counsel. On or before **February 4, 2008**, Defendants shall file a Notice of Intent to Self-Represent or Notice of Identification of Substitute Counsel. The Court continues the Case Management Conference currently scheduled for January 14, 2008 to **February 25, 2008 at 10 a.m.** Pursuant to the Civil Local Rules of Court, the parties shall meet and confer and file a Joint Case Management Statement by **February 15, 2008**.

In light of this Order, Defendants' motion to appear telephonically for the January 14, 2008 Case Management Conference is denied as moot.

Dated: January 4, 2008

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brandon Adam Block brandon@bblocklaw.com
Kathleen Card kathy@parrlawgroup.com
Natalia Litchev natasol@comcast.net
Shawn Robert Parr shawn@parrlawgroup.com
Sujata Trivedi Reuter sujata@parrlawgroup.com

**Dated: January 4, 2008**                                         **Richard W. Wieking, Clerk**

                                                **By:   /s/ JW Chambers**
                                                           **Elizabeth Garcia**
                                                           **Courtroom Deputy**

**United States District Court**
For the Northern District of California