1 | **PARR LAW GROUP**
SHAWN R. PARR (SBN 206616)
2 | shawn@parrlawgroup.com
KATHLEEN CARD (SBN 164083)
3 | kathy@parrlawgroup.com
NATALIA LITCHEV (SBN 230775)
4 | natalia@parrlawgroup.com
SUJATA T. REUTER (SBN 232148)
5 | sujata@parrlawgroup.com
150 Almaden Boulevard, Suite 1380
6 | San Jose, California 95113
Telephone: (408) 267-4500
7 | Facsimile: (408) 267-4535

8 | Attorneys for Plaintiff and Proposed Class

9

10 | UNITED STATES DISTRICT COURT

11 | NORTHERN DISTRICT OF CALIFORNIA

12 | SAN JOSE DIVISION

13 | ANITA HUNTER,                                    CASE NO.    C07 02795 JW

14 |                      Plaintiff,

15 |                                                  **JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**

16 |          v.

17 | EDWARD H. OKUN, OKUN HOLDINGS,                    Hearing Date: February 25, 2008
INC., INVESTMENT PROPERTIES OF                     Hearing Time: 10:00am
18 | AMERICA, LLC, RICHARD B. SIMRING,                Courtroom: 8
and DOES 1 through DOES 50, inclusive,             Judge: Hon. James Ware
19 |

20 |                      Defendants.

21

22

23 |          The following parties to the above-entitled action, Plaintiff ANITA HUNTER

24 | ("HUNTER") and Defendant RICHARD B. SIMRING ("SIMRING"), jointly submit this Case

25 | Management Statement and Proposed Order and request the Court to adopt it as its Case

26 | Management Order in this case.

27 |          By Order of this Court dated January 4, 2008, Law Offices of Brandon A. Block, A

28 | Professional Corporation and Brandon Block, Esq. were relieved as counsel of record for

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

1  Defendants EDWARD H. OKUN ("OKUN"), INVESTMENT PROPERTIES OF AMERICA

2  ("IPOA") and OKUN HOLDINGS ("HOLDINGS").  OKUN and HOLDINGS did not

3  participate in the preparation of this Joint Case Management Statement.  Defendant IPOA has

4  recently filed for bankruptcy protection, is subject to the automatic stay, and did not participate

5  in the preparation of this Joint Case Management Statement.

6  **1.      JURISDICTION:**

7          Pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1331, this Court has subject matter

8  jurisdiction over this action based upon federal question and diversity jurisdiction.  Defendant

9  SIMRING contests that the Court lacks personal jurisdiction over him and as detailed below, he

10  intends to file a renewed motion in this regard after the completion of jurisdictional discovery.

11  **2.      FACTS:**

12          **(a) Statement of Plaintiff HUNTER:**

13          Defendants, and each of them, owned or operated The 1031 Tax Group LLC (hereafter

14  "Tax Group") and facilitated 1031 exchanges for real estate owned by certain real estate

15  investors.  From early 2006 through May 2007, Defendants, and each of them, acquired various

16  privately held exchange companies throughout the United States including 1031 Advance, Inc.,

17  in San Jose, California.  On or about March 27, 2007, in order to accomplish a 1031 exchange,

18  Plaintiff HUNTER entered into an Exchange Agreement with Defendants, and each of them,

19  through the subsidiary, 1031 Advance, Inc.  Pursuant to the terms of this Exchange Agreement,

20  the proceeds from the sale of Plaintiff HUNTER's real property were to be held by said

21  Defendants, in trust, in a qualified intermediary account with a nationally insured bank or

22  savings institution.

23          On March 29, 2007, and pursuant to the Exchange Agreement, Plaintiff HUNTER

24  deposited with Defendants, and each of them, and said Defendants accepted from Plaintiff

25  HUNTER, through their subsidiary, exchange proceeds in the amount of One Million Three

26  Hundred Sixty-five Thousand Two Hundred Ninety-four Dollars and Fifty-eight Cents

27  ($1,365,294.58).  On March 29, 2007, Defendants, and each of them, through their subsidiary,

28  deposited Plaintiff's exchange proceeds into the account held in the name of the subsidiary, at

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

JOINT CASE MANAGEMENT STATEMENT
CASE NUMBER: C07 02795 JW                                                                2

1 | Countrywide Bank in Alexandria, Virginia.

