PARR LAW GROUP
SHAWN R. PARR (SBN 206616)
shawn@parrlawgroup.com
KATHLEEN CARD (SBN 164083)
kathy@parrlawgroup.com
NATALIA LITCHEV (SBN 230775)
natalia@parrlawgroup.com
SUJATA T. REUTER (SBN 232148)
sujata@parrlawgroup.com
150 Almaden Boulevard, Suite 1380
San Jose, California 95113
Telephone: (408) 267-4500
Facsimile: (408) 267-4535

Attorneys for Plaintiff and Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANITA HUNTER,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, RICHARD B. SIMRING, and DOES 1 through DOES 50, inclusive,<br><br>Defendants. | CASE NO. C07 02795 JW<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Hearing Date: February 25, 2008<br>Hearing Time: 10:00am<br>Courtroom: 8<br>Judge: Hon. James Ware |

The following parties to the above-entitled action, Plaintiff ANITA HUNTER ("HUNTER") and Defendant and EDWARD OKUN ("OKUN"), jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

By Order of this Court dated January 4, 2008, Brandon Block, Esq., was relieved as counsel of record for Defendants EDWARD H. OKUN ("OKUN") and OKUN HOLDINGS

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500

JOINT CASE MANAGEMENT STATEMENT

1

("HOLDINGS"). HOLDINGS did not participate in the preparation of this Joint Case Management Statement. Defendant INVESTMENT PROPERTIES OF AMERICA ("IPOA") has recently filed for bankruptcy protection, is subject to the automatic stay, and did not participate in the preparation of this Joint Case Management Statement.

**1.   JURISDICTION:**

Pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1331, this Court has subject matter jurisdiction over this action based upon federal question and diversity jurisdiction.

**2.   FACTS:**

   **(a) Statement of Plaintiff HUNTER:**

Defendants, and each of them, owned or operated The 1031 Tax Group LLC (hereafter "Tax Group") and facilitated 1031 exchanges for real estate owned by certain real estate investors. From early 2006 through May 2007, Defendants, and each of them, acquired various privately held exchange companies throughout the United States including 1031 Advance, Inc., in San Jose, California. On or about March 27, 2007, in order to accomplish a 1031 exchange, Plaintiff HUNTER entered into an Exchange Agreement with Defendants, and each of them, through the subsidiary, 1031 Advance, Inc. Pursuant to the terms of this Exchange Agreement, the proceeds from the sale of Plaintiff HUNTER's real property were to be held by said Defendants, in trust, in a qualified intermediary account with a nationally insured bank or savings institution.

On March 29, 2007, and pursuant to the Exchange Agreement, Plaintiff HUNTER deposited with Defendants, and each of them, and said Defendants accepted from Plaintiff HUNTER, through their subsidiary, exchange proceeds in the amount of One Million Three Hundred Sixty-five Thousand Two Hundred Ninety-four Dollars and Fifty-eight Cents ($1,365,294.58). On March 29, 2007, Defendants, and each of them, through their subsidiary, deposited Plaintiff's exchange proceeds into the account held in the name of the subsidiary, at Countrywide Bank in Alexandria, Virginia.

On April 30, 2007, Plaintiff received notice from Defendants, and each of them, through their agent, that the subsidiary 1031 Advance, Inc., had ceased conducting business. Plaintiff has

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500

JOINT CASE MANAGEMENT STATEMENT                                          2

Received Time Feb. 22. 2008 4:23PM No. 2840

1  demanded the return of her exchange proceeds from Defendants, and Defendants have refused.

2  Defendants, and each of them, had access to the exchange proceeds deposited by Plaintiff HUNTER with the subsidiary. Defendants, and each of them, used Plaintiff HUNTER's exchange proceeds for their individual benefit and for the benefit of all Defendants by withdrawing said exchange proceeds and depositing them into accounts held by or for the benefit of said Defendants or by purchasing real and personal property for the benefit of said Defendants, effectively commingling Plaintiff HUNTER's exchange proceeds with their own assets.

Defendants, and each of them, were operating a fraudulent investment scheme based on the premise that they would gain new clients to deposit their exchange proceeds with Defendants, and by so doing, Defendants could then replenish Plaintiff HUNTER's account from which Defendants had withdrawn Plaintiff HUNTER's exchange proceeds for Defendants' own benefit.

On May 14, 2007, Tax Group filed a voluntary petition in the U.S. Bankruptcy Court for the Southern District of New York Case, Case Number 07-11448-ALG. Tax Group's Schedules allege approximately One Hundred Thirty-three Million Dollars ($133,000,000.00) in outstanding liabilities, the majority of which is owed to exchange clients of Tax Group and its subsidiaries, including 1031 Advance, Inc. IPOA and OKUN were added as interested parties to said bankruptcy filing on May 17, 2007. It appears that on November 15, 2007, IPOA filed its own bankruptcy petition in the Southern District of New York, Case Number 07-13621-MG.

