LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (SBN 215888)
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 789-2482
Facsimile: (310) 496-1420
Email: brandon@bblocklaw.com

Attorneys for Defendant
RICHARD B. SIMRING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANITA HUNTER,<br><br>        Plaintiff,<br><br>vs.<br><br>EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, RICHARD B. SIMRING, and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO. C07-02795 JW<br><br>Hearing:<br>Date:    June 2, 2008<br>Time:   9:00 a.m.<br>Room:  8, 4th Floor<br>Judge:  The Honorable James Ware<br><br>**DEFENDANT RICHARD B. SIMRING'S RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declaration of Richard B. Simring and [Proposed] Order filed concurrently herewith] |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 2, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8 of the above-entitled Court located at 280 South 1st Street, 4th Floor, San Jose, California 95113, defendant Richard B. Simring will, and hereby does, renew his Motion to Dismiss plaintiff Anita Hunter's Complaint against him without leave to amend.

This Motion is made pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on the grounds that after completion of the period for jurisdictional discovery (of which Plaintiff did none), it is clear that Plaintiff cannot meet her burden of establishing that Simring has sufficient contacts with California—either generally or with respect to the subject matter of the Complaint—to subject him to jurisdiction in this State. Accordingly, the Court should not compel him to bear any further expense or burden in defending this action, over 3,000 miles from his residence.

This renewed Motion is based upon this Notice of Motion and Motion to Dismiss, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Richard B. Simring, the concurrently-filed proposed order, the pleadings and records on file herein, such further papers as may be filed in connection with this Motion and on such further evidence and argument as may be presented at the hearing on this Motion.

Dated: April 23, 2008

Respectfully submitted,

**LAW OFFICES OF BRANDON A. BLOCK**
**A PROFESSIONAL CORPORATION**

By: _____/s/_____
     Brandon A. Block

Attorneys for Defendant
RICHARD B. SIMRING

- 1 -
SIMRING'S RENEWED MOTION TO DISMISS—CASE NO. 07-CV-02795-JW

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant Richard B. Simring previously moved this Court to dismiss plaintiff Anita Hunter's Complaint on the grounds that this Court lacked jurisdiction over him. While the Court denied Mr. Simring's motion to dismiss, the Court recognized that its jurisdiction over Mr. Simring—a Florida resident—is questionable. Thus, at the hearing, the Court directed the parties to focus their initial discovery on jurisdictional issues. The Court also stated that Mr. Simring could renew his Motion to Dismiss after the conclusion of such discovery.

After completion of the parties' agreed upon period for jurisdictional discovery (*of which Plaintiff did none*), it is clear that Plaintiff cannot meet her burden of establishing that Mr. Simring has sufficient contacts with California—either generally or with respect to Plaintiff's claims—to subject him to jurisdiction in this State. The Court previously held that specific jurisdiction existed over Mr. Simring because he was the President and CEO of The 1031 Tax Group, LLC ("Tax Group"), the parent of 1031 Advance, Inc. ("Advance")—the California company that contracted with Plaintiff.[1] But as set forth in Mr. Simring's concurrently filed Declaration, he was appointed interim CEO of Tax Group and Advance, for approximately *three days*, solely as a favor to their owner because the previous CEO abruptly resigned. Mr. Simring never has maintained any ownership interest in Tax Group or Advance, and he never was involved in their day-to-day operations, let alone any of the transactions or alleged conduct at issue in this lawsuit. These facts, which were not previously before the Court, establish that Mr. Simring does not have sufficient contacts with California or this action to support jurisdiction over him. Accordingly, this Court should dismiss Plaintiff's Complaint for lack of personal jurisdiction.

### II.   STATEMENT OF FACTS

Mr. Simring is a Florida resident. (Declaration of Richard B. Simring ¶ 2; Complaint ¶¶ 10, 15). He does not have any contacts with California. He does not have a residence, mailing address, telephone number, bank account, investment account, office, agents or a place of business in

---

[1] Tax Group and Advance are debtors in a bankruptcy proceeding in New York, and neither is a named defendant in this lawsuit.

California. He does not operate, conduct, engage in or carry on any business in California. He does not own, lease or possess any real property in California. He does not pay income or property taxes to the State of California. And he never has commenced a legal action in a court located in California. (Id. ¶¶ 3-7).

