Shawn R. Parr, Ca. Bar No. 206616
**PARR LAW GROUP**
150 Almaden Blvd., Suite 1380
San Jose, CA 95113
Telephone: (408) 267-4500
Facsimile: (408) 267-4535

Robert L. Brace, Ca. Bar No. 122240
Michael P. Denver, Ca. Bar No. 199279
**HOLLISTER & BRACE**
1126 Santa Barbara Street
Santa Barbara, CA 93101
Telephone: (805) 963-6711
Facsimile: (805) 965-0329

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA HUNTER,<br><br>　　　　　Plaintiff,<br>vs.<br><br>EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, RICHARD B. SIMRING, and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No. C07-02795 JW<br>[the Honorable James Ware]<br><br>**PLAINTIFF'S DECLARATION IN SUPPORT OF OPPOSITION TO DEFENDANT SIMRING'S RENEWED RULE 12(B)(2) MOTION TO DISMISS** |

　　　　I, Anita Hunter, am the Plaintiff in the above-entitled action. I make this declaration based upon my own personal knowledge and if called as a witness I would declare as follows:

　　　　1.　　I previously submitted a declaration in support of my Opposition to Defendant Richard B. Simring's ("Simring") original Motion to Dismiss challenging personal jurisdiction (Docket No. 19, the "Prior Hunter Decl.") which Motion was denied. This declaration, which is offered in support of my Opposition to Simring's renewed Motion, is intended to supplement my earlier declaration and I hereby incorporate my earlier declaration into this document by reference thereto.

　　　　2.　　I am a California resident and have been one for approximately 19 years.

1      3.     In or around March 2007, I contracted with 1031 Advance, Inc., a California corporation located in San Jose, California ("1031 Advance"), and a subsidiary of The 1031 Tax Group, LLC ("1031 Tax Group") to perform a 1031 exchange. A copy of my contract with 1031 Advance attached as Exhibit 1 to my prior declaration. The terms of my contract with 1031 Advance specified, among other things, that California law governed the contract (Prior Hunter Decl., Exh. 1, p.6). Pursuant to the contract, my funds totaling $1,356,294.58 were deposited in trust with 1031 Advance. My funds, which were the proceeds from the sale of real property located in California were to be used by 1031 Advance to purchase replacement property for my benefit in California.

    4.     I understand that Simring was the CEO of 1031 Tax Group and 1031 Advance.

    5.     I have learned that Simring had the ability to control funds deposited with 1031 Advance and that Simring personally and purposefully exercised his control over my exchange funds deposited with 1031 Advance which were in a safe, secure and segregated account at Countrywide Bank. I received a 1099 for interest I earned on that segregated account for the 2007 tax year.

    6.     I have learned that upon taking control of my funds, Simring directed that my funds be taken out of my safe, secure and segregated account and diverted into a 1031 Advance account at Wachovia Bank whereafter they disappeared.

    7.     I have only recently become aware of Simring's actions whereby he personally took control over my funds and diverted them from my account to 1031 Advance's own account. I learned this information from Sally Young at Countrywide Bank, the bank from which Simring took my funds. Sally Young sent materials to me which demonstrate what Simring did with my money.

    8.     Attached hereto as Exhibit 1 are true and correct copies of the following materials which I received when they were sent by Sally Young of Countrywide to me: (i) An email dated April 26, 2007, sent by Simring in the normal course and scope of his business practices at 1031 Advance and The 1031 Tax Group, LLC, to, among others, Sally Young of Countrywide Bank, wherein Simring directs Countrywide to take "all funds" out of Countrywide account # 423806

PLAINTIFF'S DECLARATION IN SUPPORT OF OPPOSITION TO DEFENDANT'S RENEWED RULE 12(B)(2) MOTION

1  (my account) and to wire those funds to Wachovia Bank account # 2000031753272 (1031
2  Advance's account); (ii) wire confirmation materials demonstrating that Simring's instructions
3  were followed and $1,365,301.30 was sent from my Countrywide account # 423806 to the
4  referenced Wachovia account belonging to 1031 Advance; and (iii) an email dated March 6,
5  2008 whereby Young of Countrywide transmitted to me the Simring wire instructions and
6  resultant wire confirmation materials discussed herein.

7       9.    I am informed and believe that Sally Young at Countrywide actually received the
8  referenced email from Simring dated April 26, 2007 and kept and maintained a copy thereof all
9  in the course and scope of her usual business practices and activities at Countrywide. Young
10 then sent a copy of the email to me on March 6, 2008 as indicated on the documents comprising
11 Exhibit 1 and I received that material from Young on or about that same day.

12      10.   I am informed and believe that Sally Young at Countrywide compiled the other
13 wire and account related materials contained in Exhibit 1, which records are business records
14 kept and maintained in the course and scope of Countrywide's usual business activities. Young
15 then sent a copy of these materials to me on March 6, 2008 as indicated on the documents
16 comprising Exhibit 1 and I received those materials from Young on or about that same day.

17      11.   I personally spoke with Simring on the telephone on or about Friday April 27,
18 2007 (the day after he had taken my money) and again on Monday April 30, 2007. I also believe
19 I spoke with Simring on Saturday April 28, 2007. Never in any of these conversations with
20 Simring did he give me any indication that he had taken my money out of my segregated account
21 at Counrtywide and moved it to 1031 Advance's Wachovia account. To the contrary, he
22 repeatedly asked why was worried about my funds. He assured me not to worry because his
23 company "had over a billion dollars in assets" and my exchange would be completed as
24 promised.

25      12.   In addition to the telephone conversations I had with Simring, I also received
26 emails from Simring at or around this same time evidencing that he was involved in the day to
27 day exchange operations of 1031 Advance and further assuring me that my exchange would
28 progress smoothly. Copies of those emails are attached hereto as Exhibit 2.

PLAINTIFF'S DECLARATION IN SUPPORT OF OPPOSITION TO DEFENDANT'S RENEWED RULE 12(B)(2) MOTION

1  I declare under penalty of perjury under the laws of the United States that the foregoing is
2  true and correct.
3  Dated: May 12, 2008

                                        By:  _____/s/_____
                                                 ANITA HUNTER

### SIGNATURE ATTESTATION

I hereby attest that I have on file all holograph signatures indicated by /s/ signature within this e-filed document.

                                             _____/s/_____
                                           SHAWN R. PARR