LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (SBN 215888)
1925 Century Park East, Suite 2300
Los Angeles, California 90067
Telephone: (310) 789-2482
Facsimile: (310) 496-1420
Email: brandon@bblocklaw.com

Attorneys for Defendant
RICHARD B. SIMRING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ANITA HUNTER,<br><br>      Plaintiff,<br><br>vs.<br><br>EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, RICHARD B. SIMRING, and DOES 1 through 50, inclusive,<br><br>      Defendants. | CASE NO. C07-02795 JW<br><br>Hearing:<br>Date:   June 2, 2008<br>Time:  9:00 a.m.<br>Room: 8, 4th Floor<br>Judge: The Honorable James Ware<br><br>**DEFENDANT RICHARD B. SIMRING'S REPLY BRIEF IN SUPPORT OF HIS RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
|---|---|

## I. INTRODUCTION

Plaintiff's Opposition to the Motion to Dismiss is based on misstatements of the law and inadmissible evidence that she admittedly has possessed since March 2008 but has refused to produce to Mr. Simring. Specifically, Plaintiff contends that Mr. Simring has failed to produce facts establishing his lack of contacts with California. But under well established case law, Plaintiff bears the burden of proving jurisdiction exists over Mr. Simring. Plaintiff also contends that her unsubstantiated "evidence" from Countrywide Bank of a routine intra-company wire transfer by Advance sufficiently links Mr. Simring—Advance's CEO for a mere *three days*—to California and this lawsuit. Not only did Plaintiff withhold such "evidence" during jurisdictional discovery (or otherwise propound any discovery), Mr. Simring's request to wire transfer funds from one Advance account to another Advance account—neither of which on their faces bear relation to California or Plaintiff—does not show his *purposeful* availment of the benefits or protections of California law, as required for specific jurisdiction.

One year into this case, Plaintiff cannot produce any admissible evidence to support her allegation that Mr. Simring has sufficient contacts with California or this lawsuit to subject him to jurisdiction. The only admissible evidence is to the contrary. Respectfully, the Court should dismiss Plaintiff's Complaint for lack of personal jurisdiction.

## II. ARGUMENT

### A. Plaintiff Bears The Burden Of Proving Jurisdiction.

Plaintiff's Opposition is based on the fundamental misstatement that Mr. Simring must present facts to establish this Court's lack of jurisdiction. (Opp. 2:8-9, 3:4-5.) At all times in this lawsuit, *Plaintiff* has the burden of establishing that this Court has jurisdiction over Mr. Simring. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). Furthermore, because the Court has allowed for jurisdictional discovery, Plaintiff must show the existence of jurisdiction over Mr. Simring by a preponderance of the evidence. See Peterson v. Highland Music, Inc., 140 F.3d 1313, 1319 (9th Cir. 1998). For the reasons set forth herein and in the Motion to Dismiss, Plaintiff simply cannot meet this burden of proof.

B.  **Plaintiff's Claims Do Not Arise Out Of Mr. Simring's California-based Contacts.**

Plaintiff contends that her claims arise out of Mr. Simring's "California-based contacts." (See Opp., § II.A). All of these alleged "contacts," however, were performed by Mr. Simring in his official capacity, on ***behalf of Advance***. (See id.). For the purposes of determining Mr. Simring's minimum contacts, these acts must be attributable to Advance, not to Mr. Simring, and they accordingly cannot support the assertion of personal jurisdiction over him. See Colt Studio, Inc. v. Badpuppy Enter., 75 F.Supp.2d 1104, 1111 (C.D. Cal. 1999) ("acts performed by [the appointed representatives of corporations], in their official capacities, cannot reasonably be attributed to them as individual acts creating personal jurisdiction"); Mihlon v. Superior Court, 169 Cal.App.3d 703, 715 (1985) ("[I]t is well established by California case law that for jurisdictional purposes the acts of corporate officers and directors, in their official capacities, are acts exclusively of the corporation, and are thus not material for purposes of establishing minimum contacts as to individuals.").

In any event, Plaintiff's alleged facts are premised on inadmissible and irrelevant evidence that is belied by Mr. Simring's testimony in his declaration. Plaintiff contends that Mr. Simring "was the CEO of 1031 Advance, Inc., a California corporation located in San Jose, California…, which contracted with Hunter, a California resident to effectuate a 1031 exchange a [sic] piece of California real property." (Opp., 3:13-16). But Mr. Simring was appointed interim CEO of Advance only for approximately three days in April 2007, solely as a favor to its owner because the previous CEO abruptly resigned. (Simring Decl. ¶ 8). Mr. Simring's very brief tenure as CEO was after Plaintiff entered into her contract with Advance. (See Hunter Decl., ¶ 3).

