1  LAW OFFICES OF BRANDON A. BLOCK
   A PROFESSIONAL CORPORATION
2  BRANDON A. BLOCK (SBN 215888)
   1925 Century Park East, Suite 2300
3  Los Angeles, California 90067
   Telephone: (310) 789-2482
4  Facsimile: (310) 496-1420
   Email: brandon@bblocklaw.com
5
   Attorneys for Defendant
6  RICHARD B. SIMRING

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10

11  ANITA HUNTER,
                                          CASE NO. C07-02795 JW
12         Plaintiff,
                                          Hearing:
13      vs.                               Date:  June 2, 2008
                                          Time:  9:00 a.m.
14  EDWARD H. OKUN, OKUN HOLDINGS,        Room:  8, 4th Floor
    INC., INVESTMENT PROPERTIES OF        Judge: The Honorable James Ware
15  AMERICA, LLC, RICHARD B. SIMRING,
    and DOES 1 through 50, inclusive,     **DEFENDANT RICHARD B. SIMRING'S
16                                        OBJECTIONS TO DECLARATION OF
           Defendants.                    ANITA HUNTER SUBMITTED IN
17                                        SUPPORT OF PLAINTIFF'S OPPOSITION
                                          TO RENEWED MOTION TO DISMISS**
18

---

EVIDENTIARY OBJECTIONS—CASE NO. 07-CV-02795-JW

Defendant Richard B. Simring submits the following objections to the Declaration of Anita Hunter in support of her Opposition to Mr. Simring's Renewed Motion to Dismiss.

**The entirety of paragraph 3; p. 2, ll. 1–9.** Defendant objects to the admission of this testimony on the following grounds, among others: (i) inadmissible hearsay (FRE 802); (ii) lack of authentication (FRE 901); and (iii) best evidence rule (FRE 1002).

**The entirety of paragraph 4; p. 2, l. 10.** Defendant objects to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); and (ii) inadmissible hearsay (FRE 802).

**The entirety of paragraph 5; p. 2, ll. 11–15.** Defendant objects to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 6; p. 2, ll. 16–18.** Defendant objects to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); and (ii) inadmissible hearsay (FRE 802).

**The entirety of paragraph 7; p. 2, ll. 19–23.** Defendant objects to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 8; p. 2, l. 24 – p. 3, l. 6.** Defendant objects to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 9; p. 3, ll. 7–11.** Defendant objects to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 10; p. 3, ll. 12–16.** Defendant objects to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**The entirety of paragraph 11; p. 3, ll. 17–24.** Defendant objects to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); and (ii) inadmissible hearsay (FRE 802).

**The entirety of paragraph 12; p. 3, ll. 25–28.** Defendant objects to the admission of this testimony on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

**Exhibit 1 (referred to as copies of materials received from Sally Young at Countrywide).** Defendant objects to the admission of this exhibit on the following grounds, among others: (i) inadmissible hearsay (FRE 802); (ii) lack of authentication (FRE 901); and (iii) best evidence rule (FRE 1002).

**Exhibit 2 (referred to as copies of emails).** Defendant objects to the admission of this exhibit on the following grounds, among others: (i) lack of personal knowledge (FRE 602); (ii) inadmissible hearsay (FRE 802); (iii) lack of authentication (FRE 901); and (iv) best evidence rule (FRE 1002).

Dated: May 19, 2008

Respectfully submitted,

**LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION**

By: _____/s/_____
     Brandon A. Block

Attorneys for Defendant
RICHARD B. SIMRING