Robert L. Brace, Ca. Bar No. 122240
Michael P. Denver, Ca. Bar No. 199279
**HOLLISTER & BRACE**
1126 Santa Barbara Street
Santa Barbara, CA 93101
Telephone: (805) 963-6711
Facsimile: (805) 965-0329

Shawn R. Parr, Ca. Bar No. 206616
**THE PARR LAW GROUP**
150 Almaden Blvd., Suite 1380
San Jose, CA 95113
Telephone: (408) 267-4500
Facsimile: (408) 267-4535
*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA HUNTER, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, RICHARD B. SIMRING, and DOES 1 through 50, inclusive,<br><br>Defendants. | **Case No. C07-02795 JW**<br>**[the Honorable James Ware]**<br><br>**HUNTER'S RESPONSE TO SIMRING'S EVIDENTIARY OBJECTIONS RE: PERSONAL JURISDICTION** |

Defendant Richard B. Simring ("Simring") objects to Plaintiff Anita Hunter's ("Hunter") presentation of evidence which demonstrates the Court's prior ruling that it holds personal jurisdiction over Simring was 100% correct upon three non-meritorious grounds: (1) the evidence is irrelevant because it does not prove Simring knew he was taking a Californian's money; (2) Hunter should have produced the damning evidence earlier; and/or (3) the evidence is inadmissible. (See Docket No.s 65 and 66). Simring's Objections are misguided and they should be overruled. Simring should stop issuing sworn misrepresentations, the prior ruling should be reaffirmed and this case should move forward.

Simring first objects claiming that because the evidence does not show Simring knew the

money he took belonged to a Californian, the evidence has no bearing on whether he "purposefully" availed himself to this Court's jurisdiction. (Docket No. 65 pp.1:11-13, and 3:24-26). This is nonsense. The Court's jurisdiction is not dependent upon whether or not Simring was aware the money he took belonged to a Californian. If that were so, all dumb crooks could avoid prosecution in the Federal District Court where the wrongful act occurred and force the innocent plaintiff to travel across the country to another District Court.

Second, Simring objects claiming that Hunter was dilatory in producing the damning evidence (Docket No. 65 p3:21-24). Hunter and her counsel took the time to analyze the evidence to confirm its accuracy before turning it over, but that resulted in no prejudice to Simring. The Court already ruled on personal jurisdiction and the evidence in question certainly would not cause the Court to reverse itself. Moreover, the most damning evidence, the email Simring himself wrote was already in Simring's possession, unless that evidence was destroyed.

Third, Simring issues blanket Objections to paragraphs 3-12 of Hunter's Declaration <u>in their entirety</u> as well as to the Declaration exhibits <u>in their entirety</u>, citing Federal Rule of Evidence ("FRE") 602 ("Personal Knowledge"), FRE 802 ("Hearsay"), FRE 901 ("Authentication") and FRE 1002 ("Best Evidence") (see Docket No. 66). Simring's Objections are misguided. Obviously, each <u>entire</u> paragraph and/or exhibit is not subject to the noted objections and Hunter is not required to guess which part(s) of each Simring may or may not be objecting to. The overbroad Objections should be overruled without discussion.[1]

---

[1] If the Court wishes, Hunter will attempt to guess which portions of her testimony were the true targets of Simring's cited Objections. In so doing, Hunter does not waive her claim that she is not required to address these facially overbroad objections. Based on Hunter's guesses, the overbroad Objections should be overruled because:
  "Personal Knowledge" - - Pursuant to FRE 602, "evidence of personal knowledge may, but need not, consist of the witness' own testimony." Each paragraph to which Simring issued this Objection contains a statement evidencing Hunter's personal knowledge such as "I understand" (¶ 4) or "I have learned" (¶ 5). Moreover, the Declaration is prefaced by Hunter's representation that she has personal knowledge of the subjects she addresses.
  "Best Evidence" - - There is no "genuine question" that any document referred to by Hunter is not authentic, which renders Best Evidence objections moot, pursuant to FRE 1003.
  "Authentication" - - Pursuant to FRE 901(b)(1), materials are properly authenticated by the witness' testimony that the matters addressed are what she claims them to be. Hunter's Declaration demonstrates her personal knowledge concerning the authenticity of each document she addresses, among other ways, as follows:
    - Paragraph 3 refers to "my" contract which Hunter submits to the court and which is signed by Hunter;
    - Paragraph 5 refers to Hunter's 1099, which Hunter testifies she received;
    - Paragraphs 7,8,9,10 and 12 all refer to documents which Hunter swears under oath she personally received.
  "Hearsay" - - Hunter's declarations are not hearsay, they are properly founded on her personal knowledge and they are admissible for law and motion practice. FRCP 43(c); and N.D. CA Rule 7-5(a).

