Shawn R. Parr, Ca. Bar No. 206616
**THE PARR LAW GROUP**
1625 Alameda Blvd., Suite 101
San Jose, CA 95126
Telephone: (408) 267-4500
Facsimile: (408) 267-4535

Robert L. Brace, Ca. Bar No. 122240
Michael P. Denver, Ca. Bar No. 199279
**HOLLISTER & BRACE**
1126 Santa Barbara Street
Santa Barbara, CA 93101
Telephone: (805) 963-6711
Facsimile: (805) 965-0329

Thomas Foley, Ca. Bar No. 65812
**FOLEY, BEZEK, BEHLE & CURTIS LLP**
15 W. Carrillo Street
Santa Barbara, CA 93101
Telephone: (805) 962-9495
Facsimile: (805) 962-0722
Email: tfoley@foleybezek.com
*Counsel for Plaintiff Hunter and the Class*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA HUNTER, and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD H. OKUN, OKUN HOLDINGS, INC., INVESTMENT PROPERTIES OF AMERICA, LLC, RICHARD B SIMRING, and DOEs 1 through DOES 50, inclusive,<br><br>Defendants. | Case No. 5:07-CV-02795-JW<br>[the Honorable James Ware]<br><br>**DECLARATION OF MICHAEL P. DENVER IN SUPPORT OF HUNTER'S MOTION FOR LEAVE TO AMEND AND FOR THE ENTRY OF A CASE AMANGEMENT ORDER** |

I, Michael P. Denver, declare as follows:

    1.    I am an attorney at Hollister & Brace. I am licensed to practice law in the State of California. I am personally apprised of the facts stated herein, and if sworn, could competently testify thereto.

///

2. I am an attorney representing Anita Hunter ("Hunter") and the Class of all others similarly situated (the "Hunter Class") in the above captioned matter (the "Hunter Action").

3. I make this declaration in support of the concurrently filed Motion for an Order granting leave to file the First Amended Complaint attached hereto as Exhibit 1 and for the entry of the proposed Case management Order attached hereto as Exhibit 2.

4. The Complaint in this matter was filed on behalf of Hunter and the Class by The Parr Law Group against defendants Richard Simring ("Simring"), Edward H. Okun ("Okun"), Okun Holdings, Inc. ("Okun Holdings") and Investment Properties of America ("IPA").

5. The Complaint addresses, among other things, the alleged mishandling of Class Members' I.R.S. § 1031 exchange funds at 1031 Advance, Inc. ("1031 Advance") and The 1031 Tax Group, LLC ("1031 Tax Group"), both Okun related entities.

6. I am informed and believe that: (i) 1031 Advance is but one of six 1031 exchange entities (collectively the "Exchange Entities") affiliated with Okun and held by 1031 Tax Group which have collapsed under suspicious circumstances; (ii) several Okun related entities have been placed into bankruptcy in the U.S. Bankruptcy Court for the Southern District of New York in the matter styled *In Re: 1031 Tax Group*, U.S. Bankruptcy Court New York Case No. 07-B-11448 (the "Okun Bankruptcy"); (iii) Okun is incarcerated due to his role in the mishandling of exchange funds described in the Complaint; and (iv) roughly 330 exchangers were victimized by the collapse of the Exchange Entities and exchange funds totaling in excess of $130,000,000 have vanished.

7. The law firm of Hollister & Brace ("H&B") was recently associated into the case to represent the Hunter Class on May 12, 2008 (Docket No. 64). H&B was hired because, among other things, of its successful experience as Interim Class Counsel in similar ongoing litigation which arose out of the nation's other large 1031 exchange scandal, involving Southwest Exchange ("SWX"), a 1031 exchange company located in Las Vegas, Nevada.

8. The SWX class litigation is filed in several separate parts. The first part is styled *In Re: Internal Revenue Service Section 1031 Tax Deferred Exchange Litigation,* Case No. 2:07-CV-01394-RCJ-LRL (the "RICO Action"). In the RICO action it is alleged that one Donald K.

McGhan ("McGhan"), with help from cohorts and certain very solvent financial institutions, took control of several 1031 Exchange Accommodators including SWX and, without the exchanger clients' consent, used $98,000,000 of the clients' exchange funds to finance McGhan's own lavish lifestyle and personal business interests. The claims available to the Hunter Class with respect to Okun and those who helped Okun steal exchange funds are very similar to the SWX Class Members' claims against McGhan and those who helped McGhan steal exchange funds.

9. A second component to the SWX Class case, which deals with insurance coverage issues arising out of McGhan's alleged theft of the 1031 exchange funds, was also filed by H&B in Federal Court in Las Vegas. That action is styled *SCCAA Holdings, LLC, et al. v. Brown & Brown, Inc.*, Case No. 2:07-CV-00536-RCJ-LRL (the "Insurance Coverage Action"). As discussed below, certain parties and issues in the SWX Insurance Coverage Action are the same as insurance parties/issues in the case at bar.

