# EXHIBIT 9

**CNA** · INSURANCE IN TOUCH WITH BUSINESS

Continental Insurance Company
(A Stock Company)
General Offices: CNA Plaza, Chicago, Illinois 60685

## COMMERCIAL CRIME POLICY
Policy No.: 268117856

### DECLARATIONS - FORM A

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

1. **NAMED INSURED:**      Security 1031 Services, Inc.; SOS1031 Holdings, Inc.

2. **MAILING ADDRESS:**    155 Mooney Hill Road
                           Brewster, NY 10509

3. **POLICY PERIOD:**      From 08/15/2005 to 08/15/2006
                           (12:01 A.M. Standard Time at your mailing address shown above)

4. **COVERAGE, LIMITS OF INSURANCE AND DEDUCTIBLE:**

| Coverage Forms Forming Part of This Policy | Limit of Insurance | Deductible Amount |
|---|---|---|
| Employee Dishonesty Coverage Form A - Blanket | $5,000,000 | $25,000 |

Premium for premium term 08/15/2005 to 08/15/2006:          $ 9,261

Any premium for this policy for a Policy Period extending beyond one year was computed at rates in effect at the time this policy was issued. On each renewal, continuation or anniversary of the effective date of this policy, we will compute the premium for each Coverage Part in accordance with our rates and rules in effect. Exceptions, if any, are: No exceptions.

5. **ENDORSEMENTS FORMING PART OF THIS POLICY WHEN ISSUED:**

   IL 00 17 11 85 Common Policy Conditions
   CR 10 00 06 95 Crime General Provisions
   CR 00 01 10 90 Employee Dishonesty Coverage Form A - Blanket
   FCR 11 19 09 97 Notice to Company
   IL 01 85 04 98 New York Changes - Calculation of Premium
   IL 02 68 07 00 New York Changes - Cancellation and Nonrenewal
   G-145126-A 08 03 OFAC New Policyholder Notice
   G-145184-A 06 03 OFAC Endorsement
   FCR 50 01 C 04 97 Policy Change

6. **CANCELLATION OF PRIOR INSURANCE:** By acceptance of this Policy you give us notice cancelling prior policy or bond Nos. Not Applicable, the cancellation to be effective at the time this Policy becomes effective.

CR DA 1

**CNA** . *INSURANCE IN TOUCH WITH BUSINESS*

Continental Insurance Company
(A Stock Company)
General Offices: CNA Plaza, Chicago, Illinois 60685

## COMMERCIAL CRIME POLICY
### Policy No.: 268117856

These Declarations, together with the Common Policy Conditions, Coverage Part Declarations, Coverage Form(s) and endorsements, if any, issued to form a part of this Policy, complete the above numbered Policy.

Signed and dated: 11/04/2005

Countersigned By

Company    *John B. Brant*

_____          By _____

                              Agent                                    Authorized Representative

CR DA 1

## COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

### A. Cancellation

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

   b. 30 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

### B. Changes

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

### C. Examination Of Your Books And Records

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

### D. Inspections And Surveys

1. We have the right to:
   a. Make inspections and surveys at any time;
   b. Give you reports on the conditions we find; and
   c. Recommend changes.

2. We are not obligated to make any inspections, surveys, reports or recommendations and any such actions we do undertake relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public. And we do not warrant that conditions:

IL 00 17 11 85                   Copyright, Insurance Services Office, Inc., 1983, 1992                   Page 1 of 2

    a. Are safe or healthful; or

    b. Comply with laws, regulations, codes or standards.

3. Paragraphs 1. and 2. of this condition apply not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

4. Paragraph 2. of this condition does not apply to any inspections, surveys, reports or recommendations we may make relative to certification, under state or municipal statutes, ordinances or regulations, of boilers, pressure vessels or elevators.

## E. Premiums

The first Named Insured shown in the Declarations:

1. Is responsible for the payment of all premiums; and

2. Will be the payee for any return premiums we pay.

## F. Transfer Of Your Rights And Duties Under This Policy

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

Copyright, Insurance Services Office, Inc., 1983, 1992

## CRIME GENERAL PROVISIONS

### (Loss Sustained Form)

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is or is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the DECLARATIONS. The words "we", "us" and "our" refer to the Company providing this insurance.

Words and phrases in quotation marks are defined in the policy.

Unless stated otherwise in any Crime Coverage Form, DECLARATIONS or endorsement, the following General Exclusions, General Conditions and General Definitions apply to all Crime Coverage Forms forming part of this policy.

**A.**                        **GENERAL EXCLUSIONS**

We will not pay for loss as specified below:

1. **Acts Committed by You or Your Partners:** Loss resulting from any dishonest or criminal act committed by you or any of your partners whether acting alone or in collusion with other persons.
2. **Governmental Action:** Loss resulting from seizure or destruction of property by order of governmental authority.
3. **Indirect Loss:** Loss that is an indirect result of any act or "occurrence" covered by this insurance including, but not limited to, loss resulting from:
    a. Your inability to realize income that you would have realized had there been no loss of, or loss from damage to, Covered Property.
    b. Payment of damages of any type for which you are legally liable. But, we will pay compensatory damages arising directly from a loss covered under this insurance.
    c. Payment of costs, fees or other expenses you incur in establishing either the existence or the amount of loss under this insurance.
4. **Legal Expenses:** Expenses related to any legal action.
5. **Nuclear:** Loss resulting from nuclear reaction, nuclear radiation or radioactive contamination, or any related act or incident.
6. **War and Similar Actions:** Loss resulting from war, whether or not declared, warlike action, insurrection, rebellion or revolution, or any related act or incident.

**B.**                        **GENERAL CONDITIONS**

1. **Concealment, Misrepresentation or Fraud:** This insurance is void in any case of fraud by you as it relates to this insurance at any time.  It is also void if you or any other insured at any time, intentionally conceal or misrepresent a material fact concerning:
    a. This insurance.
    b. The Covered Property.
    c. Your interest in the Covered Property; or
    d. A claim under this insurance.
2. **Consolidation—Merger:** If through consolidation or merger with, or purchase of assets of, some other entity:
    a. Any additional persons become "employees"; or
    b. You acquire the use and control of any additional "premises";
    any insurance afforded for "employees" or "premises" also applies to those additional "employees" and "premises," but only if you:
    a. Give us written notice within 30 days thereafter; and
    b. Pay us an additional premium.
3. **Coverage Extensions:** Unless stated otherwise in the Coverage Form, our liability under any Coverage Extension is part of, not in addition to, the Limit of Insurance applying to the Coverage or Coverage Section.

