1  Shawn R. Parr, Ca. Bar No.206616
2  **THE PARR LAW GROUP**
   1625 Alameda Blvd., Suite 101
3  San Jose, CA 95126
   Telephone: (408) 267-4500
4  Facsimile: (408) 267-4535

5  Robert L. Brace, Ca. Bar No. 122240
   Michael P. Denver, Ca. Bar No. 199279
6  **HOLLISTER & BRACE**
   1126 Santa Barbara Street
7  Santa Barbara, CA 93101
   Telephone: (805) 963-6711
8  Facsimile: (805) 965-0329

9  Thomas Foley, Ca. Bar No. 65812
10 **FOLEY, BEZEK, BEHLE & CURTIS LLP**
   15 W. Carrillo Street
11 Santa Barbara, CA 93101
   Telephone: (805) 962-9495
12 Facsimile: (805) 962-0722
   Email: tfoley@foleybezek.com
13 *Counsel for Plaintiff Hunter and the Class*

14

15                 **UNITED STATES DISTRICT COURT**

16              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

17 ANITA HUNTER,                          | **Case No. 5:07-CV-02795-JW**
   and all others similarly situated,     | **[the Honorable James Ware]**

18                          Plaintiffs,   | **[PROPOSED] ORDER GRANTING
   vs.                                     | PLAINTIFF'S MOTION FOR LEAVE
19                                         | TO FILE A FIRST AMENDED
   EDWARD H. OKUN, OKUN HOLDINGS, INC.,    | COMPLAINT AND THE ENTRY OF
20 INVESTMENT PROPERTIES OF AMERICA,       | A CASE MANAGEMENT ORDER**
   LLC, RICHARD B. SIMRING, and DOES 1     |
21 through 50, inclusive,                  |

22                          Defendants.

23

24        Plaintiff's Motion having been duly filed and served in this case seeking an Order (1)

25 granting Leave to file a First Amended Complaint, and (2) continuing case deadlines and

26 approving the entry of an Initial Case Management Order, the Court FINDS, ADJUDICATES

27 AND DECREES as follows:

28
                                          1

Leave to Amend the Pleadings shall be freely given unless the opposing party makes a showing of undue prejudice resulting from the Amendment. *Martinez v. Newport Beach City*, 125 F. 3d 777 (9th Cir. 1997). The Court's granting of the requested leave to amend will not prejudice the defendants in the case while denying it would prejudice the Plaintiffs; and,

"A schedule may be modified only for good cause and with the Judge's consent." Fed. R. Civ. Proc. 16(b)(4). To establish "good cause", the party requesting to modify the schedule must generally show that, even with the exercise of due diligence, they cannot meet the order's timetable." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Hunter's Motion seeks to continue case deadlines to allow time for the new defendants identified in the First Amended Complaint to be served and to appear. Hunter's Motion also seeks the entry of an Initial Case Management Order so that discovery in this complex matter is run efficiently. The Court FINDS that the Motion is supported by good cause.

NOW THEREFORE, IT IS ORDERED that the Motion be, and hereby is, granted in all respects. Plaintiff shall file the First Amended Complaint forthwith. The existing case deadlines established in the Scheduling Order (Docket No. 55) are hereby vacated in favor of the schedule set forth in the proposed Case Management Order submitted by Hunter which shall be executed by the Court.

Dated: _____, 2008     _____

Honorable JAMES WARE
UNITED STATES DISTRICT COURT JUDGE

2