# EXHIBIT 2

Robert L. Brace, Ca. Bar No. 122240
Michael P. Denver, Ca. Bar No. 199279
**HOLLISTER & BRACE**
1126 Santa Barbara Street
Santa Barbara, CA 93101
Telephone: (805) 963-6711
Facsimile: (805) 965-0329

Thomas Foley, Ca. Bar No. 65812
**FOLEY, BEZEK, BEHLE & CURTIS LLP**
15 W. Carrillo Street
Santa Barbara, CA 93101
Telephone: (805) 962-9495
Facsimile: (805) 962-0722
*Counsel for Plaintiff Hunter and the Class*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA HUNTER, et al., | **Case No. 5:07-CV-02795-JW** |
| Plaintiffs, | **[the Honorable James Ware]** |
| vs. | |
| EDWARD H. OKUN, et al., | |
| Defendants. | |

## INTITIAL CASE MANAGEMENT ORDER

This Court having considered the parties' submissions to have this Initial Case

Management Order entered and finding good cause for the entry of the Order states as follows:

**IT IS HEREBY ORDERED**:

1. **Reason for Case Management Order**

This matter was filed in response to the collapse of The 1031 Tax Group, LLP ("1031

Tax Group"), 1031 Advance, Inc. ("1031 Advance"), and several other affiliated I.R.S. Code

Section 1031 Exchange Accommodators. The Court deems this matter to be complex litigation

within the meaning of Rule 16(c)(12) of the Federal Rules of Civil Procedure requiring a Case

Management Order to avoid unnecessary burdens on the Court and the litigants.

1    **2.    Rule 26 Disclosures**

2            Rule 26(a)(1) Disclosures, shall be issued within 30 days of this order, or, as to later

3    served defendants, within 30 days of filing a responsive pleading.

4    **3.    Amended Pleadings**

5            Plaintiffs shall have leave to assert additional claims and name additional parties as

6    warranted by facts obtained in discovery.

7    **4.    Use of the Document Depository**

8            The parties shall use a central Document Depository.  The purpose of the Document

9    Depository is to reduce the costs of unnecessary court filings and service of documents that

10    would otherwise be associated with complex litigation.  Use of the depository shall be governed

11    by the provisions of this Order, as set forth below.  The document depository shall be

12    maintained at:

13            Litigation Services and Technologies
               1640 W. Alta Drive, Suite 4
14            Las Vegas, NV  89106
               Tel: (702) 648-2595
15            Fax:  (702) 631-7351

16            To the extent possible, all documents shall be produced in electronic format, with

17    written documents in either TIFF or PDF format.  All documents, or images thereof, shall be

18    produced in the same form in which the documents are maintained in the usual course of

19    business.  Production shall occur by emailing or delivering, on a CD or Data DVD, images of

20    the documents to the Document Depository.  Parties may, but are not required to utilize the

21    services of the Document Depository to scan hard copy documents being produced, at the cost

22    of the producing party.

23            Upon depositing documents in the Document Depository, the producing party shall

24    serve, via e-mail attachment, a Notice of Deposit on all other parties.  The Notice will provide a

25    description of the documents produced and identify the Bates ranges.  Parties may then, at their

26    own expense, order a copy of the documents.  The procedure for lodging a document in the

27    depository or ordering a document that has been deposited is set forth below.

28

Prior to depositing the documents in the document depository, the documents shall be bate-stamped in numerical order with an assigned 3-letter prefix. As to parties and/or witnesses who have not been assigned a prefix, the depositing party shall contact Robert L. Brace or Michael P. Denver of Hollister & Brace, who are administering the assignment of suitable prefixes for the party or witness prior to the party or witness depositing documents in the document depository.

