A CERTIFIED TRUE COPY
ATTEST

By Tanisha Spinner on Apr 15, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 15, 2009

FILED
CLERK'S OFFICE

IN RE: EDWARD H. OKUN INTERNAL REVENUE
SERVICE § 1031 TAX DEFERRED EXCHANGE LITIGATION

| | |
|---|---|
| Anita Hunter, et al. v. Edward H. Okun, et al., <br> N.D. California, C.A. No. 5:07-2795 <br> Quirk Infiniti, Inc. v. Wachovia Bank, N.A., <br> D. Massachusetts, C.A. No. 1:08-12060 | MDL No. 2028 |

### TRANSFER ORDER

**Before the entire Panel**: Plaintiffs in the Northern District of California *Hunter* action have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of California or, alternatively, the District of Nevada. The trustee in bankruptcy proceedings in the Southern District of New York involving the non-party debtor entities that facilitated the 26 U.S.C. § 1031 exchanges in question supports plaintiffs' motion. Plaintiff in the District of Massachusetts *Quirk Infiniti* action supports centralization in the District of Nevada or, alternatively, the District of Massachusetts. Defendant the San Francisco Series of Lockton Companies, LLC, supports centralization in the Southern District of New York. Defendant Wachovia Bank, N.A., and related entities[1] (collectively Wachovia) oppose centralization in favor of allowing the respective district courts to decide their motions to transfer the actions for all purposes, pursuant to 28 U.S.C. §§ 1404 or 1412, to the Southern District of New York. In the alternative, Wachovia suggests centralization in the Southern District of New York.

This litigation currently consists of two actions pending, respectively, in the Northern District of California and the District of Massachusetts. The two actions are similar purported class actions brought on behalf of individuals and entities that sought to enter into a Section 1031 tax-deferred exchange and entrusted money to facilitate the exchange with a qualified intermediary owned or controlled by Edward H. Okun.[2] Subsequently, the class members lost their investment due to alleged misconduct by various defendants, including Wachovia, where most such funds were deposited. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial

---

[1]   Wachovia Exchange Services, Inc.; Wachovia Capital Markets, LLC; Wachovia Financial Markets, Inc.; and Wachovia Mortgage Corp.

[2]   Among these qualified intermediaries are the following: Atlantic Exchange Co., LLC; Security 1031 Services, LLC; Real Estate Exchange Services, Inc.; National Exchange Services QI, Ltd.; Investment Exchange Group, LLC; and 1031 Advance, Inc.

rulings (including with respect to class certification); and conserve the resources of the parties, their counsel and the judiciary. On the basis of the papers filed and hearing session held, we find that these two actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

Wachovia argues against centralization on the grounds that transfer under Sections 1404 or 1412 would be preferable to Section 1407 centralization. This is certainly a reasonable argument. Nevertheless, accepting Wachovia's argument could delay resolution of this controversy, as both district judges decide the respective transfer motions. Even if the actions were both transferred to the Southern District of New York, there could be delay while the new judge or judges assigned to the actions become familiar with this controversy. Likewise, denial of either of Wachovia's transfer motions could engender delay, as the Panel may be asked to revisit the question of Section 1407 centralization. Centralizing these actions now under Section 1407 should streamline resolution of this litigation to the overall benefit of the parties and the judiciary.

We are persuaded that the Northern District of California is an appropriate transferee forum. The Northern District of California is where the first-filed and most procedurally advanced action is pending. By centralizing this litigation before Judge James Ware, we are assigning this docket to a seasoned jurist to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending in the District of Massachusetts is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable James Ware for coordinated or consolidated pretrial proceedings with the action pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| J. Frederick Motz | Robert L. Miller, Jr. |
| Kathryn H. Vratil | David R. Hansen |
| W. Royal Furgeson, Jr. | Frank C. Damrell, Jr. |

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**CHAIRMAN:**
John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
J. Frederick Motz
United States District Court
District of Maryland

Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Kathryn H. Vratil
United States District Court
District of Kansas

