IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: Edward H. Okun Internal Revenue Service Tax Deferred Exchange Litigation, _____/ | NO. M 09-02028 JW<br><br>Member Cases:<br>C 07-02795 JW |
| Anita Hunter v. Edward Okun, et al., _____/ | C 09-01688 JW<br>C 09-02079 JW |
| Anita Hunter, et al. v. Citibank, N.A., et al., _____/ | **FINAL APPROVAL ORDER OF WAVE I SETTLEMENTS** |
| Quirk Infiniti, Inc. v. Wachovia Bank, N.A.<br>Related Actions. _____/ | |

Presently before the Court is the Plaintiffs' Motion for Final Approval of the "Wave I Settlements." (Docket Item No. 283.) On October 7, 2009, the Court conducted a joint hearing with Judge Martin Glenn of the Bankruptcy Court of the Souther District of New York.[1] Based on the papers submitted to date and oral argument, the Court Orders as follows:

(1) Having received no objection, the Court appoints Hollister & Brace, Foley, Bezek, Behele & Curtis, and Zelle, McDonough and Cohen as Class Counsel.

(2) The Court lifts the stay as to Defendants J. Patrick Dowdall, William Hazal, Charles Subrt and James F. Livesey to that these Defendants may participate in the Final Approval process. (See Docket Item No. 289.)

---

[1] See In Re: The 1031 Tax Group, 07-11488 (S.D.N.Y).

The "Wave I Settlements" are comprised of the following individual Settlement Agreements:

A. The **"Class/Trustee Agreement"**;[2]

B. The **"Schedule 'A' Settlements"** totaling $43,247,500;[3&4] and;

C. The **"Wachovia Settlement"** totaling $45,000,000.

Copies of the Wave I Settlements are in the Court file. (See Docket Nos. 201 & 220). The Wave I Settlements were preliminarily approved on June 22, 2009. (Docket No. 226). The Court approved Wave I Notice Documents were distributed to potential Class Members as required before July 2, 2009. (Docket No. 276). There are no opt outs from the Settlement Class.

The October 7 hearing was held before the Court to determine: (1) whether the terms and conditions of the Class/Trustee Settlement are fair, reasonable and adequate and should be approved;

---

[2] The "Class/Trustee Agreement" is the agreement which established, among other things, that: (i) the Settlement Class has agreed to be bound along with the Trustee to the terms of the "Schedule 'A' Settlements"; and (ii) the manner by which settlement funds are allocated between the Class and the Trustee. In addition to this Court's prior preliminary approval of the Class/Trustee Agreement, Judge Glenn in the related New York Bankruptcy Proceedings has approved it.

[3] The "Schedule 'A' Settlements", which consist of (i) the Agreements between the Trustee and the Schedule "A" Settling Defendants and (ii) agreements by the Class to be bound along with the Trustee. The "Schedule 'A' Settlements" will result in the following cash payments:

| Party/Insurer | Amount |
|---|---|
| Kluger Peretz Kaplan & Berlin ("KPKB") | $12,380,000 |
| Underwriters at Lloyd's of London ("Lloyds") | 4,600,000 |
| Continental Casualty Company and Continental Insurance Company ("CNA") | 13,000,000 |
| Federal Insurance Company ("Federal") | 7,000,000 |
| Twin City Fire Insurance Company ("Twin City") | 3,250,000 |
| Daniel E. McCabe, Shirley L. McCabe, Andrew C. McCabe, Chad J. Greenberg and J. Peter McCann ("McCabe Group") | 1,250,000 |
| William D. Bennett ("Bennett") | 400,000 |
| William A. Hazel, Patrick Dowdall, James F. Livesey, Charles D. Subrt ("AEC Defendants") | 107,500 |
| David B. Shefman and Marga R. Shefman, (the "Shefmans") | 10,000 |
| Janet Dashiell ("Dashiell") | 75,000 |
| Steven Allred ("Allred") | 250,000 |
| Michael J. Rosen ("Rosen") | 925,000 |
| **Total:** | **$43,247,500** |

