IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re: Edward H. Okun Internal Revenue Service Tax Deferred Exchange Litigation, / | NO. M 09-02028 JW<br><br>Member Cases:<br>C 07-02795 JW |
| Anita Hunter v. Edward Okun, et al., / | C 09-01688 JW<br>C 09-02079 JW |
| Anita Hunter, et al. v. Citibank, N.A., et al., / | **WAVE I JUDGMENT** |
| Quirk Infiniti, Inc. v. Wachovia Bank, N.A.<br><br>Related Actions. / | |

Pursuant to the Wave I Final Approval Order of this Court dated October 7, 2009, a Judgment is hereby entered with respect to the "Wave I Settling Defendants" who are:

1. Kluger Peretz Kaplan & Berlin ("KPKB");

2. Continental Casualty Company and Continental Insurance Company ("CNA");

3. Federal Insurance Company ("Federal");

4. Twin City Fire Insurance Company ("Twin City");

5. Those Certain Interested Underwriters at Lloyd's of London Subscribing to Policy Numbers 0706-00061771C, 0706-00067331B, 0707-00067302C, 0707-00066896C and 0707-00071264C;

6. Daniel E. McCabe, Shirley L. McCabe, Andrew C. McCabe, Chad J. Greenberg and J. Peter McCann ("McCabe Group");

1     7.     William D. Bennett ("Bennett");

2     8.     William A. Hazel, Patrick Dowdall, James F. Livesey, Charles D. Subrt ("AEC Defendants");

    9.     David B. Shefman and Marga R. Shefman, (the "Shefmans");

    10.     Janet Dashiell ("Dashiell");

    11.     Steven Allred ("Allred");

    12.     Michael J. Rosen ("Rosen"); and

    13.     Wachovia Bank, N.A. ("Wachovia").

IT IS HEREBY ORDERED ADJUDGED AND DECREED that the above entitled action is hereby dismissed with prejudice as against the above identified Wave I Settling Defendants. Each party shall bear their own fees and costs.

IT IS HEREBY ORDERED ADJUDGED AND DECREED that all members of the Settlement Class, defined as "All persons who were customers of 1031 Advance 132 LLC, 1031 Advance, Inc., 1031 TG Oak Harbor, LLC, AEC Exchange Company, LLC, Atlantic Exchange Company, Inc., Atlantic Exchange Company, LLC, Investment Exchange Group, LLC, National Exchange Accommodators LLC, National Exchange Services QI, Ltd., NRC 1031 LLC, Real Estate Exchange Services, Inc., Rutherford Investment, LLC, Security 1031 Services, LLC, Shamrock Holdings Group, LLC, and/or The 1031 Tax Group, LLC, including any subsidiaries or affiliates of any of those entities engaged in business as Qualified Intermediaries pursuant to 26 U.S.C. § 1031, and who suffered loss or damages or allegedly suffered loss or damages in any way, directly or indirectly, related to or arising out of (a) the failure of any of the entities listed above, including their subsidiaries or affiliates, (b) any of the events, acts or conduct alleged in the First Amended Complaint in the Action entitled Anita Hunter, et al. v. Edward Okun, et al., United States District Court for the Northern District of California, Case No. C 07-02795 JW, (c) any of the events, acts or conduct alleged in the Complaint in the Action entitled Quirk Infiniti, Inc. v. Wachovia Bank, N.A., United States District Court for the District of Massachusetts, Case No. 1:08-12060; or (d) any of the events, acts or conduct alleged in the Complaint in the Action entitled Anita Hunter, et al. v.

1  Citibank, N.A., et al., United States District Court for the Northern District of California, Case No.
2  C 09-02079 JW"[1], and all releasing Persons[2], as set forth in each of the Wave I Settlements (which
3  are incorporated herein by reference) and the Wave I Final Approval Order, are hereby permanently
4  barred and enjoined from instituting, commencing, or prosecuting any and all released claims, or
5  interests of any kind, as set forth in the Wave I Settlements, against the Wave I Settling Defendants
6  and any other persons released pursuant to the Wave I Settlements ("Other Released Persons"), and
7  the released claims shall thereupon be irrevocably compromised, settled, released, discharged and
8  dismissed on the merits and with prejudice by virtue of the proceedings herein.

IT IS HEREBY ORDERED ADJUDGED AND DECREED that, to the fullest extent permitted by law, each of the non-settling defendants ("Non-Settling Defendants"), whether in this action, the related action styled *Hunter, et al. v. Citibank, N.A., et al.*, Case No. 09-02079-JW, or any other action filed on behalf of the Plaintiffs and the Class (collectively the "Class Action"), are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution against the Wave I Settling Defendants and their respective Other Released Persons (or any other claim against the Wave I Settling Defendants or their respective Other Released Persons where the injury to the Non-Settling Defendant is the Non-Settling Defendant's liability to the Plaintiffs), arising out of the claims or allegations asserted by the Plaintiffs, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Class Action, in this Court, in the Bankruptcy Court,[3] in any federal or

---

[1] The Settlement Class members' assignees, if any, are also included in the above definition of the Settlement Class.

