| | |
|---|---|
| Robert L. Brace, Esq., SBN 122240<br>Email:<br>Peter L. Candy, Esq., SBN 149976<br>Email: pcandy@hbsb.com<br>Michael P. Denver, Esq., SBN 199279<br>Email: mpdenver@hbsb.com<br>**HOLLISTER & BRACE**<br>P.O. Box 630<br>Santa Barbara, CA 93102<br>Telephone: 805.963.6711<br>Facsimile: 805.965.0329 | Anthony R. Zelle, Esq., Mass. SBN 548141<br>Email:<br>Brian McDonough, Esq., Mass. SBN 637999<br>Email:<br>Thomas Evans, Esq., SBN 552820<br>Email: tevans@zelmcd.com<br>**ZELLE MCDONOUGH & COHEN LLP**<br>101 Federal Street, 14th Floor<br>Boston, MA 02110<br>Telephone: 617.742.6520 x219<br>Facsimile: 617.742.1393<br>(Appearing *Pro hac vice*)<br>*Attorneys for Plaintiff Quirk Infiniti, Inc. and the Class* |

Thomas G. Foley, Jr., Esq., SBN 65812
Email: tfoley@foleybezek.com
**FOLEY, BEZEK, BEHLE**
 **& CURTIS, LLP**
15 W. Carrillo Street
Santa Barbara, CA 93101
Telephone: 805.962.9495
Facsimile: 805.962.0722
*Attorneys for the Hunter Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: EDWARD H. OKUN INTERNAL REVENUE SERVICE § 1031 TAX DEFERRED EXCHANGE LITIGATION<br><br>MDL No. 2028<br><br>Anita Hunter, et al. v. Edward H. Okun, et al.<br>N.D., California, C.A. No. 5:07-2795-JW<br><br>Quirk Infiniti, Inc. v. Wachovia Bank, N.A.<br>D. Massachusetts, C.A. No. 1:08-12060 | Case No. 07-cv-2795 JW<br><br>Assigned to Hon. James Ware<br><br>**STIPULATION AND ORDER RE: WAVE I PROCESSING FEE** |

WHEREAS, the Class and the Bankruptcy Trustee entered into the "Class/Trustee Agreement" which was approved by this Court and by the Bankruptcy Court in the Bankruptcy

1  case on October 7, 2009. (Docket No. 304).[1]  A copy of the Class/Trustee Agreement is attached
2  hereto as Exhibit 1.
3        WHEREAS, the Court approved terms of the Class/Trustee Agreement provide as
4  follows: (i) the agreement sets forth the manner by which recovered funds are to be allocated
5  between the Class and the Estates (*e.g.* ¶3d); (ii) Class Counsel may not base, or seek to justify
6  any request for fees on recoveries allocated to the Estates (¶9b); (iii) Class Counsel's fee request
7  on recovered funds allocated to the Class shall be limited to the lesser between 25% of such
8  funds, or 1.7 times Class Counsel's hourly rates (¶9c); (iv) funds recovered from certain parties
9  referred to as the "Schedule A Parties" are to be allocated to the Estates (¶4e); (v) while Class
10 Counsel may not seek a contingency fee respecting Schedule A recoveries, Class Counsel and
11 counsel to the Bankruptcy Trustee may jointly determine to allocate a portion of the proceeds of
12 settlements with Schedule A Parties to the class to pay fees incurred on an hourly basis to
13 process settlements with Schedule A Parties in this Class Action to obtain Court approval of
14 them (¶4e); and (vi) the fee Class Counsel is to be paid to process Schedule A Settlements will
15 be based upon Class Counsel's regular hourly rates, not to exceed $650 per hour (¶¶9d&e).
16       WHEREAS, the Wave I Settlements approved by this Court and by Judge Glenn in the
17 Bankruptcy Proceedings on October 7, 2009, which total $88,247,500, include Schedule A
18 Settlements totaling $43,247,500 (Docket No. 304).
19       WHEREAS, in accord with the Class/Trustee Agreement, Class Counsel's request for a
20 contingency fee, which this Court granted, was limited to funds recovered and allocated to the
21 Class (Docket No.312). The fee application stated that, in addition to the requested contingency
22 fee, and in accord with the Class/Trustee Agreement, Class Counsel would present the
23 Bankruptcy Trustee with an hourly-rate bill for processing the Schedule A Settlements. That bill

---

[1] The "Bankruptcy Proceedings" pending before Judge Glenn in the Southern District of New York are styled *In re The 1031 Tax Group, LLC, et al.,* Case Number 07-11448 (MG). The Bankruptcy Trustee is Gerard A. McHale, Jr.

totals $230,459.12, which amount includes fees of $224,525 and expenses of $5,934.12. (See Docket No.312-1, ¶16). A copy of the bill is attached hereto as Exhibit 2. The fees and costs identified in Exhibit 2 were not included among the fees and costs previously presented to the Court in conjunction with Class Counsels' application for a Wave I contingency fee because, pursuant to the Class/Trustee Agreement, as explained above, these fees and costs in the amount of $230,459.12 will be paid by the Trust;

WHEREAS, on October 7, 2009, the Bankruptcy Court entered an order in the Bankruptcy Case confirming the Second Amended Chapter 11 Plan (the "Plan") of Reorganization of Gerard A. McHale, Jr., as Chapter 11 Trustee; and

WHEREAS, the Plan became effective on December 2, 2009 (the "Effective Date"); and

WHEREAS, pursuant to the Plan, all of the 1031 Debtors' assets, including causes of action, were transferred to the 1031 Debtors Liquidation Trust (the "Trust") on the Effective Date and Gerard A. McHale, Jr., P.A. was appointed trustee of the Trust (the "Liquidation Trustee"); and

WHEREAS, the Liquidation Trustee has reviewed the detailed bill presented by Class Counsel for processing the Schedule A Settlements and agrees that: (i) the requested processing fee is provided for under the terms of the Class/Trustee Agreement; (ii) the amount of the bill is reasonable in relation to the services rendered; and (iii) the Trust is willing to and shall pay it.

NOW THEREFORE, based upon the foregoing, the Class and the Liquidation Trustee, by and through their respective counsel, hereby AGREE and STIPULATE that, under and in accordance with the Class/Trustee Agreement, the Trust shall pay Class Counsel's bill for

1 | processing the Schedule A Settlements totaling $230,459.12 within 10 days of the Court's Order
2 | approving this Stipulation.

HOLLISTER & BRACE

DATED: April 8, 2010      By: _____
ROBERT L. BRACE
MICHAEL P. DENVER
*Attorneys for Hunter Plaintiffs and the Class*

GOLENBOCK EISEMAN
ASSOR BELL & PESKOE, LLP

DATED: April 2, 2010      By: _____
MICHAEL S. DEVORKIN
JONATHAN L. FLAXER
*Counsel for the Liquidation Trustee of the 1031 Debtors Liquidation Trust in Chapter 11 matter, In Re: 1031 Tax Group LLC, U.S. Bankr. Court for the South. Dist. of N.Y., Case No. 08-11448-MG*

**IT IS SO ORDERED.**

Dated: __ May 4, 2010 _____

_____
HON. JAMES WARE
UNITED STATES DISTRICT COURT