2 | On April 30, 2007, Plaintiff received notice from Defendants, and each of them, through
3 | their agent, that the subsidiary 1031 Advance, Inc., had ceased conducting business. Plaintiff has
4 | demanded the return of her exchange proceeds from Defendants, and Defendants have refused.

5 | Defendants, and each of them, had access to the exchange proceeds deposited by Plaintiff
6 | HUNTER with the subsidiary. Defendants, and each of them, used Plaintiff HUNTER's
7 | exchange proceeds for their individual benefit and for the benefit of all Defendants by
8 | withdrawing said exchange proceeds and depositing them into accounts held by or for the benefit
9 | of said Defendants or by purchasing real and personal property for the benefit of said
10 | Defendants, effectively commingling Plaintiff HUNTER's exchange proceeds with their own
11 | assets.

12 | Defendants, and each of them, were operating a fraudulent investment scheme based on
13 | the premise that they would gain new clients to deposit their exchange proceeds with
14 | Defendants, and by so doing, Defendants could then replenish Plaintiff HUNTER's account from
15 | which Defendants had withdrawn Plaintiff HUNTER's exchange proceeds for Defendants' own
16 | benefit.

17 | On May 14, 2007, Tax Group filed a voluntary petition in the U.S. Bankruptcy Court for
18 | the Southern District of New York Case, Case Number 07-11448-ALG. Tax Group's Schedules
19 | allege approximately One Hundred Thirty-three Million Dollars ($133,000,000.00) in
20 | outstanding liabilities, the majority of which is owed to exchange clients of Tax Group and its
21 | subsidiaries, including 1031 Advance, Inc. IPOA and OKUN were added as interested parties to
22 | said bankruptcy filing on May 17, 2007. It appears that on November 15, 2007, IPOA filed its
23 | own bankruptcy petition in the Southern District of New York, Case Number 07-13621-MG.

24 | **(b) Statement of Defendant SIMRING:**

25 | SIMRING respectfully contends that this Court does not have jurisdiction over him. At
26 | the hearing on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Plaintiff
27 | HUNTER's counsel admitted that despite Plaintiff's broad-sweeping Complaint, SIMRING is
28 | not alleged to be an alter ego of the other Defendants. Thus, SIMRING's contacts (or lack

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

JOINT CASE MANAGEMENT STATEMENT
CASE NUMBER: C07 02795 JW

3

1  thereof) with California and the subject matter of this action must be judged on their own, and

2  jurisdictional discovery will reveal that there is no basis for this Court to exercise jurisdiction

3  over him.

4      As to the merits of this case, SIMRING denies all material allegations advanced by

5  Plaintiff HUNTER, and that he has any liability to Plaintiff HUNTER whatsoever. SIMRING

6  was the General Counsel of HOLDINGS for approximately four months. During his tenure,

7  SIMRING was appointed interim CEO of Tax Group and 1031 Advance, Inc., for approximately

8  *three* days, solely as a favor to the owner of these companies because the previous CEO abruptly

9  resigned. He never has maintained any ownership interest in Tax Group or 1031 Advance, Inc.,

10  and he never has been involved in their day-to-day operations. He never has even been to the

11  office of 1031 Advance, Inc., in California, and prior to this action, he did not know its address.

12  His only dealings with Plaintiff HUNTER were in his capacity as General Counsel of

13  HOLDINGS and in an effort to informally resolve her dispute.

14  **3.      PRINCIPAL FACTUAL ISSUES IN DISPUTE:**

15      • Whether Defendant SIMRING has sufficient contacts with California or the

16          subject matter of this action to subject him to jurisdiction in this State.

17      • Whether Defendant SIMRING owned or operated The 1031 Tax Group, LLC.

18      • Whether Defendant SIMRING ever owned or operated 1031 Advance, Inc.