**(b) Statement of Defendant OKUN:**

Defendant OKUN is presently unrepresented in this matter. Defendant OKUN has no current funds to retain representation. Defendant OKUN respectfully submits this Court lacks personal jurisdiction over him and he intends to join any motion to dismiss on grounds of lack of personal jurisdiction filed by Mr. Simring. Defendant OKUN denies the material allegations of the Plaintiff's Complaint and submits that he has done nothing wrong, and therefore, has no liability to Plaintiff. Defendant OKUN submits the appropriate forum for this lawsuit is the Bankruptcy Court in the Southern District of New York, which is administering to lawsuits

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500

JOINT CASE MANAGEMENT STATEMENT                                                     3

pertaining to 1031 Advance, Inc., the subsidiary at issue. Defendant OKUN is unable, at this time, to take a position without aid of counsel on the remainder of the Joint Case Management Statement.

3.  **PRINCIPAL FACTUAL ISSUES IN DISPUTE:**

- Whether Defendant OKUN has sufficient contacts with California or the subject matter of this action to subject him to jurisdiction in this State.
- Whether Defendant OKUN owned or operated The 1031 Tax Group, LLC.
- Whether Defendant OKUN ever owned or operated 1031 Advance, Inc.
- Whether Plaintiff HUNTER ever deposited any exchange proceeds with Defendant OKUN, or a company owned or operated by him.
- Whether Defendant OKUN ever had access to the exchange proceeds deposited by Plaintiff HUNTER with 1031 Advance, Inc.
- Whether Defendant OKUN ever used Plaintiff HUNTER's exchange proceeds for his individual benefit.
- Whether Defendant OKUN was operating or was a part of a fraudulent investment scheme.

4.  **PRINCIPAL LEGAL ISSUES IN DISPUTE:**

- Whether this Court may lawfully exercise personal jurisdiction over Defendant OKUN.
- The relationships between the various Defendants, including agency, employment, and alter ego relationships.
- Whether, and to what extent, Defendants acted in concert with one another.
- Whether Defendants appropriated Plaintiff HUNTER's exchange proceeds for their own use.
- Whether Defendants' solicitation, acceptance and appropriation of Plaintiff HUNTER's exchange proceeds amounted to a fraudulent enterprise and scheme.
- Whether Defendants' solicitation, acceptance and appropriation of Plaintiff HUNTER's exchange proceeds amounted to a RICO violation.

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500

JOINT CASE MANAGEMENT STATEMENT      4

Received Time Feb. 22. 2008 4:23PM No. 2840

- Whether Defendants' fraudulent enterprise and scheme involved more than two acts of mail fraud and wire fraud.
- Whether Defendants acted fraudulently in the solicitation, acceptance and appropriation of Plaintiff HUNTER's exchange proceeds.
- Whether Defendants converted Plaintiff HUNTER's exchange proceeds in the amount of $1,365,294.58.
- Whether Defendants conspired and agreed among themselves to commit the acts constituting a RICO violation, fraud, conversion and breach of contract complained of.
- Whether Defendants' acts were willful, wanton, malicious, and oppressive, were in conscious disregard of Plaintiff HUNTER's rights, and were undertaken with the intent to defraud, thereby warranting an assessment of punitive damages.
- Whether Defendants breached the Exchange Agreement by failing to hold Plaintiff HUNTER's exchange proceeds in trust for Plaintiff HUNTER with a nationally insured bank or savings institution, and by refusing, upon direction from Plaintiff HUNTER, to return to her, or to pay out, the exchange proceeds on her behalf.
- Whether Defendants acted negligently in committing the acts constituting a RICO violation, fraud, conversion and breach of contract complained of.
- Whether Defendants engaged in Unfair Business Practices as defined by California Business and Professions Code § 17200 by committing the acts constituting the RICO violation, fraud, conversion and breach of contract complained of.
- Whether, as a result of commission of the acts constituting a RICO violation, fraud, conversion and breach of contract complained of, Defendants hold Plaintiff HUNTER's $1,365,294.58 exchange proceeds as constructive trustee for Plaintiff HUNTER's benefit.
- Whether Defendants obtained a bond(s) and whether Plaintiff HUNTER may seek

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500

JOINT CASE MANAGEMENT STATEMENT                              5

Received Time Feb. 22. 2008 4:23PM No. 2840

relief for her damages by claim upon said bond(s).

**5. MOTIONS:**

Defendants brought a Motion to Dismiss, challenging personal jurisdiction. The Court denied the Motion, but directed parties to engage in preliminary jurisdictional discovery such that the personal jurisdiction issues could be resolved. Plaintiff HUNTER intends to move the Court for class certification.

OKUN plans to file a motion to dismiss for lack of personal jurisdiction by filing a joinder in the personal jurisdiction motion filed by Defendant SIMRING.

**6. AMENDMENT OF PLEADINGS:**

Additional parties may be joined as information is obtained during the course of discovery, particularly as regards the class action allegations and the bonding company defendant, but at this time the parties do not intend to join any additional parties to this action.