Mr. Simring also does not have any connection to this lawsuit. The central contention in Plaintiff's Complaint is that nonparty Advance, a California corporation, breached its obligations as a "qualified intermediary" under a Real Property Exchange Agreement (the "Agreement") governing Plaintiff's tax-deferred "1031 exchange" of real property. (Complaint ¶ 35, Ex. A, p. 1; see id. ¶ 40).[2] In particular, Plaintiff contends that Advance failed to return exchange proceeds in its possession. (Id. ¶ 40). Based solely on this alleged breach by Advance, Plaintiff purports to assert a nationwide class action against Tax Group—Advance's parent company and a nonparty to the Agreement—and all of Tax Group's "subsidiaries." (Id. ¶ 28). But Plaintiff has not named Advance, Tax Group or any of its "subsidiaries" as a defendant in this action. Instead, Plaintiff has sued Mr. Simring and other persons and entities who are not parties to the Agreement, and in Mr. Simring's case has not had any dealings with Plaintiff.[3]

### III. PROCEDURAL HISTORY

Mr. Simring previously moved this Court to dismiss Plaintiff's Complaint on the grounds that this Court lacked jurisdiction over him. (Docket No. 11). On November 29, 2007, the Court issued an Order denying Mr. Simring's motion to dismiss. (Docket No. 39). Despite its ruling, at

---

[2] A "1031 exchange" is made pursuant to Internal Revenue Code section 1031, which provides that that "[n]o gain or loss shall be recognized on the exchange of property held for productive use in a trade or business or for investment if such property is exchanged solely for property of like kind which is to be held either for productive use in a trade or business or for investment." 26 U.S.C. § 1031(a)(1). A "qualified intermediary" provides the mandatory mechanics of a 1031 exchange. The sale proceeds of the property go directly to the qualified intermediary, who holds them until they are needed to acquire replacement property. The qualified intermediary then delivers the funds directly to the closing agent who deeds the replacement property to the taxpayer.

[3] Plaintiff alleges that the Agreement is entered into between her and defendants. (Complaint, ¶ 35). The Agreement, however, is attached to the Complaint as Exhibit A and it states that it is entered into by and between Plaintiff and Advance. (Id., Ex. A, p. 1). It is well-settled that the facts set forth in the Agreement control over Plaintiff's inconsistent allegations in her Complaint. Thompson v. Illinois Dept. of Prof. Reg., 300 F.3d 750, 754 (7th Cir. 2002) ("(W)hen a written instrument contradicts allegations in a complaint to which it is attached, the exhibit trumps the allegations.") (emphasis in original; citation and internal quotation marks omitted).

- 3 -

1  the hearing on Mr. Simring's motion, the Court questioned whether it ultimately could maintain

2  jurisdiction over him. Thus, at the hearing, the Court directed the parties to focus their initial

3  discovery on jurisdictional issues. The Court also stated that Mr. Simring could renew his Motion

4  to Dismiss after the conclusion of such discovery.

5      The parties thereafter agreed in their Joint Case Management Statement to conclude all

6  jurisdictional discovery by March 14, 2008. (Docket No. 52, § 9). As of the date of this Motion,

7  Plaintiff has not propounded any written discovery or taken any depositions related to jurisdictional

8  issues or any other matter in this action. Nevertheless, Mr. Simring continues to bear the burden of

9  being named as a defendant in this lawsuit.

10  **IV.    ARGUMENT**

11      The Court should dismiss Plaintiff's Complaint as to Mr. Simring if it finds that he is not

12  subject to personal jurisdiction in California. Fed. R. Civ. P. 12(b)(2). ***Plaintiff has the burden of***

13  ***establishing that jurisdiction exists as to him***. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir.

14  1995). She must allege well pled facts establishing all of the necessary jurisdictional bases. China

15  Technology Global Corp. v. Fuller, Tubb, Pomeroy & Stokes, No. C 0501793 JW, 2005 WL

16  1513153, at *23 (N.D. Cal. June 27, 2005) (Ware, J.). Further, in assessing Plaintiff's showing, the

17  Court should consider evidence presented by Mr. Simring. Doe v. Unocal, 248 F.3d 915, 922 (9th

18  Cir. 2001) (citation omitted). And if Mr. Simring's evidence contradicts Plaintiff's allegations, the

19  Complaint is insufficient. See, e.g., Pena v. Valo, 563 F. Supp. 742, 747 (C.D. Cal. 1983) (holding

20  that Plaintiff failed to make a prima facie showing of jurisdiction where he relied only on

21  conclusory allegations in his complaint in response to allegations in defendants' affidavits).