Plaintiff alleges that "the terms of the contract between Hunter and 1031 Advance specified that California law governed." (Opp., 3:16-17). Mr. Simring, however, is not a party to the agreement between Advance and Plaintiff, or any other agreement with Plaintiff; nor is he a party to any exchange agreement. (Simring Decl. ¶ 9).

Plaintiff contends that "Hunter sold the property, 1031 Advance accepted the sale proceeds totaling $1,356,294.58 and, as agreed, placed Hunter's money into a safe, secure and segregated

- 2 -
REPLY BRIEF IN SUPPORT OF RENEWED MOTION TO DISMISS—CASE NO. 07-CV-02795-JW

account at Countrywide Bank." (Opp., 3:17-19). But it is uncontested that Mr. Simring did not accept any of the proceeds from Plaintiff's sale of her real property, and he was not the CEO of Advance when it supposedly accepted the sale proceeds. (Simring Decl. ¶¶ 8, 9).

Plaintiff avers that "Simring himself communicated with Hunter in California by telephone and email and was otherwise personally involved with Hunter's exchange of the California property." (Opp., 3:20-21). Mr. Simring's only contact with Plaintiff, however, was in his capacity as General Counsel of Okun Holdings, Inc., a position he maintained for only eight months, and only four months before Advance was closed. (Simring Decl. ¶ 10).

Plaintiff contends that Mr. Simring "had the ability to control Hunter's funds deposited with the California corporation," and that Mr. Simring "personally and purposefully exercised his control over Hunter's funds deposited in Hunter's segregated account." (Opp., 3:21-24). But as detailed in the documents attached to Plaintiff's own declaration, Mr. Simring did not have the ability to "control" her funds, as wire transfers required independent verification. (See Hunter Decl., Ex. 1). Moreover, Mr. Simring never accepted, received, held or deposited any of the proceeds from the sale of Plaintiff's real property, and he did not withdraw or remove any exchange proceeds deposited by Plaintiff in such account for his own or anyone else's benefit. (Simring Decl. ¶ 9).

Finally, Plaintiff alleges that Mr. Simring "directed that Hunter's funds be taken out of that safe haven and diverted into an account in the name of 1031 Advance (not Hunter) at Wachovia Bank, whereafter Hunter's funds disappeared into Okun's Ponzi scheme as alleged in Hunter's complaint." (Opp., 3:24-27). Plaintiff's contention in this regard is mere conjecture based on "newly discovered documentary evidence" from Countrywide Bank (a nonparty), that Plaintiff admittedly has possessed since March 2008 but has never produced to Mr. Simring. Furthermore, the alleged evidence plainly is inadmissible on many levels.[1] Moreover, the purported evidence only links Mr. Simring to a lawful transfer of money from one Advance account to another Advance account, neither of which bears any readily apparent relation to California or Plaintiff.

---

[1] Mr. Simring has concurrently filed evidentiary objections to Plaintiff's declaration.

- 3 -

(See Hunter Decl.., Ex. 1). Put simply, this action does not arise out of any California-based contacts by Mr. Simring.

### C. The Burden On Mr. Simring Is Unreasonable.

Without citing any authority, Plaintiff contends in her Opposition that an unreasonable burden is found for jurisdictional purposes only if defending the suit is "so gravely difficult that it puts the defendant to a severe disadvantage in comparison to his or her opponent." (See Opp., 3:14-27). Plaintiff misrepresents applicable law. The proper standard is whether the exercise of jurisdiction over Mr. Simring is "reasonable." Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 11316, 107 S. Ct. 1026 (1987).

Applying the correct standard, it would be unreasonable for the Court to continue to exercise jurisdiction over Mr. Simring. He has not purposefully interjected himself into California (see Simring Decl. ¶¶ 2-10), and Plaintiff has presented no admissible evidence to the contrary. Yet one year since the inception of this lawsuit, Mr. Simring continues to bear the burden, substantial inconvenience and expense in litigating a California action.

### III. CONCLUSION

For the foregoing reasons, Mr. Simring respectfully requests that this Court dismiss the Complaint without leave to amend.

Dated: May 19, 2008

Respectfully submitted,

**LAW OFFICES OF BRANDON A. BLOCK**
**A PROFESSIONAL CORPORATION**

By: _____/s/_____
  Brandon A. Block

Attorneys for Defendant
RICHARD B. SIMRING

- 4 -

REPLY BRIEF IN SUPPORT OF RENEWED MOTION TO DISMISS—CASE NO. 07-CV-02795-JW