Additionally, to the extent Simring's evidentiary Objections were intended to address the materials Hunter received from Countrywide (which confirm that Simring's email directive to transfer Hunter's money into Okun's Ponzi scheme was followed by Countrywide), Hunter has already agreed that, if the Court requires, Hunter will obtain testimony from Countrywide to confirm the obvious: that these are Countrywide's business records, exempt from hearsay. However, that exercise need not occur with respect to Simring's renewed Motion because: (1) the Court has before it Simring's email directive to Countrywide; and (2) Simring's directive to Countrywide was obviously followed because Hunter's money disappeared.

Finally, if Simring still believes he is not subject to jurisdiction, he is perfectly entitled to testify under oath at the Motion Hearing that his email to Countrywide is nothing but a forgery. However, if Simring will not do so, his silence speaks for itself. Simring should stop issuing misleading declarations under penalty of perjury.[2] Simring's Motion should be denied again, with prejudice.[3]

May 27, 2008                                By: _____/S/_____

Robert L. Brace, Ca. Bar No. 122240
Michael P. Denver, Ca. Bar No. 199279
**HOLLISTER & BRACE**
1126 Santa Barbara Street
Santa Barbara, CA  93101
Telephone: (805) 963-6711
Facsimile:  (805) 965-0329

Shawn R. Parr, Ca. Bar No. 206616
**THE PARR LAW GROUP**
150 Almaden Blvd., Suite 1380
San Jose, CA  95113
Telephone: (408) 267-4500

---

[2] Examples of Simring's declarations which cannot be true given the evidence he is aware of (especially Simring's own email to Countrywide) include:  (1) "I never was involved in the day-to-day operations of Tax Group or Advance, and was not involved in any manner in the transactions or alleged conduct at issue in this lawsuit." (Docket No. 59, p.1:18-20); and (2) "I never accepted, received, held or <u>deposited</u> any of the proceeds from the sale of Plaintiff's real property…" (Id., p.1:23-25)(underline added). The evidence shows that Simring not only was "involved" in the "alleged conduct at issue" (the mishandling of exchange funds), he controlled and directed it and personally caused Hunter's funds to be <u>deposited</u> into Wachovia Bank, whereafter they disappeared into Okun's Ponzi scheme.  Simring, a lawyer, should not be allowed to misrepresent facts like this.

[3] Simring issued a final non-meritorious Objection:  that he acted as CEO for only 3 days and, as an officer, he is not subject to jurisdiction (Docket No. 65, pp.1:8 and 2:3-14). This Objection is actually an Admission that jurisdiction is proper because the evidence before the Court shows Simring was personally involved with her account for more than 3 days.

3
**RESPONSE TO SIMRING'S EVIDENTIARY OBJECTIONS RE: PERSONAL JURISDICTION**

1                                                          Facsimile:  (408) 267-4535

2

3                                                    Thomas Foley, Ca. Bar No. 65812
**FOLEY, BEZEK, BEHLE & CURTIS, LLP**
15 W. Carrillo Street
Santa Barbara, CA  93101
Telephone: (805) 962-9495
Facsimile:  (805) 962-0722
*Counsel for Plaintiffs*

---

4
**RESPONSE TO SIMRING'S EVIDENTIARY OBJECTIONS RE: PERSONAL JURISDICTION**