10. A third component to SWX, which deals with legal malpractice issues arising out of McGhan's alleged theft of 1031 exchange funds was very recently filed by H&B in the Federal Court in Las Vegas. That action is styled *Sorrell, et al. and Southwest Exchange, Inc., v. Snell & Wilmer and Patrick Byrne*, Case No. 2:08:CV-00761-RCJ-LRL (the "Legal Malpractice Action"). Like the class in SWX, the Hunter Class has professional negligence claims to pursue.

11. The SWX litigation involves 133 Plaintiff victims, dozens of defendants and numerous third party witnesses. The shear number of people involved in the SWX case called for significant case management. Additionally, over 3,000,000 pieces of documentary evidence have been produced in the SWX litigation and over 150 depositions have been taken in that matter to date. To manage the large number of parties, third party witnesses, numerous documents and double-tracked depositions, a comprehensive Case Management Order was entered by the Court. Among other things, the CMO designated Litigation Services and Technologies of Las Vegas, Nevada as the document depository. All of the documents produced in SWX (over 3,000,000 pages) are stored at Litigation Services. The majority of the over 150 SWX depositions have been taken at Litigation Services and the transcripts are stored there.

12. When H&B affiliated into the Hunter Action, I and other lawyers at H&B and Foley Bezek, Behle & Curtis ("FBB&C", another firm which affiliated into this case to represent Hunter and which also represents the class in the SWX litigation) began investigating the Hunter Class Members' claims. Among other things, we reviewed pleadings and other documents related to the Hunter Action, the Okun Bankruptcy and certain other Okun-related litigation. We reviewed Okun's businesses, communicated with victims to learn the facts behind their respective losses and issued numerous subpoenas to third parties to obtain case related documents. Based upon our experience with the SWX litigation, and based upon our review of the Okun related materials we obtained in response to subpoenas and otherwise, we concluded that the facts and circumstances giving rise to the claims made by the Class in SWX are remarkably similar to those which are available to the Class in this case.

13. For example, several of the new defendants identified in the proposed First Amended Complaint (the insurance broker and certain of the insurers) are also parties in the SWX matter. The claims against those defendants are the same in both cases. In addition, particularly with respect to the insurance portion of this case, many of the documents to be produced in this matter have already been produced in SWX and many of the issues to be addressed in this case have already been addressed in SWX depositions and law and motion practice. The work already done in SWX which can be applied to this case should be applied to this case to promote efficiency.

14. This case involves roughly 330 Class Member victims. The proposed First Amended Complaint will name numerous new defendants. Many thousands of documents will be produced in initial disclosures and discovery. Oral discovery will be extensive. Mediation should be pursued whenever and wherever possible. The need for case management is obvious. Due to the similarity between this matter and the SWX matter, H&B is optimistic that the case management framework created in the SWX litigation, which has effectively streamlined discovery and promoted early resolution, can also be used as the basis for cost-effective case management in this action.

///

4
DENVER DECLARATION IN SUPPORT OF MOTION FOR THE ENTRY OF AN INTIAL CASE MANAGEMENT ORDER
F:\MATTER\WK3\7316.001 - (OKUN HOLDINGS)\Pleadings\Motions\Motion for Leave to Amend\Dec MPD 091108.doc

15. The SWX documents and depositions transcripts are presently housed in the SWX document depository located at Litigation Services & Technologies in Las Vegas, Nevada. Many of the documents and deposition transcripts, particularly those bearing on insurance issues, are relevant to this matter. They should be made available to the parties in this case. To facilitate that access and to facilitate case management, I propose that the Court designate the same document depository used in SWX and direct the parties to take advantage of the work done in SWX which is applicable to this matter.

16. Litigation Services is located in Las Vegas, Nevada. The parties to this case will hail from across the country. The documents at Litigation Services will be available electronically. Thus, the location of the document depository will not impact the parties' ability to access the documents. Moreover, Litigation Services' court reporters are licensed in California and Nevada. Finally, Litigation Services, as part of its bid to provide services in this matter, has agreed not to bill parties for court reporter travel expenses, and not to bill for depository set-up fees or user set-up fees which will result in significant savings to the parties.

17. Additionally, I propose that the well respected mediator appointed by the Court in the SWX litigation, the Honorable Layn Philips, Retired, be appointed as mediator in this case. Judge Phillips' intimate knowledge of the parties, lawyers and issues present in SWX, many of which will be the same in this case, should be utilized to promote efficiency and cost savings. Judge Phillips' credentials may be viewed at Irell & Manella's web-site, www.irell.com.

\\

\\

18. Before filing this Motion, I communicated with Simring's counsel who represented that Simring may not oppose the relief requested in this Motion, but would not specifically consent to it as of the date of this filing. In any event, because (it is believed) Defendant Okun is presently incarcerated for, among other things, his role in relation to the Hunter Class' damages, neither Okun nor his entities which are presently Defendants agreed to stipulate to the requested relief. As less than all parties agreed to the requested relief, a Motion was required.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: September 11, 2008

By: _____
MICHAEL P. DENVER