          Copyright, Insurance Services Office, Inc., 1994

4. **Discovery Period for Loss:** We will pay only for covered loss discovered no later than one year from the end of the policy period.

5. **Duties in the Event of Loss:** After you discover a loss or a situation that may result in loss of, or loss from damage to, Covered Property you must:
   a. Notify us as soon as possible.
   b. Submit to examination under oath at our request and give us a signed statement of your answers.
   c. Give us a detailed, sworn proof of loss within 120 days.
   d. Cooperate with us in the investigation and settlement of any claim.

6. **Joint Insured**
   a. If more than one Insured is named in the DECLARATIONS, the first named Insured will act for itself and for every other Insured for all purposes of this insurance. If the first named Insured ceases to be covered, then the next named Insured will become the first named Insured.
   b. If any Insured or partner or officer of that Insured has knowledge of any information relevant to this insurance, that knowledge is considered knowledge of every Insured.
   c. An "employee" of any Insured is considered to be an "employee" of every Insured.
   d. If this insurance or any of its coverages is cancelled or terminated as to any Insured, loss sustained by that Insured is covered only if discovered no later than one year from the date of that cancellation or termination.
   e. We will not pay more for loss sustained by more than one Insured than the amount we would pay if all the loss had been sustained by one Insured.

7. **Legal Action Against Us:** You may not bring any legal action against us involving loss:
   a. Unless you have complied with all the terms of this insurance; and
   b. Until 90 days after you have filed proof of loss with us; and
   c. Unless brought within 2 years from the date you discover the loss.

8. **Liberalization:** If we adopt any revision that would broaden the coverage under this insurance without additional premium within 45 days prior to or during the policy period, the broadened coverage will immediately apply to this insurance.

9. **Loss Covered Under More Than One Coverage of This Insurance:** If two or more coverages of this insurance apply to the same loss, we will pay the lesser of:
   a. The actual amount of loss; or
   b. The sum of the limits of insurance applicable to those coverages.

10. **Loss Sustained During Prior Insurance**
    a. If you, or any predecessor in interest, sustained loss during the period of any prior insurance that you or the predecessor in interest could have recovered under that insurance except that the time within which to discover loss had expired, we will pay for it under this insurance, provided:
       (1) This insurance became effective at the time of cancellation or termination of the prior insurance; and
       (2) The loss would have been covered by this insurance had it been in effect when the acts or events causing the loss were committed or occurred.
    b. The insurance under this Condition is part of, not in addition to, the Limits of Insurance applying to this insurance and is limited to the lesser of the amount recoverable under:
       (1) This insurance as of its effective date; or
       (2) The prior insurance had it remained in effect.

11. **Loss Covered Under This Insurance and Prior Insurance Issued by Us or Any Affiliate:** If any loss is covered:
    a. Partly by this insurance; and
    b. Partly by any prior cancelled or terminated insurance that we or any affiliate had issued to you or any predecessor in interest;
    the most we will pay is the larger of the amount recoverable under this insurance or the prior insurance.

12. **Non-Cumulation of Limit of Insurance:** Regardless of the number of years this insurance remains in force or the number of premiums paid, no Limit of Insurance cumulates from year to year or period to period.

13. **Other Insurance:** This insurance does not apply to loss recoverable or recovered under other insurance or indemnity. However, if the limit of the other insurance or indemnity is insufficient to cover the entire amount of the loss, this insurance will apply to that part of the loss, other than that falling within any deductible amount, not recoverable or recovered under the other insurance or indemnity. However, this insurance will not apply to the amount of loss that is more than the applicable Limit of Insurance shown in the DECLARATIONS.

14. **Ownership of Property; Interests Covered:** The property covered under this insurance is limited to property:
    a.  That you own or hold; or
    b.  For which you are legally liable.
    However, this insurance is for your benefit only. It provides no rights or benefits to any other person or organization.

15. **Policy Period**
    a.  The Policy Period is shown in the DECLARATIONS.
    b.  Subject to the Loss Sustained During Prior Insurance condition, we will pay only for loss that you sustain through acts committed or events occurring during the Policy Period.

16. **Records:** You must keep records of all Covered Property so we can verify the amount of any loss.

17. **Recoveries**
    a.  Any recoveries, less the cost of obtaining them, made after settlement of loss covered by this insurance will be distributed as follows:
        (1) To you, until you are reimbursed for any loss that you sustain that exceeds the Limit of Insurance and the Deductible Amount, if any;
        (2) Then to us, until we are reimbursed for the settlement made;
        (3) Then to you, until you are reimbursed for that part of the loss equal to the Deductible Amount, if any.
    b.  Recoveries do not include any recovery:
        (1) From insurance, suretyship, reinsurance, security or indemnity taken for our benefit; or
        (2) Of original "securities" after duplicates of them have been issued.

18. **Territory:** This insurance covers only acts committed or events occurring within the United States of America, U.S. Virgin Islands, Puerto Rico, Canal Zone or Canada.

19. **Transfer of Your Rights of Recovery Against Others to Us:** You must transfer to us all your rights of recovery against any person or organization for any loss you sustained and for which we have paid or settled. You must also do everything necessary to secure those rights and do nothing after loss to impair them.