To place a document in the Document Depository, the document (or in the case of an electronic version of a document, the CD or data DVD) is to be mailed via Certified First Class Mail, or sent by courier to:

> Mr. Ben Ross
> Director of Client Services
> Litigation Services
> (Address and contact information is set forth above)

Prior to ordering documents, or e-images thereof, each party must first open a copying account with the Document Depository.   Document orders are to be faxed or mailed to the Depository Administrator identified above, who will process the order, send the document(s), CD or data DVD containing the requested document(s) out for copying and arrange for shipping to the ordering party. The ordering party's account at the Document Depository will be billed directly for printing/duplication and shipping fees.  Unless the order indicates otherwise, all copies will be sent to the ordering party via First Class U.S. Mail.  The monthly recurring costs of the Document Depository shall be allocated among the parties to this action, with each participating law firm bearing an equal share regardless of the number of clients represented by that law firm.

Counsel for parties may inspect paper documents on the premises of the Document Depository on at least two business days advanced written notice to the Document Depository. The inspecting party or parties shall bear the costs associated with the supervision of the inspection.

5.    **Electronic Discovery**

The procedures outlined above regarding the Document Depository shall not apply to

CASE MANAGEMENT ORDER

1  any requests for Electronically Stored Information (as that term is used in Fed. R. Civ. Proc. 26,

2  "ESI"). Copies of ESI produced to any party shall be provided by the Receiving Party to any

3  other party upon request, provided that the reasonable cost of duplication is paid by the party

4  requesting a copy of the ESI. Any party producing ESI shall give notice to all other parties at

5  the time of production. Nothing in this Order shall prevent any party from seeking a more

6  specific order relating to the discovery of ESI.

7  **6.     <u>Written Discovery</u>**

8          Parties are subject to F.R.C.P. Rule 33, which subjects each party to a limit of twenty-

9  five (25) written interrogatories directed to each other party, absent further Order of the Court.

10         Written discovery requests shall be served via mail, fax or hand delivery, and also via e-

11 mail in, at the producing party's option, either Microsoft Word, WordPerfect format or plain

12 text format. E-mail delivery shall occur no later than the business day following service.

13 Nothing in this paragraph shall require a party to e-mail written discovery in a format that

14 includes the transmission of metadata.

15 **7.     <u>Oral Discovery</u>**

16         The ten deposition, seven hour day limits on depositions contained in F.R.C.P. 30 shall

17 not apply in this complex matter.

18         Absent stipulation of the parties or further Order of the Court, depositions shall be

19 conducted only according to the following procedures:

20         a.      Agreements have been negotiated for court reporting and deposition videotaping

21 services with Litigation Services. Use of Litigation Services for all depositions shall be

22 mandatory except where that vendor is unable to provide a court reporter. Nothing in this Order

23 shall require a party to videotape any deposition, but any party shall have the right to request

24 that a deposition be videotaped, provided notice is given within three business days of receipt of

25 the Notice of Deposition, or no less than 15 days before the commencement of the deposition,

26 whichever is later. If such a request is made, only the requesting party and each party ordering

27 a copy shall be responsible for the cost of videotaping.

28

b.      Wherever possible, the court reporter shall make available real time reporting services to those counsel who request same. The cost of real time services shall be borne by those counsel requesting same.

c.      The Parties shall use common numerical exhibit numbers in depositions. Once a document has been marked with a particular exhibit number, it shall bear that exhibit number in all subsequent depositions and at trial.

d.      Except with the consent of the witness, all non-expert depositions shall be taken within 75 miles of the witness business or residence.

e.      Full day depositions shall commence no later than 9:30 a.m. and shall conclude no later than 5:30 p.m. Half day depositions shall conclude no later than 5:30 p.m. Exceptions may be made with the unanimous consent of all counsel appearing at the deposition.

f.      Except in cases of unforeseen emergency, any party seeking to cancel a deposition shall give all other parties 72 hours notice via e-mail.

**8.    Mediation/Settlement Conferences**

a.      **Appointment of the Mediator.**

The Court appoints Layn Phillips, Esq. of Irell & Manella LLP, as the Mediator in this matter. The Mediator's contact information is as follows: Irell & Manella LLP, 840 Newport Center Drive, Suite 400, Newport Beach, CA 92660-5324, Tel: (949) 760-5296; Fax: (949) 760-5200; e-mail: lphillips@irell.com.