David R. Hansen
United States Court of Appeals
Eighth Circuit

W. Royal Furgeson, Jr.
United States District Court
Northern District of Texas

Frank C. Damrell, Jr.
United States District Court
Eastern District of California

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888
http://www.jpml.uscourts.gov

April 15, 2009

Honorable James Ware
U.S. District Judge
4050 Robert F. Peckham U.S. Courthouse
  & Federal Building
280 South First Street
San Jose, CA 95113

Re: MDL No. 2028 -- IN RE: Edward H. Okun Internal Revenue Service § 1031 Tax Deferred Exchange Litigation

Dear Judge Ware:

Attached are: (i) a letter directed to the Clerk of your district advising that the above-referenced litigation has been transferred to you under 28 U.S.C. § 1407 and (ii) a copy of the related transfer order.

As you may know, all multidistrict litigation statistics are maintained by this office and submitted to the Administrative Office for inclusion in the Annual Report of the Director. Consequently, once yearly we will verify with your Clerk the actual number and status of the actions assigned to you, including actions added to the docket either by transfer of tag-along actions or additional related actions originally filed in your district. A copy of our inquiry to your Clerk will be directed to you for your information.

We have a Citrix remote access server for use by transferee courts in accessing our database for information regarding assigned multidistrict litigation. The server can be accessed by you if you have a Windows based personal computer with DCN access. Our database contains transferor and transferee information for each action transferred by the Panel and actions filed in your district. Counsel identified in the database are those who made appearances in the transferor districts, counsel who filed appearances before the Panel and counsel assigned by you as liaison counsel. Also, each individual action is tracked from the date of transfer to termination either by dismissal, remand to transferor district, remand to state court, etc. If you are interested in utilizing the server, please feel free to contact our Systems Administrator, Al Ghiorzi, to establish a password and receive instructional information.

Your attention is directed to Rule 7.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 436-38 (2001), dealing with termination and remand of actions transferred by the Panel. Specifically, the rule states, in part, the following:

- 2 -

      (a) Actions terminated in the transferee district court by valid judgment, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, shall not be remanded by the Panel and shall be dismissed by the transferee district court....

      (b) Each action transferred only for coordinated or consolidated pretrial proceedings that has not been terminated in the transferee district court shall be remanded by the Panel to the transferor district for trial....

      (c) The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on...suggestion of the transferee district court....

We will promptly act upon any written notices from you that remand of actions or separable claims transferred under Section 1407 is appropriate.

If you appoint liaison counsel, in your pretrial order outlining liaison counsel's responsibilities, please consider reinforcing Panel Rule 5.2(e), which provides:

      If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule [Panel Rule 5.2, Service of Papers Filed Before the Panel] shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

Feel free to contact this office if we may be of assistance to you.

                          Very truly,

                          Jeffery N. Lüthi
                          Clerk of the Panel

                          By *[signature]*
                          Tanisha Spinner
                          Deputy Clerk

Attachments (Separate Documents)

cc:    Clerk, United States District Court
      for the Northern District of California

JPML Form 23

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

CHAIRMAN:
John G. Heyburn II
United States District Court
Western District of Kentucky

MEMBERS:
J. Frederick Motz
United States District Court
District of Maryland

Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Kathryn H. Vratil
United States District Court
District of Kansas

David R. Hansen
United States Court of Appeals
Eighth Circuit

W. Royal Furgeson, Jr.
United States District Court
Northern District of Texas

Frank C. Damrell, Jr.
United States District Court
Eastern District of California

DIRECT REPLY TO:

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888
http://www.jpml.uscourts.gov

April 15, 009

Richard W. Wieking, Clerk
2112 U.S. Courthouse
280 South First Street
San Jose, CA 95113

Re: MDL No. 2028 -- IN RE: Edward H. Okun Internal Revenue Service § 1031 Tax Deferred Exchange Litigation

Dear Mr. Wieking:

Attached as a separate document is a certified copy of a transfer order issued today by the Judicial Panel on Multidistrict Litigation in the above-captioned matter. The order is directed to you for filing. Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), states "A transfer or remand pursuant to 28 U.S.C. § 1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district."