(2) whether the terms and conditions of the Wave I Settlements between the Plaintiffs and the Trustee, on the one hand, and the Schedule A Settling Defendants and Defendant Wachovia Bank, N.A. (collectively the "Settling Defendants"), on the other, are good faith settlements within the meaning of California Code of Civil Procedure §§ 877 and 877.6 which are fair, reasonable and adequate for the settlement of all claims released therein by all releasing persons against all released persons and should be approved; (3) whether a Judgment should be entered dismissing the above entitled action on the merits with prejudice and entering bar orders in favor of the Settling Defendants; (4) whether a Qualified Settlement Fund should be created to safeguard Wave I funds; and (5) whether class counsel should be appointed. The Wave I Settlement Agreements are incorporated herein by reference.

The Court considered all matters submitted to it at the hearing and otherwise, and determined that a notice of the hearing substantially in the form approved by the Court was timely mailed to all members of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this dispute, all members of the Settlement Class, and the Settling Defendants.

2. The Court finds that for purposes of settlement only the prerequisites for a class action under the Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied and hereby certifies the Settlement Class as follows:

> All persons who were customers of 1031 Advance 132 LLC, 1031 Advance, Inc., 1031 TG Oak Harbor, LLC, AEC Exchange Company, LLC, Atlantic Exchange Company, Inc., Atlantic Exchange Company, LLC, Investment Exchange Group, LLC, National Exchange Accommodators LLC, National Exchange Services QI, Ltd., NRC 1031 LLC, Real Estate Exchange Services, Inc., Rutherford Investment, LLC, Security 1031 Services, LLC, Shamrock Holdings Group, LLC, and/or The 1031 Tax Group, LLC, including any subsidiaries or affiliates of any of those entities engaged in business as Qualified Intermediaries pursuant to 26 U.S.C. § 1031, and who suffered loss or damages or allegedly suffered loss or damages in any way, directly or indirectly, related to or arising out of (a) the failure of any of the entities listed above, including their subsidiaries or affiliates, (b) any of the events, acts or conduct alleged in the First Amended Complaint in the Action entitled Anita Hunter, et al. v. Edward Okun, et al., United States District Court for the Northern District of California, Case No. C 07-02795 JW, (c) any of the events, acts or conduct alleged in the Complaint in the Action entitled Quirk Infiniti, Inc. v. Wachovia Bank, N.A.,

3

United States District Court for the District of Massachusetts, Case No. 1:08-12060; or (d) any of the events, acts or conduct alleged in the Complaint in the Action entitled Anita Hunter, et al. v. Citibank, N.A., et al., United States District Court for the Northern District of California, Case No. C 09-02079 JW.

3. The above-described Persons[5], as well as their respective assignees, if any, are Settlement Class members.

4. Notice of the Settlement was given in a timely manner to all members of the Settlement Class who could be identified with reasonable effort. The form and method of notifying the members of the Settlement Class of the terms and conditions of the Settlements met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. The Wave I Settlements were the product of serious, informed, non-collusive and non-fraudulent negotiations conducted at arms length by the settling parties. The Court has considered the extent of the claimed damages, the Settling Defendants' potential liability, the settlement amounts, the financial condition and of the Settling Defendants, potential insurance coverage limits and the benefits of settlement proceeds to the plaintiffs. Accordingly, in lieu of trial, the Court concludes the resolution of this case for the Settling Defendants by way of settlement is proper, and each of the Wave I Settlement Agreements was entered into in good faith within the meaning of California Code of Civil Procedure §§ 877 and 877.6 and *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499-500 (Cal. 1985).

6. The Settlements are approved as fair, reasonable, and adequate, and the members of the Settlement Class and the Settling Defendants are directed to consummate the Settlements in accordance with their terms and provisions.

---

[5] "Persons" means an individual, a corporation, a partnership, a joint venture, an association, a joint stock company, a limited liability company, a limited liability partnership, an estate, an unincorporated organization, a trust, a class or group of individuals, or any other entity or organization, including any federal, state, or local governmental or quasi-governmental body or political subdivision, department, agency, instrumentality thereof or any other legal entity that could sue or be sued.