[2] "Person" means an individual, a corporation, a partnership, a joint venture, an association, a joint stock company, a limited liability company, a limited liability partnership, an estate, an unincorporated organization, a trust, a class or group of individuals, or any other entity or organization, including any federal, state, or local governmental or quasi-governmental body or political subdivision, department, agency, instrumentality thereof or any other legal entity that could sue or be sued.

[3] The "Bankruptcy Court" means the Court presiding over the related bankruptcy proceedings pending in the Southern District of New York, including the action styled In Re The 1031 Tax

state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, or elsewhere to the extent the Court has power or authority (collectively the "Barred Claims of Non-Settling Defendants).

IT IS HEREBY ORDERED ADJUDGED AND DECREED that, to the fullest extent permitted by law, the Wave I Settling Defendants are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution against any Person arising out of the claims or allegations asserted by the Plaintiffs, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Class Action, in this Court, in the Bankruptcy Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, Canada or elsewhere (collectively the "Barred Claims of Wave I Settling Defendants"); provided that nothing herein shall preclude the Wave I Settling Defendants which are insurance companies from seeking reimbursements of any amounts paid in settlement of such claims or allegations by the Plaintiffs from their respective reinsurers, solely in their capacity as such.

IT IS HEREBY ORDERED ADJUDGED AND DECREED that the recovery of the Plaintiffs, if any, on their respective asserted and assertable claims against any Non-Settling Defendants shall be reduced by the amount of the Wave I Settling Defendants' equitable and proportionate share of joint and several liability, as will be determined later by the Court in the allocation of recoverable damages or costs incurred by the Plaintiffs.

Without affecting the finality of this Judgment, this Court shall retain continuing jurisdiction over the above-referenced action and the Wave I Settling Defendants for purposes of supervising, administering, implementing, enforcing and interpreting the Judgment, the claims process to be established and the distribution of funds to Settlement Class members, if any.

---

Group, LLC, et al., Case No.07-11448 (MG), and certain related adversary proceedings.

4

THIS COURT FINDS that, pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for the delay in entering this Judgment and Judgment is hereby entered.

IT IS SO ORDERED.

Dated: October 27, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**
Andrew B. Downs andy.downs@bullivant.com
Becki F. Kieffer courtir@troutmansanders.com
Carleton R. Burch crb@amclaw.com
Christine Marie Morgan cmorgan@reedsmith.com
Craig Stuart Granet Cgranet@fmam.com
Daniel Sean Velarde svelarde@bfw-law.com
Jack R. Nelson jnelson@reedsmith.com
James F. Parver jparver@winlaw.com
Jennifer Michelle Osgood josgood@bfw-law.com
John Lauchlan Kortum jkortum@archernorris.com
Jose Ruben Hinojosa jhinojosa@obht.com
Kathleen Card kathy@parrlawgroup.com
Mark Joseph Krone mk@amclaw.com
Michael Jeffrey Norton mnorton@bfw-law.com
Michael P. Denver mpdenver@hbsb.com
Naki Margolis Irvin nakim@winlaw.com
Natalia Litchev natasol@comcast.net
Peter Wells McGaw pmcgaw@archernorris.com
Robert Louis Brace rlbrace@hbsb.com
Shawn Robert Parr shawn@parrlawgroup.com
Steven Scott Kimball ssk@sojllp.com
Sujata Trivedi Reuter sujata@parrlawgroup.com
Thomas G. Foley tfoley@foleybezek.com
Anthony Robert Zelle tzelle@zelmcd.com
Brian P. McDonough bmcdonough@zelmcd.com
Ryan M. Tosi ryan.tosi@klgates.com
Thomas W. Evans tevans@zelmcd.com
Allen W. Burton aburton@omm.com
Allison Lane Cooper acooper@kksrr.com
Bradley J. Lingo blingo@gibsondunn.com
Brett Alan Broge bbroge@lerchsturmer.com
Brian P. McDonough bmcdonough@zelmcd.com
Carol Lynn Thompson cthompson@sidley.com
Cindy Hamilton hamiltonc@gtlaw.com
Ethan D. Dettmer edettmer@gibsondunn.com
F. Joseph Warin fwarin@gibsondunn.com
James Carnegie Krieg jkrieg@kksrr.com
Madeline Anne Zamoyski mzamoyski@omm.com
Mark Bruce Blocker mblocker@sidley.com
Michael P. Denver mpdenver@hbsb.com
R. Van Swearingen vswearingen@sidley.com
Robert A. Curtis rcurtis@foleybezek.com
Ryan D. Fischbach rfischbach@bakerlaw.com
Thomas W. Evans tevans@zelmcd.com
Timothy J. Halloran thalloran@mpbf.com
Todd Barnett Gordon tgordon@gordonfirm.com
William J. Goines goinesw@gtlaw.com

**Dated: October 27, 2009**        **Richard W. Wieking, Clerk**
                                    **By:     /s/ JW Chambers**
                                    **Elizabeth Garcia, Courtroom Deputy**