19      • Whether Plaintiff HUNTER ever deposited any exchange proceeds with

20          Defendant SIMRING, or a company owned or operated by him.

21      • Whether Defendant SIMRING ever had access to the exchange proceeds

22          deposited by Plaintiff HUNTER with 1031 Advance, Inc.

23      • Whether Defendant SIMRING ever used Plaintiff HUNTER's exchange proceeds

24          for his individual benefit.

25      • Whether Defendant SIMRING was operating or was a part of a fraudulent

26          investment scheme.

27      • Defendants OKUN and HOLDINGS filed answers denying the material factual

28          allegations of the Complaint; based upon said denial, Plaintiff HUNTER believes

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

JOINT CASE MANAGEMENT STATEMENT                                                    4
CASE NUMBER: C07 02795 JW

that as to OKUN and HOLDINGS, the following factual issues are in dispute:

- o Whether Defendants OKUN and/or HOLDINGS owned or operated The 1031 Tax Group, LLC.
- o Whether Defendants OKUN and/or HOLDINGS ever owned or operated 1031 Advance, Inc.
- o Whether Plaintiff HUNTER ever deposited any exchange proceeds with Defendants OKUN and/or HOLDINGS, or a company owned or operated by Defendants OKUN and/or HOLDINGS.
- o Whether Defendants OKUN and/or HOLDINGS ever had access to the exchange proceeds deposited by Plaintiff HUNTER with 1031 Advance, Inc.
- o Whether Defendants OKUN and/or HOLDINGS ever used Plaintiff HUNTER's exchange proceeds for their own individual benefits.
- o Whether Defendants OKUN and/or HOLDINGS were operating or were a part of a fraudulent investment scheme.

4.    **PRINCIPAL LEGAL ISSUES IN DISPUTE:**

- • Whether this Court may lawfully exercise personal jurisdiction over Defendant SIMRING.
- • The relationships between the various Defendants, including agency, employment, and alter ego relationships.
- • Whether, and to what extent, Defendants acted in concert with one another.
- • Whether Defendants appropriated Plaintiff HUNTER's exchange proceeds for their own use.
- • Whether Defendants' solicitation, acceptance and appropriation of Plaintiff HUNTER's exchange proceeds amounted to a fraudulent enterprise and scheme.
- • Whether Defendants' solicitation, acceptance and appropriation of Plaintiff HUNTER's exchange proceeds amounted to a RICO violation.
- • Whether Defendants' fraudulent enterprise and scheme involved more than two

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

JOINT CASE MANAGEMENT STATEMENT
CASE NUMBER: C07 02795 JW

5

1    acts of mail fraud and wire fraud.

2    • Whether Defendants acted fraudulently in the solicitation, acceptance and

3        appropriation of Plaintiff HUNTER's exchange proceeds.

4    • Whether Defendants converted Plaintiff HUNTER's exchange proceeds in the

5        amount of $1,365,294.58.

6    • Whether Defendants conspired and agreed among themselves to commit the acts

7        constituting a RICO violation, fraud, conversion and breach of contract

8        complained of.

9    • Whether Defendants' acts were willful, wanton, malicious, and oppressive, were

10        in conscious disregard of Plaintiff HUNTER's rights, and were undertaken with

11        the intent to defraud, thereby warranting an assessment of punitive damages.

12    • Whether Defendants breached the Exchange Agreement by failing to hold

13        Plaintiff HUNTER's exchange proceeds in trust for Plaintiff HUNTER with a

14        nationally insured bank or savings institution, and by refusing, upon direction

15        from Plaintiff HUNTER, to return to her, or to pay out, the exchange proceeds on

16        her behalf.

17    • Whether Defendants acted negligently in committing the acts constituting a RICO

18        violation, fraud, conversion and breach of contract complained of.

19    • Whether Defendants engaged in Unfair Business Practices as defined by

20        California Business and Professions Code § 17200 by committing the acts

21        constituting the RICO violation, fraud, conversion and breach of contract

22        complained of.