**7. EVIDENCE PRESERVATION:**

Plaintiff HUNTER has taken reasonable steps to preserve the documentary evidence in her possession, custody or control.

**8. DISCLOSURES:**

Plaintiff HUNTER and Defendant SIMRING have exchanged the information required by Fed. R. Civ. P. 26(a)(1). Plaintiff HUNTER and Defendant OKUN will exchange the information required by Fed. R. Civ. P. 26(a)(1) by January 22, 2008.

**9. DISCOVERY:**

Plaintiff HUNTER will initiate discovery as to Defendants OKUN and HOLDINGS regarding all relevant matters. Plaintiff HUNTER agrees to adhere to the discovery limits set forth in the Federal Rules of Civil Procedure as to defendants OKUN and HOLDINGS.

**10. CLASS ACTION ISSUES:**

Plaintiff HUNTER has stated class action allegations in her complaint. Plaintiff HUNTER intends to propound discovery to obtain information related to the class; thereafter, Plaintiff HUNTER intends to move to certify the class.

**11. RELATED CASES:**

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500

JOINT CASE MANAGEMENT STATEMENT                                6

Received Time Feb. 22. 2008 4:23PM No. 2840

There are no related cases for consolidation purposes. However, the bankruptcy cases of The 1031 Tax Group and Defendant IPOA are generally related to the instant case insofar as documents and other evidence relevant to this case can be gathered from the bankruptcy case files. Furthermore, Plaintiff is informed that in other jurisdictions, cases involving the Defendants, or their alter egos and agents, have been filed and are being litigated; these other cases (and the documents in said case files) are similarly related to the instant matter.

## 12. RELIEF:

Plaintiff HUNTER seeks the following relief: Actual and compensatory damages in the approximate amount of $1,365,294.58; treble damages; attorney's fees and costs; prejudgment interest at the legal rate; punitive damages; consequential damages; expectation damages; a preliminary and permanent injunction as against the unfair business practices of Defendants; an order directing Defendants to restore to the general public and to Plaintiff HUNTER all funds acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair business practices; and an Order that Defendants hold the sum of $1,365,294.58 in trust for Plaintiff HUNTER.

## 13. SETTLEMENT & ADR:

Plaintiff HUNTER and Defendant OKUN are amenable to mediation, but believe that any agreement in this regard is premature, particularly in light of the fact that several Defendants are now unrepresented, and that Defendant SIMRING intends to renew his jurisdictional motion.

## 14. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:

Plaintiff HUNTER does not consent to a magistrate judge conducting all further proceedings.

## 15. OTHER REFERENCES:

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 16. NARROWING OF ISSUES:

The parties believe it is premature to narrow the issues through stipulation at this time. However, as discovery progresses, the parties will re-evaluate this issue.

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500

JOINT CASE MANAGEMENT STATEMENT    7

Received Time Feb. 22. 2008 4:23PM No. 2840

1  17.   **EXPEDITED SCHEDULE:**

2      The parties believe that this case cannot be handled on an expedited basis with
3  streamlined procedures.

4  18.   **SCHEDULING:**

5      The parties believe that it is premature to propose dates for a pretrial conference or trial.
6  The parties agree to further meet and confer on these issues after the jurisdictional issues are
7  resolved as between Plaintiff HUNTER and Defendant SIMRING.

8

9  19.   **TRIAL:**

10     Plaintiff HUNTER has requested a jury trial. Due to the status of this action and related
11 bankruptcy issues, the estimated length of trial is uncertain at this time.

12 20.   **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

13     Plaintiff HUNTER's Complaint contains class action allegations. Plaintiff HUNTER
14 intends to conduct discovery as to the class action issues. Upon receipt of information related to
15 the class at issue, Plaintiff HUNTER will take appropriate steps to join the identified individuals.
16 In addition, Plaintiff HUNTER intends to propound discovery to determine which bonding
17 company is liable as surety for the acts of the various Defendants.

18 21.   **OTHER MATTERS:**

19     At this time, the parties are not aware of any other matters that may facilitate the just,
20 speedy and inexpensive disposition of this matter.

21

22 DATED: February 22, 2008          THE PARR LAW GROUP

23                                   /S/ _____ 232148
                                     for SHAWN R. PARR
24                                   Attorneys for Plaintiff ANITA HUNTER

25

26 DATED: February 22, 2008          /S/ _____
27                                   EDWARD OKUN

28 **I hereby attest that I have on file all holograph signatures for any signature indicated by a "conformed" signature (/S/) within this efiled document.**

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500

JOINT CASE MANAGEMENT STATEMENT                                              8

## ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____, 2008    _____
JAMES WARE
Judge Of The United States District Court

Parr Law Group
150 Almaden Blvd.
Suite 1380
San Jose, CA 95113
Ph 408-267-4500

JOINT CASE MANAGEMENT STATEMENT      9

Received Time Feb. 22. 2008 4:23PM No. 2840