22      Where, as here, there is no applicable federal jurisdictional statute, the Court has personal

23  jurisdiction over Defendants to the extent permitted by California's long arm statute. Panavision

24  Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). California's long arm statute permits a

25  court to exercise personal jurisdiction over a nonresident defendant to the extent permitted by the

26  Due Process Clause of the United States Constitution. See Cal. Civ. Proc. Code § 410.10. In order

27  to satisfy due process requirements, each of the Defendants must have "minimum contacts" with

28  California such that the maintenance of this suit here "does not offend the traditional notions of fair

- 4 -

SIMRING'S RENEWED MOTION TO DISMISS—CASE NO. 07-CV-02795-JW

play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

Personal jurisdiction may take the form of "general" or "specific" jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). Where there is general jurisdiction, the Court can exercise jurisdiction as to any cause of action, even if unrelated to Defendants' activities within California. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477-78, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). Otherwise, the Court may exercise specific jurisdiction over Defendants only if there is a direct relationship between Defendants' contacts with California and Plaintiff's claims in her Complaint. Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1477 (9th Cir. 1986). As detailed below, neither general nor specific jurisdiction exists over Mr. Simring.

### A.  Mr. Simring Is Not Subject To General Jurisdiction.

Because Mr. Simring is not domiciled in California, he may be subject to general jurisdiction only if his activities in this State are "substantial" or "continuous and systematic." Helicopteros, 466 U.S. 408, 414-16, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). The standard for establishing general jurisdiction is "fairly high" and Mr. Simring's contacts must be of the sort that "approximate physical presence" in California. Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted; emphasis added); see Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) ("[a finding of general jurisdiction] is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world"); see also Congoleum Corp. v. DLW Aktiengesellschaft, 729 F.2d 1240, 124243 (9th Cir. 1984) (foreign corporation's sales and marketing efforts in forum state, including solicitation of orders, promotion of products to potential customers through the mail and through showroom displays, and attendance at trade shows and sales meetings, held insufficient to assert general jurisdiction).

Mr. Simring's contacts with California are far from continuous and systematic contacts of the sort that approximate physical presence in this State. He is not a California resident, and he does not have a residence, mailing address, telephone number, bank account, investment account,

- 5 -

office, agents or a place of business in California. He does not operate, conduct, engage in or carry on any business in California. He does not own, lease or possess any real property in California. He does not pay income or property taxes to the State of California. And he never has commenced a legal action in a court located in California. (Simring Decl. ¶¶ 2-7). Under these circumstances, he is not subject to general jurisdiction in California.

### B.   Mr. Simring Is Not Subject To Specific Jurisdiction.

Since Mr. Simring is not subject to general jurisdiction, this action should be dismissed unless Plaintiff demonstrates a sufficient nexus between her claims and Mr. Simring's activities within California such that specific jurisdiction is proper. Burger King, 471 U.S. at 472. In this regard, Ninth Circuit precedent requires Plaintiff to show that: (1) Mr. Simring has purposefully availed himself of the benefits and protections of California law; (2) Plaintiff's claims arise directly out of Mr. Simring's contacts with California; and (3) the exercise of jurisdiction over Mr. Simring is reasonable. Bancroft, 223 F.3d at 1086. Plaintiff has not established, nor can she establish, any of these requirements.

#### 1.   Mr. Simring Has Not Purposefully Availed Himself Of The Benefits And Protections Of California Law.

Mr. Simring may be deemed to have "purposefully availed" himself of the benefits and protections of California law only if he has purposefully directed activities at residents of California. Hanson v. Denckla, 357 U.S. 235, 253-54, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958); see Figi Graphics, Inc. v. Dollar Gen. Corp., 33 F. Supp. 2d 1263, 1266 (S.D. Cal. 1998) ("purposeful availment" means "deliberate action" toward forum state) (citing Ballard, 65 F.3d at 1498). This requirement ensures that Defendants will not be haled into this Court based upon "random, fortuitous or attenuated" contacts with California. Burger King, 471 U.S. at 475.

In its November 29, 2007 Order, this Court held that Mr. Simring is subject to specific jurisdiction in California because Plaintiff alleges misconduct by Tax Group and Advance, and Mr. Simring does not contest "Plaintiff's allegations that he is the President and CEO of Tax Group, Advance's parent company." (Docket No. 39, 6:13-15). The Court further stated that "Plaintiff's other allegations regarding … Simring … as to [his] involvement in the transaction at issue go

- 6 -
SIMRING'S RENEWED MOTION TO DISMISS—CASE NO. 07-CV-02795-JW

largely, if not entirely undisputed." (Id., 6:13-18). The Court concluded that Plaintiff therefore "has alleged facts sufficient to make a prima facie showing that [Simring] purposefully directed his activities at California, causing harm to Plaintiff." (Id., 6:19-20).