20. **Valuation—Settlement**
    a.  Subject to the applicable Limit Of Insurance provision we will pay for:
        (1) Loss of "money" but only up to and including its face value. We may, at our option, pay for loss of "money" issued by any country other than the United States of America:
            (a) At face value in the "money" issued by that country; or
            (b) In the United States of America dollar equivalent determined by the rate of exchange on the day the loss was discovered.
        (2) Loss of "securities" but only up to and including their value at the close of business on the day the loss was discovered. We may, at our option:
            (a) Pay the value of such "securities" or replace them in kind, in which event you must assign to us all your rights, title and interest in and to those "securities";
            (b) Pay the cost of any Lost Securities Bond required in connection with issuing duplicates of the "securities." However, we will be liable only for the payment of so much of the cost of the bond as would be charged for a bond having a penalty not exceeding the lesser of the:

Copyright, Insurance Services Office, Inc., 1994

      i.   Value of the "securities" at the close of business on the day the loss was discovered; or
      ii.  Limit of Insurance.
  (3) Loss of, or loss from damage to, "property other than money and securities" or loss from damage to the "premises" for not more than the:
     (a) Actual cash value of the property on the day the loss was discovered;
     (b) Cost of repairing the property or "premises"; or
     (c) Cost of replacing the property with property of like kind and quality.
     We may, at our option, pay the actual cash value of the property or repair or replace it.
     If we cannot agree with you upon the actual cash value or the cost of repair or replacement, the value or cost will be determined by arbitration.
  b.  We may, at our option, pay for loss of, or loss from damage to, property other than "money":
    (1) In the "money" of the country in which the loss occurred; or
    (2) In the United States of America dollar equivalent of the "money" of the country in which the loss occurred by the rate of exchange on the day the loss was discovered.
  c.  Any property that we pay for or replace becomes our property.

**C.**                           **GENERAL DEFINITIONS**

  **1.**  "Employee" means:
    a.  Any natural person:
    (1) While in your service (and for 30 days after termination of service); and
    (2) Whom you compensate directly by salary, wages or commissions; and
    (3) Whom you have the right to direct and control while performing services for you; or
    b.  Any natural person employed by an employment contractor while that person is subject to your direction and control and performing services for you excluding, however, any such person while having care and custody of property outside the "premises."
    But "employee" does not mean any:
      (1) Agent, broker, factor, commission merchant, consignee, independent contractor or representative of the same general character; or
      (2) Director or trustee except while performing acts coming within the scope of the usual duties of an employee.
  **2.**  "Money" means:
    a.  Currency, coins and bank notes in current use and having a face value; and
    b.  Travelers checks, register checks and money orders held for sale to the public.
  **3.**  "Property Other Than Money and Securities" means any tangible property other than "money" and "securities" that has intrinsic value but does not include any property listed in any Crime Coverage Form as Property Not Covered.
  **4.**  "Securities" means negotiable and non-negotiable instruments or contracts representing either "money" or other property and includes:
    a.  Tokens, tickets, revenue and other stamps (whether represented by actual stamps or unused value in a meter) in current use; and
    b.  Evidences of debt issued in connection with credit or charge cards, which cards are not issued by you; but does not include "money."

## EMPLOYEE DISHONESTY COVERAGE FORM
### (Coverage Form A—Blanket)

**A.**                          **COVERAGE**

We will pay for loss of, and loss from damage to, Covered Property resulting directly from the Covered Cause of Loss.

1. Covered Property: "Money," "securities," and "property other than money and securities."
2. Covered Cause of Loss: "Employee dishonesty."
3. Coverage Extension

   Employees Temporarily Outside Coverage Territory: We will pay for loss caused by any "employee" while temporarily outside the territory specified in the Territory General Condition for a period not more than 90 days.

**B.**                       **LIMIT OF INSURANCE**

The most we will pay for loss in any one "occurrence" is the applicable Limit of Insurance shown in the DECLARATIONS.

**C.**                         **DEDUCTIBLE**

1. We will not pay for loss in any one "occurrence" unless the amount of loss exceeds the Deductible Amount shown in the DECLARATIONS. We will then pay the amount of loss in excess of the Deductible Amount, up to the Limit of Insurance.
2. You must:
   a. Give us notice as soon as possible of any loss of the type insured under this Coverage Form even though it falls entirely within the Deductible Amount.
   b. Upon our request, give us a statement describing the loss.

**D.**         **ADDITIONAL EXCLUSIONS, CONDITION AND DEFINITIONS**

In addition to the provisions in the Crime General Provisions, this Coverage Form is subject to the following:

1. Additional Exclusions: We will not pay for loss as specified below:
   a. **Employee Cancelled Under Prior Insurance:** loss caused by any "employee" of yours, or predecessor in interest of yours, for whom similar prior insurance has been cancelled and not reinstated since the last such cancellation.
   b. **Inventory Shortages:** loss, or that part of any loss, the proof of which as to its existence or amount is dependent upon:
      (1) An inventory computation; or
      (2) A profit and loss computation.

2. Additional Condition

   Cancellation As To Any Employee: This insurance is cancelled as to any "employee":
   a. Immediately upon discovery by:
      (1) You; or
      (2) Any of your partners, officers or directors not in collusion with the "employee";
      of any dishonest act committed by that "employee" whether before or after becoming employed by you.
   b. On the date specified in a notice mailed to you. That date will be at least 30 days after the date of mailing. The mailing of notice to you at the last mailing address known to us will be sufficient proof of notice. Delivery of notice is the same as mailing.

3. Additional Definitions
   a. **"Employee Dishonesty"** in paragraph A.2. means only dishonest acts committed by an "employee," whether identified or not, acting alone or in collusion with other persons, except you or a partner, with the manifest intent to:
      (1) Cause you to sustain loss; and also
      (2) Obtain financial benefit (other than employee benefits earned in the normal course of employment, including: salaries, commissions, fees, bonuses, promotions, awards, profit sharing or pensions) for:
         (a) The "employee"; or
         (b) Any person or organization intended by the "employee" to receive that benefit.
   b. **"Occurrence"** means all loss caused by, or involving, one or more "employees," whether the result of a single act or series of acts.

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

## NOTICE TO COMPANY

This endorsement applies to all Coverage Parts forming part of the Policy.

## PROVISIONS

Notice to the Company of any "occurrence" or any other correspondence from the Insured to the Company will be mailed or faxed to the Company's office indicated below:

Continental Insurance Company
CNA Pro.
Middle Markets - Fidelity Claims Department
P.O. Box 904
Monmouth Junction, New Jersey 08852-0904

Fax:    (732) 398-5076
Phone: 1-800-852-0393

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**NEW YORK CHANGES—CALCULATION OF PREMIUM**

This endorsement modifies insurance provided under the following:

> BOILER AND MACHINERY COVERAGE PART
> COMMERCIAL AUTO COVERAGE PART
> COMMERCIAL CRIME COVERAGE PART
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> COMMERCIAL INLAND MARINE COVERAGE PART
> COMMERCIAL PROPERTY COVERAGE PART
> EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
> FARM COVERAGE PART
> LIQUOR LIABILITY COVERAGE PART
> OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
> RAILROAD PROTECTIVE LIABILITY COVERAGE PART
> SPECIAL PROTECTIVE AND HIGHWAY LIABILITY POLICY - NEW YORK

A.  For policies with fixed terms in excess of one year, or policies with no stated expiration date, except as provided in paragraph (**B**)., the following applies:

The premium shown in the Declarations was computed based on rates and rules in effect at the time the policy was issued. On each renewal or continuation of this policy, we will compute the premium in accordance with our rates and rules then in effect.