The Mediator shall have the authority to schedule Mediation Sessions in San Jose, Los Angeles, Orange County, or in such other places as he in his discretion deems appropriate. The Mediator shall have the authority to order parties and representatives of corporate parties with authority to settle, to be present at any Mediation Session. Where a party is being defended by a liability insurer, the Mediator shall also have the authority to order a representative of the insurer with authority to approve a settlement to be present.

b.      **Allocation of the Mediator's Fees**

The Mediator's fees are currently $995 per hour for mediations involving three or more parties. The fees of the Mediator shall be allocated as follows:

CASE MANAGEMENT ORDER

(1) for sessions in which all, or substantially all parties participate, 50% to the plaintiffs, allocated among them on a per-law firm basis, and 50% to the defendants (including any third-party defendants), allocated among them on a per-law firm basis. Where more than one law firm represents a party, the share allocated to that party shall not exceed the amount that would be allocated if only one firm represented that party. The fees for activities of the Mediator occurring outside a formal mediation session shall also be allocated in this fashion; and

(2) for sessions in which only a subgroup of parties (such as only plaintiffs, only certain defendants, etc.) participates, the fees for that session shall be allocated on a per law firm basis to the participating parties.

**c.    Attendance**

Unless excused by the Mediator, each party shall appear at each Mediation session with its insurance representative(s) and/or other persons who have full authority to settle the case up to the amount demanded by Plaintiffs. In the case of a corporate party, a person with final settlement authority must be present. If a settlement proposal must be presented to a board or committee for approval, the person whose responsibility it is to make the proposal shall be present. Counsel are responsible for ensuring that all such persons and parties are present.

**9.    Case Schedule**

The Case Schedule, which was previously set forth in the Court's Scheduling Order (Docket No. 55) is revised as follows:

| | |
|---|---|
| **Disclosure of Expert Witnesses (¶ 13)** | *63 days before the discovery cut-off* |
| **Disclosure of Rebuttal Expert Witnesses (¶ 14)** | *49 days before the discovery cut-off* |
| **Preliminary Pretrial Conference Statements (¶ 18)** | *Due 10 days before pre-trial conference* |
| **Preliminary Pretrial Conference at 11 a.m. (¶18)** | *30 days before the Discovery cut-off* |
| **Close of All Discovery (¶ 16)** | *November 30, 2009* |
| **Last Date for Hearing Dispositive Motions (¶17)** | *60 days after the Close of All Discovery* |

CASE MANAGEMENT ORDER

F:\MATTER\WK3\7316.001 - (OKUN HOLDINGS)\Pleadings\CMO\Initial Case Management Order 091108.doc

1    None of the dates set in this Order may be changed without an order of the Court made

2    after a motion is filed pursuant to the Civil Local Rules of Court.

3

4    **10.    Standing Order to Lodge Printed Copy of "ECF" Papers**

5    In all cases, including cases covered by the Electronic Case Filing System of

6    the Court "ECF," when filing papers in connection with any motion or any pretrial conference,

7    in addition to filing the paper electronically, the filing parties shall lodge with the Clerk's Office

8    a printed copy of the papers, in an envelop clearly marked "Chamber's Copy – Lodged for the

9    Chambers of Judge James Ware." The "Chamber's Copy" envelop must state the case name and

10   case number and be delivered on or before the close of the next court day following the day the

11   papers are filed electronically. See Standing Order Regarding Case Management in Civil Cases.

12   **11.    Reference to Magistrate Judge**

13   All discovery disputes are referred to the assigned Magistrate Judge. In addition, any

14   disputes pertaining to service or joinder of parties or claims are referred to the assigned

15   Magistrate Judge.

16   **12.    Document Management During Pretrial Discovery and Electronic Evidence**

17   **Presentation**

18   This Court has available a digital and video electronic evidence presentation

19   system. Before commencement of pretrial discovery, the parties are ordered to familiarize

20   themselves with the system.  As the parties identify documentary material which is likely to be

21   used as trial exhibits, the parties are ordered to electronically store these materials in a fashion

22   which will facilitate displaying them electronically during the trial. The parties are reminded

23   that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that

24   numbering must be maintained for those exhibits throughout the litigation. Each proposed

25   exhibit shall be pre-marked for identification. All exhibits shall be marked with numerals. The

26   parties shall meet and confer on a division which will avoid duplication (e.g., Plaintiff: 1-

27   99,000; Defendant #1: 100,000-299,999; Defendant #2: 300,000-500,000).