Today we are also serving an information copy of the order on the transferor court(s). The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred [transferor court]."

Rule 1.6(a), pertaining to transfer of files, states "the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action." **With the advent of electronic filing, many transferee courts have found that it is not necessary to request the original file. Some transferee courts will send their certified copy of the Panel order with notification of the newly assigned transferee court case number and inform the transferor courts that they will copy the docket sheet via PACER. Others may request a certified copy of the docket sheet and a copy of the complaint (especially if it was removed from state court). You should be specific as to the files you would like to receive from the transferor courts and if no files will be necessary, you should make that clear. Therefore, Rule 1.6(a) will be satisfied once a transferor court has complied with your request.**

You may find Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts helpful in managing the your MDL docket.

- 2 -

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts. These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference. Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated. We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands, and reassignments to other judges in your district.

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions. Upon notification from your court of a finding by the transferee judge suggesting to the Panel that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.

Attached to this letter, for your information, is a copy of the Panel Service List. Listed below is the transferor clerk information:

Sarah Thornton, Clerk
Clerk's Office - Attn: Sherry Jones
U.S. District Court
595 Main Street
Worcester, MA 01608
**MADml_MDLClerk**

                                                                       Very truly,

                                                                       Jeffery N. Lüthi
                                                                       Clerk of the Panel

                                                      By _(signature)_
                                                                       Tanisha Spinner
                                                                       Deputy Clerk

Attachments (Transfer Order is a Separate Document)

cc:    Transferee Judge: Judge James Ware
       Chief Judge Transferee District: Judge Vaughn R. Walker

                                                                                                            JPML Form 33

# Judicial Panel on Multidistrict Litigation - Panel Service List
## for
## MDL 2028 - IN RE: Edward H. Okun Internal Revenue Service § 1031 Tax Deferred

**\*\*\* Report Key and Title Page \*\*\***

Please Note: This report is in alphabetical order by the last name of the attorney. A party may not be represented by more then one attorney. See Panel rule 5.2(c).

**Party Representation Key**
  \* Signifies that an appearance was made on behalf of the party by the representing attorney.
  # Specified party was dismissed in some, but not all, of the actions in which it was named as a party.
  All counsel and parties no longer active in this litigation have been suppressed.

**This Report is Based on the Following Data Filters**
  Docket: 2028 - Edward H. Okun Internal Revenue Service § 1031 Tax Deferred Exchange
  For Open Cases

**Judicial Panel on Multidistrict Litigation - Panel Service List**

Docket: 2028 - IN RE: Edward H. Okun Internal Revenue Service § 1031 Tax Deferred Exchange Litigation
Status: Transferred on 04/15/2009
Printed on 04/15/2009
Transferee District: CAN    Judge: Ware, James