7. Three days after Plaintiffs' counsel files with this Court written notice that the Bankruptcy Court Final Orders required by each Wave I Settlement, if any, have been obtained, the Court shall execute the Final Judgment attached hereto as Exhibit A whereupon (i) the above entitled action shall be dismissed with prejudice as against the Settling Defendants and (ii) all members of the Settlement Class and all releasing Persons, as set forth in each of the Wave I Settlements, shall be permanently barred and enjoined from instituting, commencing, or prosecuting any and all released claims or interests of any kind, as set forth in the Wave I Settlements, against the Wave I Settling Defendants and any other persons released pursuant to the Wave I Settlements ("Other Released Persons"), and, the released claims shall thereupon be irrevocably compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein. In the event that the Bankruptcy Court approvals required by any Wave I Settlement are not issued, no such release or bar order shall take effect as to that Settlement. In the circumstance where the Bankruptcy Court has approved less than all Wave I Settlements, a revised Final Order and Judgment may be submitted to the Court to address the settlements which have been so approved.

8. Upon the Court's execution of a Final Judgment, to the fullest extent permitted by law, each of the non-settling defendants ("Non-Settling Defendants"), whether in this action, the related action styled *Hunter, et al. v. Citibank, N.A., et al.*, Case No. 09-02079-JW, or any other action filed on behalf of the Plaintiffs and the Class (collectively the "Class Action"), shall be permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution against the Wave I Settling Defendants and their respective Other Released Persons (or any other claim against the Wave I Settling Defendants or their respective Other Released Persons where the injury to the Non-Settling Defendant is the Non-Settling Defendant's liability to the Plaintiffs), arising out of the claims or allegations asserted by the Plaintiffs, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Class Action, in this Court, in the Bankruptcy Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the

United States or elsewhere to the extent the Court has power or authority (collectively the "Barred Claims of Non-Settling Defendants).

9. Upon the Court's execution of a Final Judgment, to the fullest extent permitted by law, the Wave I Settling Defendants shall be permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution against any Person arising out of the claims or allegations asserted by the Plaintiffs, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Class Action, in this Court, in the Bankruptcy Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, Canada or elsewhere (collectively the "Barred Claims of Wave I Settling Defendants"); provided that nothing herein shall preclude the Wave I Settling Defendants which are insurance companies from seeking reimbursements of any amounts paid in settlement of such claims or allegations by the Plaintiffs from their respective reinsurers, solely in their capacity as such.

10. Upon the Court's execution of a Final Judgment, the recovery of the Plaintiffs, if any, on their respective asserted and assertable claims against any Non-Settling Defendants shall be reduced by the amount of the Wave I Settling Defendants' equitable and proportionate share of joint and several liability, as will be determined later by the Court in the allocation of recoverable damages or costs incurred by the Plaintiffs.

11. A qualified settlement fund ("QSF") is hereby established pursuant to 26 C.F.R. § 1.468B et. seq., into which, on the Payment Date (as that term is defined in the Wave I Settlement Agreement with Defendant Wachovia N.A., a copy of which is attached as Exhibit 1 to Docket No. 220), the Wave I funds allocable to the Class ($18,000,000 of the $45,000,000 to be paid by Wachovia) shall be deposited. Gerard A. McHale, the Trustee in the related Bankruptcy proceedings, is hereby appointed as the Trustee of the QSF. The QSF Trustee shall distribute the funds recovered in this class action and deposited into the QSF. The QSF and the QSF Trustee shall remain under the jurisdiction of this Court in connection with the matters described in this paragraph. The QSF Trustee shall have no liability in connection with his services as QSF Trustee

6

except for gross negligence or willful misconduct. Upon further orders of the Court, the QSF Trustee shall pay approved fees, costs and other expenses, if any, and distribute the remaining Wave I funds to Settlement Class members on a pro rata basis, with each Settlement Class member's pro rata share calculated as follows: (i) Each Settlement Class member's approved lost Exchange Amount[6] plus Exchange Agreement Contractual Interest,[7] if any, shall be divided by the total of all Settlement Class members' lost Exchange Amounts plus Exchange Agreement Contractual Interest; and (ii) the resulting percentage shall be multiplied with the total amount to be distributed to the Settlement Class to determine each Settlement Class member's pro rata share.