23    • Whether, as a result of commission of the acts constituting a RICO violation,

24        fraud, conversion and breach of contract complained of, Defendants hold Plaintiff

25        HUNTER's $1,365,294.58 exchange proceeds as constructive trustee for Plaintiff

26        HUNTER's benefit.

27    • Whether Defendants obtained a bond(s) and whether Plaintiff HUNTER may seek

28        relief for her damages by claim upon said bond(s).

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

5.    **MOTIONS:**

Defendants brought a Motion to Dismiss, challenging personal jurisdiction. The Court denied the Motion, but directed parties to engage in preliminary jurisdictional discovery such that the personal jurisdiction issues could be resolved. Defendant SIMRING intends to file a motion for summary judgment based on this Court's lack of personal jurisdiction after the conclusion of jurisdictional discovery.

Plaintiff HUNTER intends to move the Court for class certification.

6.    **AMENDMENT OF PLEADINGS:**

Additional parties may be joined as information is obtained during the course of discovery, particularly as regards the class action allegations and the bonding company defendant, but at this time the parties do not intend to join any additional parties to this action.

7.    **EVIDENCE PRESERVATION:**

Plaintiff HUNTER has taken reasonable steps to preserve the documentary evidence in her possession, custody or control.

Defendant SIMRING has taken reasonable steps to preserve the limited documentary evidence in his possession, custody or control. Defense counsel is informed and believes that all documentary evidence from Defendants IPOA and HOLDINGS are in the possession of either the trustee in bankruptcy or the United States Postal Service.

8.    **DISCLOSURES:**

Plaintiff HUNTER and Defendant SIMRING have made their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

9.    **DISCOVERY:**

Per the Court's order at hearing on Defendants' Motion to Dismiss, Plaintiff HUNTER and Defendant SIMRING will initially focus upon jurisdictional issues in discovery. Jurisdictional discovery is to be completed by March 14, 2008. Further jurisdictional motions are to be filed and served by April 30, 2008. Plaintiff HUNTER and SIMRING agree to the discovery limits set forth in the Federal Rules of Civil Procedure as to the jurisdictional discovery phase only. Plaintiff HUNTER and SIMRING will further meet and confer as to the discovery

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

JOINT CASE MANAGEMENT STATEMENT
CASE NUMBER: C07 02795 JW

7

1 | limitations and proposed discovery plan, if necessary, after the jurisdictional issues resolved.

2 |       Plaintiff HUNTER will initiate discovery as to defendants OKUN and HOLDINGS

3 | regarding all relevant matters. Plaintiff HUNTER agrees to adhere to the discovery limits set

4 | forth in the Federal Rules of Civil Procedure as to defendants OKUN and HOLDINGS.

5 | **10.    CLASS ACTION ISSUES:**

6 |       Plaintiff HUNTER has stated class action allegations in her complaint.  As stated in

7 | paragraph 8, the parties will initially focus upon jurisdictional issues in discovery.  After the

8 | jurisdictional and representation issues are resolved, Plaintiff HUNTER intends to propound

9 | discovery to obtain information related to the class; thereafter, Plaintiff HUNTER intends to

10 | move to certify the class.

11 | **11.    RELATED CASES:**

12 |       There are no related cases for consolidation purposes.  However, the bankruptcy cases of

13 | The 1031 Tax Group, LLC and Defendant IPOA are generally related to the instant case insofar

14 | as documents and other evidence relevant to this case can be gathered from the bankruptcy case

15 | files.  Furthermore, Plaintiff is informed that in other jurisdictions, cases involving the

16 | Defendants, or their alter egos and agents, have been filed and are being litigated; these other

17 | cases (and the documents in said case files) are similarly related to the instant matter.

18 | **12.    RELIEF:**

19 |       Plaintiff HUNTER seeks the following relief: Actual and compensatory damages in the

20 | approximate amount of $1,365,294.58; treble damages; attorney's fees and costs; prejudgment

21 | interest at the legal rate; punitive damages; consequential damages; expectation damages; a

22 | preliminary and permanent injunction as against the unfair business practices of Defendants; an

23 | order directing Defendants to restore to the general public and to Plaintiff HUNTER all funds

24 | acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to

25 | constitute unfair business practices; and an Order that Defendants hold the sum of $1,365,294.58

26 | in trust for Plaintiff HUNTER.