Mr. Simring specifically addresses the foregoing issues in his concurrently filed Declaration. In particular, Mr. Simring clarifies for the Court that he was appointed interim CEO of Tax Group and Advance only for approximately *three days* in April 2007, solely as a favor to their owner because the previous CEO abruptly resigned. (Simring Decl. ¶ 8). Mr. Simring never has maintained any ownership interest in Tax Group or Advance (or any other privately held exchange company). He never has run any business of any kind, including any type of 1031 exchange or other real estate business. Mr. Simring never was involved in the day-to-day operations of Tax Group or Advance, and was not involved in any manner in the transactions or alleged conduct at issue in this lawsuit. He never has even been to Advance's office in California, and he first learned of its address after Plaintiff filed this lawsuit. (Id.).

Additionally, Mr. Simring is not a party to the Agreement or any other agreement with Plaintiff; nor is he a party to any exchange agreement. (Simring Decl. ¶ 9). He never accepted, received, held or deposited any of the proceeds from the sale of Plaintiff's real property (termed by Plaintiff in her Complaint as "exchange proceeds"). Mr. Simring did not have access to any exchange proceeds deposited by Plaintiff in Advance's account, and he did not withdraw or remove any exchange proceeds deposited by Plaintiff in such account for his own or anyone else's benefit. (Id.).

Mr. Simring's only contact with Plaintiff was in his capacity as General Counsel of defendant Okun Holdings, Inc., a position he maintained for only eight months, and only four months before Advance was closed. (Simring Decl. ¶ 10). In particular, his only dealings with Plaintiff were after she signed the Agreement and were by telephone, in response to her phone calls to Advance inquiring about its status. (Id.) These facts, which were not previously before the Court, establish that Mr. Simring did not purposefully direct any activities at California that caused harm to Plaintiff.

- 7 -
SIMRING'S RENEWED MOTION TO DISMISS—CASE NO. 07-CV-02795-JW

### 2. **Plaintiff's Claims Against Mr. Simring Do Not Arise Out Of Any California-Related Activities By Him.**

Plaintiff's claims may be deemed to arise out of Mr. Simring's contacts with California only if "but for" these contacts, Plaintiff would not have sustained her purported injury. Terracom v. Valley Nat'l Bank, 49 F.3d 555, 561 (9th Cir. 1995). Mr. Simring's activities, if "too attenuated" to Plaintiff's alleged injury, will not satisfy this standard. Doe v. Am. Nat'l Red Cross, 112 F.3d 1048, 1041 (9th Cir. 1997).

As detailed herein, Mr. Simring's nearly nonexistent contacts with California are far too attenuated to Plaintiff's alleged injury to satisfy the "but for" test. Moreover, Plaintiff has not alleged, and cannot present any evidence, even tending to establish that "but for" Mr. Simring's involvement with Tax Group or Advance in California, she would not have sustained her purported injury. Plaintiff's purported injuries simply do not arise out of any forum-related activities by Mr. Simring.

### 3. **Exercising Jurisdiction Over Mr. Simring Would Be Unreasonable.**

The exercise of jurisdiction over Mr. Simring must be "reasonable." Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 11316, 107 S. Ct. 1026 (1987). In determining whether jurisdiction over Mr. Simring is "reasonable," the Court must balance the following factors: (1) the extent of his "purposeful" interjection into California; (2) the burden on Mr. Simring in defending in California; (3) the extent of conflict with the sovereignty of Florida, where Mr. Simring is domiciled; (4) California's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of California to Plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. CoreVent Corp. v. Nobel Indus., 11 F.3d 1482, 1485 (9th Cir. 1993).

Balancing these factors, it would be unreasonable to exercise jurisdiction here. Mr. Simring has not purposefully interjected himself into California. (See Simring Decl. ¶¶ 2-10). Yet he has faced and will continue to face an undue burden if he were forced to continue to defend himself here. Mr. Simring, a Florida lawyer, will incur substantial inconvenience and expense in traveling to California. Even if Plaintiff's burden in traveling to Florida equals Mr. Simring's burden, and it

would not, this factor tips in favor of Mr. Simring because the law of personal jurisdiction is "primarily concerned with the defendant's burden." <u>Terracom</u>, 49 F.3d at 561. Further, since most of the parties, witnesses and documents are located in Virginia and Florida, California is not the most efficient forum to resolve this controversy. Finally, Plaintiff may pursue her claims against Mr. Simring in an alternative forum, namely, Florida.

## V. CONCLUSION

For the foregoing reasons, Mr. Simring respectfully requests that this Court dismiss the Complaint without leave to amend.

Dated: April 23, 2008

Respectfully submitted,

**LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION**

By: _____/s/_____
Brandon A. Block

Attorneys for Defendant
RICHARD B. SIMRING