B.  For policies with fixed terms in excess of one year, where premium is computed and paid annually, the following applies:

1.  The premium shown in the Declarations was computed based on rates and rules in effect at the time the policy was issued. Such rates and rules will be used to calculate the premium at each anniversary, for the entire term of the policy, unless the specific reasons described in paragraph 2. or 3. apply.

2.  The premium will be computed based on the rates and rules in effect on the anniversary date of the policy only when, subsequent to the inception of the current policy period, one or more of the following occurs:

a.  After issuance of the policy or after the last renewal date, discovery of an act or omission, or a violation of any policy condition, that substantially and materially increases the hazard insured against, and that occurred subsequent to inception of the current policy period;

b.  A material physical change in the property insured, occurring after issuance or last anniversary renewal date of the policy, causes the property to become uninsurable in accordance with underwriting standards in effect at the time the policy was issued or last renewed; or

c.  A material change in the nature or extent of the risk, occurring after issuance or last anniversary renewal date of the policy, which causes the risk of "loss" to be substantially and materially increased beyond that contemplated at the time the policy was issued or last renewed.

3.  If, subsequent to the inception of the current policy period, the Limit of Insurance is increased, or Additional Coverages or Causes of Loss are insured, the rate and rules in effect at the time of the change will be applied to calculate the premium and will continue to apply to the change at subsequent anniversary dates.

Copyright, Insurance Services Office, Inc., 1997

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**NEW YORK CHANGES - CANCELLATION AND NONRENEWAL**

This endorsement modifies insurance provided under the following:

>  BOILER AND MACHINERY COVERAGE PART
>  COMMERCIAL CRIME COVERAGE PART
>  COMMERCIAL GENERAL LIABILITY COVERAGE PART
>  COMMERCIAL INLAND MARINE COVERAGE PART
>  COMMERCIAL PROPERTY COVERAGE PART
>  EMPLOYMENT-RELATED PRACTICES LIABILITY COVERAGE PART
>  FARM COVERAGE PART
>  LIQUOR LIABILITY COVERAGE PART
>  PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

A.  Paragraphs 1., 2., 3. and 5. of the Cancellation Common Policy Condition are replaced by the following:

   1.  The first Named Insured shown in the Declarations may cancel this entire policy by mailing or delivering to us advance written notice of cancellation.

   2.  Cancellation Of Policies In Effect

       a.  60 Days Or Less

           We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

           (1)  30 days before the effective date of cancellation if we cancel for any reason not included in Paragraph A.2.a.(2) below.

           (2)  15 days before the effective date of cancellation if we cancel for any of the following reasons:

               (a)  Nonpayment of premium;

               (b)  Conviction of a crime arising out of acts increasing the hazard insured against;

               (c)  Discovery of fraud or material misrepresentation in the obtaining of the policy or in the presentation of a claim;

               (d)  After issuance of the policy or after the last renewal date, discovery of an act or omission, or a violation of any policy condition, that substantially and materially increases the hazard insured against, and that occurred subsequent to inception of the current policy period;

               (e)  Material physical change in the property insured, occurring after issuance or last annual renewal anniversary date of the policy, that results in the property becoming uninsurable in accordance with our objective, uniformly applied underwriting standards in effect at the time the policy was issued or last renewed; or material change in the nature or extent of the risk, occurring after issuance or last annual renewal anniversary date of the policy, that causes the risk of loss to be substantially and materially increased beyond that contemplated at the time the policy was issued or last renewed;

Copyright, Insurance Services Office, Inc., 1999

Security 1031 Services, Inc.; SOS1031 Holdings, Inc.
IL 02 68 07 00

(f)    Required pursuant to a determination by the Superintendent that continuation of our present premium volume would jeopardize our solvency or be hazardous to the interest of our policyholders, our creditors or the public;

(g)    A determination by the Superintendent that the continuation of the policy would violate, or would place us in violation of, any provision of the Insurance Code; or

(h)    Where we have reason to believe, in good faith and with sufficient cause, that there is a probable risk of danger that the insured will destroy, or permit to be destroyed, the insured property for the purpose of collecting the insurance proceeds. If we cancel for this reason, you may make a written request to the Insurance Department, within 10 days of receipt of this notice, to review our cancellation decision. Also, we will simultaneously send a copy of this cancellation notice to the Insurance Department.

**b.**    For More Than 60 Days

If this policy has been in effect for more than 60 days, or if this policy is a renewal or continuation of a policy we issued, we may cancel only for any of the reasons listed in least 15 days before the effective date of cancellation.

3.    We will mail or deliver our notice, including the reason for cancellation, to the first Named Insured at the address shown in the policy and to the authorized agent or broker.

5.    If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata.

However, when the premium is advanced under a premium finance agreement, the cancellation refund will be pro rata. Under such financed policies, we will be entitled to retain a minimum earned premium of 10% of the total policy premium or $60, whichever is greater. The cancellation will be effective even if we have not made or offered a refund.

**B.**    The following is added to the Cancellation Common Policy Condition:

7.    If one of the reasons for cancellation in Paragraphs A.2.a.(2) or D.2.b.(2) exists, we may cancel this entire policy, even if the reason for cancellation pertains only to a new coverage or endorsement initially effective subsequent to the original issuance of this policy.

**C.**    The following Conditions are added:

1.    Nonrenewal

If we decide not to renew this policy we will send notice as provided in Paragraph C.3. below.

2.    Conditional Renewal

If we conditionally renew this policy subject to a:

a.    Change of limits;

b.    Change in type of coverage;

Copyright, Insurance Services Office, Inc., 1999

c.  Reduction of coverage;

d.  Increased deductible;

e.  Addition of exclusion; or

f.  Increased premiums in excess of 10%, exclusive of any premium increase due to and commensurate with insured value added or increased exposure units; or as a result of experience rating, loss ratings, retrospective rating or audit;

we will send notice as provided in Paragraph C.3. below.