28

CASE MANAGEMENT ORDER

F:\MATTER\WK3\7316.001 - (OKUN HOLDINGS)\Pleadings\CMO\Initial Case Management Order 091108.doc

**13.    Disclosure of Expert Witnesses**

Any party wishing to present expert witness testimony with respect to a claim or a defense shall lodge with the Court and serve on all other parties the name, address, qualifications, résumé and a written report which complies with Fed.R.Civ.P. 26(a)(2)(B) **63 days before the close of discovery.** Expert witness disclosure must be made with respect to a person who is either (a) specially retained or specially employed to provide expert testimony pursuant to Fed.R.Evid. 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

The parties are also required to lodge any supplemental reports to which any expert will testify at trial in accordance with Fed.R.Civ.P. 26(a)(2)(B).

Any party objecting to the qualifications or proposed testimony of an expert must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in writing in accordance with Civil Local Rule 7-2, for hearing no later than **42 days after both expert and rebuttal expert disclosures on a Monday (Law and Motion day) at 9:00 a.m.** and preferably before or on the same day as the discovery cutoff date at 9:00 a.m.

**14.    Rebuttal Expert Witnesses**

If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Fed.R.Civ.P. 26(a)(2)(B), no later than **49 days prior to the discovery cutoff.**

**15.    Limitation on Testimony by Expert Witnesses**

Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition. Unless application is made prior to the close of expert discovery, each party will be limited to calling only one expert witness in each discipline involved in the case.

1  **16.    Close of Discovery**

2      Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure, depositions

3  of fact witness and expert witnesses, must be completed on or before the discovery cut-off

4  deadline set forth in the above Case Schedule.

5  **17.    Last date for Hearing Dispositive Motions**

6      The last day for hearing dispositive motions is set forth in the Case Schedule. Any

7  motions must be noticed in accordance with the Civil Local Rules of this Court.

8  **18.    Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order**

9      The attorneys who will try the case are ordered to confer with one another

10 and to file and lodge with Chambers on or before the deadline set forth in the Case Schedule a

11 Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their

12 readiness for trial, the amount of time which the Court should allocate for trial and the calendar

13 period for the trial.

14     The attorneys who will try the case are ordered to appear on the date set in

15 the Case Schedule at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

16     With respect to the time allocation for trial, at the Preliminary Pretrial and

17 Trial Setting Conference trial counsel will be asked to stipulate to a time allocation to each side

18 for the trial of the case. Once a stipulated allocation has been entered, the parties must plan their

19 presentations to conform to the stipulated time allocation.

20     With respect to the calendar period for trial, based on the time allotted to the

21 case, a calendar period for trial will be set. In the event it becomes necessary to delay the start

22 of trial because of the Court's calendar, the commencement date will trail from day-to day until

23 the other matter is concluded or further order of the Court.

24

25

26

27

28

F:\MATTER\WK3\7316.001 - (OKUN HOLDINGS)\Pleadings\CMO\Initial Case Managment Order 091108.doc

1    **19.    Miscellaneous Provisions**

2    <u>Relief from Orders</u>.  Any party, upon application to the Court, may seek relief from any

3    provision in this Order.

4    <u>Communication with the Court</u>.  The Court are not to be copied with communications

5    between the parties unless so directed by the Court or the Mediator.

6

7    **IT IS SO ORDERED.**

8

9    Dated this ___ day of_____, 2008.

10

11                                                    _____
12                                                    Hon. James Ware
                                                      United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10

CASE MANAGEMENT ORDER

F:\MATTER\WK3\07316.001 - (OKUN HOLDINGS)\Pleadings\CMO\Initial Case Managment Order 091108.doc