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Burch, Carelton R.<br>ANDERSON MCPHARLIN & CONNERS LLP<br>444 S. Flower Street<br>31st Floor<br>Los Angeles, CA 90071-2901 | =>Phone: (213) 688-0080  Fax: (213) 622-7594  Email: crb@amclaw.com<br>Federal Insurance Co.* |
| Coleman, Lara<br>11302 Briarmont Road<br>Richmond, VA 23235<br>*** Bad Address *** | =><br>Coleman, Lara D. |
| Downs, Andrew B.<br>BULLIVANT HOUSER BAILEY PC<br>601 California Street<br>Suite 2800<br>San Francisco, CA 94108-2823 | =>Phone: (415) 352-2700  Fax: (415) 352-2701  Email: andy.downs@bullivant.com<br>Twin City Fire Insurance Co.* |
| Foley, Jr, Thomas G.<br>FOLEY BEZEK BEHLE & CURTIS LLP<br>15 West Carrillo Street<br>Santa Barbara, CA 93101 | =>Phone: (805) 962-9495  Fax: (805) 962-0722  Email: tfoley@foleybezek.com<br>409 Sherman Ave., LLC*; Bozza, Johnna*; Buono, Robert J.*; Celltex Site Services, Ltd.*; Grande Investment, LLC*; Hunter, Anita* |
| Gerstein, John<br>ROSS DIXON & BELL LLP<br>2001 K Street, N.W.<br>Washington, DC 20002 | =>Phone: (202) 662-2000<br>Continental Casualty Co. |
| Granet, Craig<br>FELL MARKING ET AL<br>222 East Carillo Street<br>Suite 400<br>Santa Barbara, CA 93101 | =>Phone: (805) 963-0755  Fax: (805) 965-7237  Email: cgranet@fmam.com<br>Dowdall, J. Patrick; Hazel, William A.; Livesey, James F.; Subrt, Charles D. |
| Hinojosa, Joe R.<br>OPPENHEIMER BLEND HARRISON & TATE INC<br>711 Navarro<br>Suite 600<br>San Antonio, TX 78205 | =>Phone: (210) 224-2000  Fax: (210) 224-7540  Email: jhinojosa@obht.com<br>Bennett, William D.* |
| Investment Properties,<br>950 North Federal Highway<br>Suite 219<br>Pompano Beach, FL 33062 | =><br>Investment Properties of America, LLC |
| Kimball, Steven S.<br>STEVENS O'CONNELL & JACOBS LLP<br>400 Capitol Mall<br>Suite 1400<br>Sacramento, CA 95814 | =>Phone: (916) 329-9111  Fax: (916) 329-9110  Email: ssk@sojllp.com<br>Allred, Steven* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Margolis, Mike B.<br>MARGOLIS & TISMAN LLP<br>444 South Flower Street<br>Suite 2300<br>Los Angeles, CA 90071 | =>Phone: (213) 683-0300  Fax: (213) 683-0303  Email: 1031TG@winlaw.com<br>San Francisco Series of Lockton Companies, LLC* |
| Martini, Joseph W.<br>WIGGIN & DANA LLP<br>265 Church Street<br>P.O. Box 1832<br>New Haven, CT 06508-1832 | =>Phone: (203) 498-4310  Fax: (203) 782-2889  Email: jmartini@wiggin.com<br>Pajonas, Todd R.* |
| McNamara, Mary<br>SWANSON MCNAMARA & HALLER LLP<br>300 Montgomery Street<br>Suite 1100<br>San Francisco, CA 94104 | =>Phone: (415) 477-3800  Fax: (415) 477-9010  Email: mmcnamara@smhlegal.com<br>Dashiell, Janet |
| Okun, Edward H.<br>394 South Hibiscus Drive<br>Miami, FL 33139 | =><br>Okun, Edward H. |
| Okun Holdings, Inc.,<br>394 South Hibiscus Drive<br>Miami, FL 33139 | =><br>Okun Holdings, Inc. |
| Shefman, David<br>218 North Bay Hills Blvd<br>Safety Harbor, FL 34695 | =>Phone: (727) 796-9007<br>Shefman, David |
| Shefman, Marga<br>212 North Bay Hills Blvd.<br>Safety Harbor, FL 34695 | =>Phone: (727) 244-1031<br>Shefman, Marga |
| Siev, Jordan W.<br>REED SMITH LLP<br>599 Lexington Avenue<br>29th Floor<br>New York, NY 10022 | =>Phone: (212) 521-5400  Fax: (212) 521-5450  Email: jsiev@reedsmith.com<br>Wachovia Bank, N.A.* |
| Velarde, D. Sean<br>BURNS FIGA & WILL PC<br>6400 S. Fiddler's Green Circle<br>Suite 1000<br>Greenwood Village, CO 80111 | =>Phone: (303) 796-2626  Fax: (303) 796-2777  Email: svelarde@bfw-law.com<br>Greenberg, Chad*; McCabe, Andrew*; McCabe, Daniel*; McCabe, Shirley*; McCann, Pete* |
| Zelle, Anthony R.<br>ZELLE MCDONOUGH & COHEN LLP<br>101 Federal Street<br>14th Floor<br>Boston, MA 02110 | =>Phone: (617) 742-6520  Fax: (617) 742-1393  Email: tzelle@zelmcd.com<br>Quirk Infiniti, Inc.* |

Note: Please refer to the report title page for complete report scope and key.