12. The Court retains jurisdiction over matters relating to the Wave I Settlements, including the administration and enforcement of the Settlements and this Order and Final Judgment, and including any application for fees and expenses from the Settlement proceeds by Plaintiffs' counsel for securing the Settlements on behalf of members of the Settlement Class and in connection with administering and distributing the Settlement proceeds to the members of the Settlement Class.

Dated: October 7, 2009

JAMES WARE
United States District Judge

---

[6] Each Settlement Class member's "Exchange Amount" means the principal amount deposited by the Settlement Class member with the applicable 1031 Debtor under the applicable Exchange Agreement which was lost due to the insolvency of the applicable 1031 Debtor.

[7] "Exchange Agreement Contractual Interest" means such stated interest, if any, as shall have accrued pursuant to the terms of the applicable Exchange Agreement up to and through the date the applicable 1031 Debtor filed its respective Petition in Bankruptcy.

7

|   |   |
|---|---|
| 1 | **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:** |

Andrew B. Downs andy.downs@bullivant.com
Becki F. Kieffer courtir@troutmansanders.com
Carleton R. Burch crb@amclaw.com
Christine Marie Morgan cmorgan@reedsmith.com
Craig Stuart Granet Cgranet@fmam.com
Daniel Sean Velarde svelarde@bfw-law.com
Jack R. Nelson jnelson@reedsmith.com
James F. Parver jparver@winlaw.com
Jennifer Michelle Osgood josgood@bfw-law.com
John Lauchlan Kortum jkortum@archernorris.com
Jose Ruben Hinojosa jhinojosa@obht.com
Kathleen Card kathy@parrlawgroup.com
Mark Joseph Krone mk@amclaw.com
Michael Jeffrey Norton mnorton@bfw-law.com
Michael P. Denver mpdenver@hbsb.com
Naki Margolis Irvin nakim@winlaw.com
Natalia Litchev natasol@comcast.net
Peter Wells McGaw pmcgaw@archernorris.com
Robert Louis Brace rlbrace@hbsb.com
Shawn Robert Parr shawn@parrlawgroup.com
Steven Scott Kimball ssk@sojllp.com
Sujata Trivedi Reuter sujata@parrlawgroup.com
Thomas G. Foley tfoley@foleybezek.com
Anthony Robert Zelle tzelle@zelmcd.com
Brian P. McDonough bmcdonough@zelmcd.com
Ryan M. Tosi ryan.tosi@klgates.com
Thomas W. Evans tevans@zelmcd.com
Allen W. Burton aburton@omm.com
Allison Lane Cooper acooper@kksrr.com
Bradley J. Lingo blingo@gibsondunn.com
Brett Alan Broge bbroge@lerchsturmer.com
Brian P. McDonough bmcdonough@zelmcd.com
Carol Lynn Thompson cthompson@sidley.com
Cindy Hamilton hamiltonc@gtlaw.com
Ethan D. Dettmer edettmer@gibsondunn.com
F. Joseph Warin fwarin@gibsondunn.com
James Carnegie Krieg jkrieg@kksrr.com
Madeline Anne Zamoyski mzamoyski@omm.com
Mark Bruce Blocker mblocker@sidley.com
Michael P. Denver mpdenver@hbsb.com
R. Van Swearingen vswearingen@sidley.com
Robert A. Curtis rcurtis@foleybezek.com
Ryan D. Fischbach rfischbach@bakerlaw.com
Thomas W. Evans tevans@zelmcd.com
Timothy J. Halloran thalloran@mpbf.com
Todd Barnett Gordon tgordon@gordonfirm.com
William J. Goines goinesw@gtlaw.com

**Dated: October 7, 2009**          **Richard W. Wieking, Clerk**
                                    **By:     /s/ JW Chambers**
                                    **Elizabeth Garcia, Courtroom Deputy**