27

28

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

JOINT CASE MANAGEMENT STATEMENT
CASE NUMBER: C07 02795 JW                                                                    8

1    **13.    SETTLEMENT & ADR:**

2        Plaintiff HUNTER and SIMRING are amenable to mediation, but believe that any

3    agreement in this regard is premature, particularly in light of the fact that several Defendants are

4    now unrepresented. The parties intend to meet and confer as to this issue, if necessary, after the

5    jurisdictional issues are resolved.

6    **14.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

7        The parties do not consent to a magistrate judge conducting all further proceedings.

8    Defendant SIMRING is amenable to a magistrate judge presiding over pre-trial discovery, but he

9    would like all motions heard by Judge Ware, including any renewed jurisdictional motion.

10   **15.    OTHER REFERENCES:**

11       This case is not suitable for reference to binding arbitration, a special master, or the

12   Judicial Panel on Multidistrict Litigation.

13   **16.    NARROWING OF ISSUES:**

14       The parties believe it is premature to narrow the issues through stipulation at this time.

15   However, as discovery progresses, the parties will re-evaluate this issue.

16   **17.    EXPEDITED SCHEDULE:**

17       The parties believe that this case cannot be handled on an expedited basis with

18   streamlined procedures.

19   **18.    SCHEDULING:**

20       Please see Section 8 above. The parties believe that it is premature to propose dates for a

21   pretrial conference or trial. The parties agree to further meet and confer on these issues, if

22   necessary, after the jurisdictional issues are resolved as between Plaintiff HUNTER and

23   SIMRING.

24   **19.    TRIAL:**

25       Plaintiff HUNTER has requested a jury trial. Due to the status of this action and related

26   bankruptcy issues, the estimated length of trial is uncertain at this time.

27   **20.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

28       Plaintiff HUNTER's Complaint contains class action allegations. Plaintiff HUNTER

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

JOINT CASE MANAGEMENT STATEMENT
CASE NUMBER: C07 02795 JW

9

1  intends to conduct discovery as to the class action issues.  Upon receipt of information related to
2  the class at issue, Plaintiff HUNTER will take appropriate steps to join the identified individuals.
3  In addition, Plaintiff HUNTER intends to propound discovery to determine which bonding
4  company is liable as surety for the acts of the various Defendants.

5        Defendants have filed a Certification of Interested Entities or Persons, as required by
6  Civil Local Rule 3-16. In the Certification, undersigned counsel certified that as of the date of its
7  filing, other than the named parties, there was no such interest to report. Undersigned counsel for
8  Defendant SIMRING certifies that as of this date, other than the named parties, there remains no
9  such interest to report on behalf of SIMRING.

10 **21.    OTHER MATTERS:**

11        At this time, the parties are not aware of any other matters that may facilitate the just,
12 speedy and inexpensive disposition of this matter.

14 DATED: February _____, 2008          THE PARR LAW GROUP

15                                      /S/_____
16                                      SHAWN R. PARR
                                        Attorneys for Plaintiff ANITA HUNTER

18 DATED: February _____, 2008          LAW OFFICES OF BRANDON BLOCK

19                                      /S/_____
20                                      BRANDON A. BLOCK
                                        Attorney for Defendant RICHARD SIMRING

22 **I hereby attest that I have on file all holograph signatures for any signature indicated by a
23 "conformed" signature (/S/) within this efiled document.**

                                      **ORDER**

25        The Case Management Statement and Proposed Order is hereby adopted by the Court as
26 the Case Management Order for the case and the parties are ordered to comply with this Order.

27 Dated: _____, 2008    _____

28                                      JAMES WARE
                                        Judge Of The United States District Court

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500
Fax 408-267-4535

JOINT CASE MANAGEMENT STATEMENT                                    10
CASE NUMBER: C07 02795 JW