3.  Notices Of Nonrenewal And Conditional Renewal

a.  If we decide not to renew this policy or to conditionally renew this policy as provided in Paragraphs C.1. and C.2. above, we will mail or deliver written notice to the first Named Insured shown in the Declarations at least 60 but not more than 120 days before:

(1)  The expiration date; or

(2)  The anniversary date if this is a continuous policy.

b.  Notice will be mailed or delivered to the first Named Insured at the address shown in the policy and to the authorized agent or broker. If notice is mailed, proof of mailing will be sufficient proof of notice.

c.  Notice will include the specific reason(s) for nonrenewal or conditional renewal, including the amount of any premium increase for conditional renewal and description of any other changes.

d.  If we violate any of the provisions of Paragraphs C.3.a., b. or c.above by sending the first Named Insured an incomplete or late conditional renewal notice or a late nonrenewal notice:

(1)  Coverage will remain in effect at the same terms and conditions of this Policy at the lower of the current rates or the prior period's rates until 60 days after such notice is mailed or delivered, unless the first Named Insured, during this 60 day period, has replaced the coverage or elects to cancel.

(2)  On or after the expiration date of this policy, coverage will remain in effect at the same terms and conditions of this policy for another policy period, at the lower of the current rates or the prior period's rates, unless the first Named Insured, during this additional policy period, has replaced the coverage or elects to cancel.

e.  We will not send you notice of nonrenewal or conditional renewal if you, your authorized agent or broker or another insurer of yours mails or delivers notice that the policy has been replaced or is no longer desired.

D.  The following provisions apply when the Commercial Property Coverage Part or the Farm Coverage Part is made a part of this policy:

Copyright, Insurance Services Office, Inc., 1999

1.   Items D.2. and D.3. apply if this policy meets the following conditions:

    a.   The policy is issued or issued for delivery in New York State covering property located in this state; and

    b.   The policy insures:

        (1)   For loss of or damage to structures, other than hotels or motels, used predominantly for residential purposes and consisting of no more than four dwelling units; or

        (2)   For loss of or damage to personal property other than farm personal property or business property; or

        (3)   Against damages arising from liability for loss of, damage to or injury to persons or property, except liability arising from business or farming; and

    c.   The portion of the annual premium attributable to the property and contingencies described in 1.b. exceeds the portion applicable to other property and contingencies.

2.   Paragraph 2. of the Cancellation Common Policy Condition is replaced by the following:

    2.   Procedure And Reasons For Cancellation

        a.   We may cancel this entire policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

            (1)   15 days before the effective date of cancellation if we cancel for nonpayment of premium; or

            (2)   30 days before the effective date of cancellation if we cancel for any other reason.

        b.   But if this policy:

            (1)   Has been in effect for more than 60 days; or

            (2)   Is a renewal of a policy we issued:

        we may cancel this policy only for one or more of the following reasons:

            (1)   Nonpayment of premium;

            (2)   Conviction of a crime arising out of acts increasing the risk of loss;

            (3)   Discovery of fraud or material misrepresentation in obtaining the policy or in making a claim;

            (4)   Discovery of willful or reckless acts or omissions increasing the risk of loss;

            (5)   Physical changes in the covered property that make that property uninsurable in accordance with our objective and uniformly applied underwriting standards in effect when we:

                (a)   Issued the policy; or

Copyright, Insurance Services Office, Inc., 1999

      (b)     Last voluntarily renewed the policy;

    (6)     The Superintendent of Insurance's determination that continuing the policy would violate Chapter 28 of the Insurance Law; or

    (7)     Required pursuant to a determination by the Superintendent of Insurance that the continuation of our present premium volume would be hazardous to the interests of our policyholders, our creditors or the public.

3.    The following are added:

a.    Conditional Continuation

    Instead of cancelling this policy, we may continue it on the condition that:

    (1)     The policy limits be changed; or

    (2)     Any coverage not required by law be eliminated.

    If this policy is conditionally continued, we will mail or deliver to the first Named Insured written notice at least 20 days before the effective date of the change or elimination. We will mail or deliver our notice to the first Named Insured's last mailing address known to us. If notice is mailed, proof of mailing will be sufficient proof of notice. Delivery of the notice will be the same as mailing.

b.    Nonrenewal

    If, as allowed by the laws of New York State, we:

    (1)     Do not renew this policy; or

    (2)     Condition policy renewal upon:

        (a)     Change of limits; or

        (b)     Elimination of coverage;

    we will mail or deliver written notice of nonrenewal or conditional renewal:

    (a)     At least 45 days; but

    (b)     Not more than 60 days;

    before the expiration date of the policy. We will mail or deliver our notice to the first Named Insured's last mailing address known to us. If notice is mailed, proof of mailing will be sufficient proof of notice. Delivery of the notice will be the same as mailing.

E.    The following is added to the Farm Property - Other Farm Provisions Form Additional Coverages, Conditions, Definitions and the Commercial Property Coverage Part:

When the property is subject to the Anti-Arson Application in accordance with New York Insurance Department Regulation No. 96, the following provisions are added:

Copyright, Insurance Services Office, Inc., 1999

Security 1031 Services, Inc.: SOS1031 Holdings, Inc.
IL 02 68 07 00

If you fail to return the completed, signed and affirmed anti-arson application to us:

1.    Or our broker or agent within 45 days of the effective date of a new policy, we will cancel the entire policy by giving 20 days' written notice to you and to the mortgageholder shown in the Declarations.

2.    Before the expiration date of any policy, we will cancel the policy by giving written notice to you and to the mortgageholder shown in the Declarations at least 15 days before the effective date of cancellation.

The cancellation provisions set forth in E.1. and E.2. above supersede any contrary provisions in this policy including this endorsement.

If the notice in E.1. or E.2. above is mailed, proof of mailing will be sufficient proof of notice. Delivery of the notice will be the same as mailing.

F.    The following applies to the Commercial Property Coverage Part and the Farm Coverage Part:

Paragraphs f. and g. of the Mortgageholders Condition are replaced by the following:

f.    Cancellation

(1)    If we cancel this policy, we will give written notice to the mortgageholder at least:

(a)    10 days before the effective date of cancellation if we cancel for your nonpayment of premium; or

(b)    30 days before the effective date of cancellation if we cancel for any other reason.

(2)    If you cancel this policy, we will give written notice to the mortgageholder. With respect to the mortagageholder's interest only, cancellation will become effective on the later of:

(a)    The effective date of cancellation of the insured's coverage; or

(b)    10 days after we give notice to the mortgageholder.

g.    Nonrenewal

(1)    If we elect not to renew this policy, we will give written notice to the mortgageholder at least 10 days before the expiration date of this policy.

(2)    If you elect not to renew this policy, we will give written notice to the mortgageholder. With respect to the mortgageholder's interest only, nonrenewal will become effective on the later of:

(a)    The expiration date of the policy; or

(b)    10 days after we give notice to the mortgageholder.

G.    The following provisions apply when the following are made a part of this policy:

Commercial General Liability Coverage Part
Farm Liability Coverage Form
Liquor Liability Coverage Part
Products/Completed Operations Liability Coverage Part

Copyright, Insurance Services Office, Inc., 1999

1.  The aggregate limits of this policy as shown in the Declarations will be increased in proportion to any policy extension provided in accordance with Paragraph C.3.d. above.

2.  The last sentence of Limits Of Insurance does not apply when the policy period is extended because we sent the first Named Insured an incomplete or late conditional renewal notice or a late nonrenewal notice.

Copyright, Insurance Services Office, Inc., 1999



### POLICYHOLDER NOTICE
### Economic and Trade Sanctions Conditions

Ethics and proper business conduct has been the cornerstone of CNA since 1897. While much has changed during the last century, our commitment to these core values has not wavered. We strongly believe that proper business conduct is more than the practice of avoiding wrong; it is also a matter of choosing to do right. Nowhere is this more essential than helping in the fight against terrorism. As such, we are committed to complying with U.S. Department of Treasury Office of Foreign Asset Control (OFAC) requirements.

Through a variety of laws, OFAC administers and enforces economic sanctions against countries and groups of individuals, such as terrorists and narcotics traffickers. These laws prohibit all United States citizens (including corporations and other entities) and permanent residents from engaging in transactions with sanctioned countries and with individuals and entities on the Specially Designated Nationals (SDN) list. Because all U.S. citizens and companies are subject to this law, we wanted to be sure you were aware of its scope and restrictions. If you haven't already done so, you may want to consider discussing this issue with your legal counsel to ensure you are in compliance.

For insurance companies, accepting premium from, issuing a policy to, insuring property of, or making a claim payment to an individual or entity that is the subject of U.S.-imposed economic sanctions or trade embargoes usually are violations of these laws and regulations. Fines for violating OFAC requirements can be substantial. CNA has established an OFAC compliance program part which includes the use of exclusionary policy language. We believe this makes good business sense for CNA and you.

The purpose of this letter is to advise you that your policy includes OFAC exclusionary policy language, which may reduce or eliminate certain coverage. Specifically, if it is determined that your policy violates certain Federal or State laws or regulations, such as the U.S. list of Specially Designated Nationals or Blocked Persons (organizations or individuals associated with terrorist groups), any term or condition of your policy will be null and void to the extent it violates the applicable laws or regulations of the United States.

We're sure you share our commitment to compliance and thank you for your cooperation.

Your policy language reads as follows:

### ECONOMIC AND TRADE SANCTIONS CONDITION

The following condition is added to the Policy:

**ECONOMIC AND TRADE SANCTIONS CONDITION**

In accordance with laws and regulations of the United States concerning economic and trade embargoes, this policy is void from its inception with respect to any term or condition of this policy that violates any laws or regulations of the United States concerning economic and trade embargoes including, but not limited to the following:

1.    Any insured, or any person or entity claiming the benefits of an insured, who is or becomes a Specially Designated National or Blocked Person or who is otherwise subject to U.S. economic or trade sanctions;

2.    Any claim or "suit" that is brought in a Sanctioned Country or by a Sanctioned Country Government, where any action in connection with such claim or suit is prohibited by U.S. economic or trade sanctions;

3.    Any claim or "suit" that is brought by any Specially Designated National or Blocked Person or any person or entity who is otherwise subject to U.S. economic or trade sanctions;

---

ENDORSEMENT NUMBER: 5
POLICY NUMBER: 268117856
ISSUED TO: Security 1031 Services, Inc.; SOS1031 Holdings, Inc.

---

G-145126-A (ED. 08/03)
Page 1 of 2



4.   Property that is located in a Sanctioned Country or that is owned by, rented to or in the care, custody or control of a Sanctioned Country Government, where any activities related to such property are prohibited by U.S. economic or trade sanctions; or

5.   Property that is owned by, rented to or in the care, custody or control of a Specially Designated National or Blocked Person, or any person or entity who is otherwise subject to U.S. economic or trade sanctions.

As used in this endorsement a Specially Designated National or Blocked Person is any person or entity that is on the list of Specially Designated Nationals and Blocked Persons issued by the U.S. Treasury Department's Office of Foreign Asset Control (OFAC) as it may be from time to time amended.

As used in this endorsement a Sanctioned Country is any country that is the subject of trade or economic embargoes imposed by the laws or regulations of the United States of America.

**THIS DISCLOSURE NOTICE DOES NOT PROVIDE COVERAGE NOR DOES THIS NOTICE REPLACE ANY PROVISIONS OF YOUR POLICY.  YOU SHOULD READ YOUR POLICY AND REVIEW YOUR DECLARATIONS PAGE FOR COMPLETE INFORMATION ON THE COVERAGE AND PRICE OF YOUR POLICY.  IF THERE IS ANY CONFLICT BETWEEN THE POLICY AND THIS NOTICE, <u>THE PROVISIONS OF THE POLICY SHALL PREVAIL</u>. YOUR INDEPENDENT INSURANCE AGENT WILL BE ABLE TO EXPLAIN THE TERMS OF THE CONTRACT IN DETAIL.**

ENDORSEMENT NUMBER: 5
POLICY NUMBER: 268117856
ISSUED TO: Security 1031 Services, Inc.; SOS1031 Holdings, Inc.
EFFECTIVE DATE OF ENDORSEMENT: 08/15/2005

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown above.

By Authorized Representative_____
(No signature is required if this endorsement is issued with the Policy or if it is effective on the Policy Effective Date)



**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ECONOMIC AND TRADE SANCTIONS CONDITION**

The following condition is added to the Policy:

**ECONOMIC AND TRADE SANCTIONS CONDITION**

In accordance with laws and regulations of the United States concerning economic and trade embargoes, this policy is void from its inception with respect to any term or condition of this policy that violates any laws or regulations of the United States concerning economic and trade embargoes including, but not limited to the following:

1.      Any insured under this Policy, or any person or entity claiming the benefits of such insured, who is or becomes a Specially Designated National or Blocked Person or who is otherwise subject to U.S. economic or trade sanctions;

2.      Any claim or suit that is brought in a Sanctioned Country or by a Sanctioned Country Government, where any action in connection with such claim or suit is prohibited by U.S. economic or trade sanctions;

3.      Any claim or suit that is brought by any Specially Designated National or Blocked Person or any person or entity who is otherwise subject to U.S. economic or trade sanctions;

4.      Property that is located in a Sanctioned Country or that is owned by, rented to or in the care, custody or control of a Sanctioned Country Government, where any activities related to such property are prohibited by U.S. economic or trade sanctions; or

5.      Property that is owned by, rented to or in the care, custody or control of a Specially Designated National or Blocked Person, or any person or entity who is otherwise subject to U.S. economic or trade sanctions.

As used in this endorsement a Specially Designated National or Blocked Person is any person or entity that is on the list of Specially Designated Nationals and Blocked Persons issued by the U.S. Treasury Department's Office of Foreign Asset Control (O.F.A.C.) as it may be from time to time amended.

As used in this endorsement a Sanctioned Country is any country that is the subject of trade or economic embargoes imposed by the laws or regulations of the United States of America.

ENDORSEMENT NUMBER: 6
POLICY NUMBER: 268117856
ISSUED TO: Security 1031 Services, Inc.; SOS1031 Holdings, Inc.
EFFECTIVE DATE OF ENDORSEMENT: 08/15/2005

This endorsement, which forms a part of and is for attachment to the Policy issued by the designated Insurers, takes effect on the effective date of said Policy at the hour stated in said Policy and expires concurrently with said Policy unless another effective date is shown above.

By Authorized Representative _____
(No signature is required if this endorsement is issued with the Policy or if it is effective on the Policy Effective Date)

G-145184-A (Ed. 6/03)
Page 1 of 1

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

POLICY CHANGE
(LOSS SUSTAINED FORM)

Policy Change # 1.
Original Policy Date of Issue: 8/15/2005
Effective Date of Change: 12:01 a.m. on 08/15/2005

A.    SCHEDULE

[ ] 1.    The Named Insured is changed to:

[ ] 2.    The following Insured(s) is(are) added as a Named Insured:

[ ] 3.    The following Insured(s) is(are) deleted as a Named Insured:

[ ] 4.    The Mailing Address is changed to:

      155 Mooney Hill Rd.
      Brewster, NY 10509

[ ] 5.    The premium period is: extended to    or reduced to

[ ] 6.    The following Coverage Form(s) is (are):

    [ ] Added to the Policy:

    [ ] Deleted from the Policy:

    [ ] Changed as respects the Limit(s) of Insurance and/or Deductible Amount(s):

| | | Limit of Insurance | |
|---|---|---|---|
| Coverage Form | Limit of Insurance or | Section 1 | Section 2 |

| | | Deductible Amount | |
|---|---|---|---|
| Coverage Form | Deductible Amount or | Section 1 | Section 2 |

[ ] 7.    The following Endorsement(s) is(are):

    [ ] Added to the Policy:

    [ ] Deleted from the Policy:

FCR 50 01 C 04 97          Copyright, The Surety Association of America, 1996          Page 1 of 2
Policy Number: 268117856    Copyright, Insurance Services Office, Inc. 1996
                      Copyright, CNA 1977

[ ] Changed as respects the Limit(s) of Insurance:

|  |  |  | Limit of Insurance |  |
|---|---|---|---|---|
| Coverage Form | Limit of Insurance | or | Section 1 | Section 2 |

[ ] 8.    The Policy No. is changed from    to    .

B.    PROVISIONS

    1.    Application of changes affected by this Endorsement:

        a.    Addition of a Deductible or Increase in Deductible Amount: This change applies to loss or damage resulting from acts committed or events occurring at any time, whether before or after the Effective Date of Change.

        b.    Deletion or Restriction (other than in a. above) of any Coverage or Decrease in any Limit of Insurance:

        This change applies to loss or damage resulting or events occurring

        (1)    On or after the Effective Date of Change, and also

        (2)    Before the Effective Date of Change if discovered by you after one year from that date.

        c.    All Changes Other Than in a. and b. Above:  This change applies to loss resulting from acts committed or events occurring on or after the Effective Date of Change.

    2.    No Limit of Insurance during any period will be cumulative with any other amount applicable to the same coverage during any other period.

Countersigned by                                                         Company


_____                                _____
        Agent                                                                Authorized Representative

Copyright, The Surety Association of America, 1996
Copyright, Insurance Services Office, Inc. 1996
Copyright, CNA 1977

Endorsement FEA-1

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

CR 50 10 04 97

## INCLUDE LEASED WORKERS AS EMPLOYEES

This endorsement applies to the CRIME GENERAL PROVISIONS (DISCOVERY FORM)

**B.      SCHEDULE**

**Labor Leasing Firm**

All Labor Leasing Firms

**B.      PROVISIONS**

"Employee" also includes any natural person leased to you by a labor leasing firm shown in the Schedule, under a written agreement between you and the labor leasing firm, to perform duties related to the conduct of your business, but does not mean a person furnished to you to substitute for a permanent employee on leave or to meet seasonal or short-term workload conditions.

Endorsement FEA-2

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## INCLUDE CLIENT PROPERTY

PROVISIONS:

1.    GENERAL CONDITION 14 of the CRIME GENERAL PROVISIONS is deleted in its entirety and replaced by the following:

"**Ownership of Property; Interests Covered:**  The property covered under this   insurance is limited to property:

a.    That you own or hold; or

b.    For which you are legally liable; or

c.    Held in a financial institution account in a transaction involving you as a qualified intermediary for a tax-deferred exchange of property intended to qualify under Internal Revenue Code 1031.

However, this insurance is for your benefit only.  It provides no rights or benefits to any    other person or organization."

2.    Notwithstanding the **Additional Definition** of "**Employee Dishonesty**" under **EMPLOYEE DISHONESTY COVERAGE FORM A - BLANKET**, for losses involving the funds of a client/exchangor in a transaction involving you as a qualified intermediary for a tax-deferred exchange of property intended to qualify under Internal Revenue Code 1031, "Employee Dishonesty" will mean only dishonest acts committed by an identified "employee" or "employees".

Endorsement FEA-3

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**INCLUDE OWNERS AND PARTNERS**

**FOR LOSSES INVOLVING CLIENT PROPERTY**

**PROVISIONS:**

1.    GENERAL EXCLUSION A. 1. Acts Committed by You or Your Partners, will not apply to losses involving the funds of client/exchangors while the Insured is acting as a qualified intermediary in a tax-deferred exchange of property intended to qualify under Internal Revenue Code 1031.

2.    In addition to any other rights we have under the law or this policy, it is understood and agreed that any loss paid as well as any fees, costs or expenses incurred by us as a result of the extension of coverage in Provision 1. above, will be subject to all rights of recovery that we, as surety in this undertaking of Employee Dishonesty coverage, may have against you and your partners.

Page 1 of 1

Endorsement FEA-4

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

INTERNAL CONTROLS REQUIREMENTS

PROVISIONS:

1.      The following Special Conditions are applicable to this policy:

    a.      Any payment of loss under this policy for "Employee Dishonesty" involving a transaction intended to qualify as a tax-deferred exchange of property under Internal Revenue Code 1031 is conditioned upon the Insured's having complied with the following underwriting requirements:

        i.      A written contractual agreement will be maintained between the Insured intermediary and each exchangor/client stipulating the manner in which proceeds from the relinquished property will be held and subsequently released by the Insured intermediary for use in acquiring replacement property.

        ii.     Proceeds from the relinquished property or properties of a single exchange transaction will be held in a financial institution account segregated from the intermediary's operating funds, and each single exchange transaction shall be identified by a specific file number or like tracking tool so as to provide a clear paper trail for each exchange transaction or series of related exchange transactions.

        iii.    Countersignature is required for the release of all funds, or a monthly reconciliation of all accounts involving exchange transaction        proceeds will be performed within two weeks of receipt of the account statement. Those reconciliations must be performed by an individual not authorized to deposit, withdraw or transfer funds from the account, or be reviewed by an outside CPA.

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**POLICY CHANGE**
**(LOSS SUSTAINED FORM)**

Policy Change # 2
Original Policy Date of Issue: 8/15/2005
Effective Date of Change: 12:01 a.m. on 11/22/2005

A.    SCHEDULE

[ ] 1.    The Named Insured is changed to:


[ ] 2.    The following Insured(s) is(are) added as a Named Insured:


[ ] 3.    The following Insured(s) is(are) deleted as a Named Insured:


[x] 4.    The Mailing Address is changed to:

4251 Old Route 22, Suite 5
Brewster, NY 10509

[ ] 5.    The premium period is: extended to      or reduced to

[ ] 6.    The following Coverage Form(s) is (are):

[ ] Added to the Policy:


[ ] Deleted from the Policy:


[ ] Changed as respects the Limit(s) of Insurance and/or Deductible Amount(s):

|                |                      | Limit of Insurance |           |
| -------------- | -------------------- | ------------------ | --------- |
| Coverage Form  | Limit of Insurance or | Section 1          | Section 2 |

|                |                    |    | Deductible Amount |           |
| -------------- | ------------------ | -- | ----------------- | --------- |
| Coverage Form  | Deductible Amount  | or | Section 1         | Section 2 |

[ ] 7.    The following Endorsement(s) is(are):

[ ] Added to the Policy:


[ ] Deleted from the Policy:

FCR 50 01 C 04 97                        Copyright, The Surety Association of America, 1996                        Page 1 of 2
Policy Number: 268117856          Copyright, Insurance Services Office, Inc. 1996
                                              Copyright, CNA 1977

[ ] Changed as respects the Limit(s) of Insurance:

| Coverage Form | Limit of Insurance | or | Limit of Insurance Section 1 | Section 2 |
|---|---|---|---|---|

[ ] 8.   The Policy No. is changed from        to        .

B.       PROVISIONS

1.       Application of changes affected by this Endorsement:

a.       Addition of a Deductible or Increase in Deductible Amount: This change applies to loss or damage resulting from acts committed or events occurring at any time, whether before or after the Effective Date of Change.

b.       Deletion or Restriction (other than in a. above) of any Coverage or Decrease in any Limit of Insurance:

This change applies to loss or damage resulting or events occurring

(1)      On or after the Effective Date of Change, and also

(2)      Before the Effective Date of Change if discovered by you after one year from that date.

c.       All Changes Other Than in a. and b. Above:  This change applies to loss resulting from acts committed or events occurring on or after the Effective Date of Change.

2.       No Limit of Insurance during any period will be cumulative with any other amount applicable to the same coverage during any other period.

Countersigned by                                                    Company

_____                           _____
        Agent                                                           Authorized Representative

FCR 50 01 C 04 97
Policy Number: 268117856

Copyright, The Surety Association of America, 1996
Copyright, Insurance Services Office, Inc. 1996
Copyright, CNA 1977

Page 2 of 2

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

## NAMED INSURED
**Effective as of 12:01 a. m. on: 12/09/2005**

This endorsement modifies insurance provided under the following:
    COMMERCIAL CRIME COVERAGE PART

**PROVISIONS**
1.  The Named Insured under this policy is:
    Security 1031 Services, Inc.
    SOS1031 Holdings, Inc.
    Atlantic Exchange Mutual

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## NAMED INSURED
**Effective as of 12:01 a. m. on: 12/15/2005**

This endorsement modifies insurance provided under the following:
COMMERCIAL CRIME COVERAGE PART

**PROVISIONS**
1. The Named Insured under this policy is:
   Security 1031 Services, Inc.
   SOS1031 Holdings, Inc.
   Atlantic Exchange Mutual
   AEC ReverseCo, Inc.
   AEC Development, Inc.
   AEC Exchange Company, LLC
   LKE Solutions, LLC
   Easton Exchange Services, LLC
   Wellesley Exchange Services, LLC