

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: EDWARD H. OKUN INTERNAL REVENUE SERVICE § 1031 TAX DEFERRED EXCHANGE LITIGATION<br><br>MDL No. 2028<br><br>Anita Hunter, et al. v. Edward H. Okun, et al.<br>N.D., California, C.A. No. 5:07-2795-JW<br><br>Quirk Infiniti, Inc. v. Wachovia Bank, N.A.<br>D. Massachusetts, C.A. No. 1:08-12060 | Case No. 07-cv-2795 JW<br><br>Assigned to Hon. James Ware<br><br>PRELIMINARY APPROVAL ORDER RE: THE TODD PAJONAS SETTLEMENT |

WHEREAS, Plaintiffs, on behalf of themselves and the Settlement Class, have entered into a Stipulation and Agreement of Settlement (the "Settlement") with Todd Pajonas ("Pajonas");

WHEREAS, the Settlement is intended to settle and release any claims that the Class Representatives, the Settlement Class (as defined below), and the Trustee in the bankruptcy

proceeding[1] have against Pajonas;

WHEREAS, the Settlement is subject to review and Court approval under Rule 23 of the Federal Rules of Civil Procedure;

WHEREAS, the parties to the Settlement have consented to the entry of this Order; and

WHEREAS, the Court having read and considered the Settlement, the Memorandum in Support of the Motion for Preliminary Approval and the supporting Declaration,

**NOW, THEREFORE, IT IS HEREBY ORDERED, THAT:**

1. Plaintiffs' Motion for Preliminary Approval is GRANTED. Pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, this action is hereby certified as a class action with class members consisting of the Settlement Class, defined as follows:

> All Persons[2] who were customers of 1031 Advance 132 LLC, 1031 Advance, Inc., 1031 TG Oak Harbor, LLC, AEC Exchange Company, LLC, Atlantic Exchange Company, Inc., Atlantic Exchange Company, LLC, Investment Exchange Group, LLC, National Exchange Accommodators LLC, National Exchange Services QI, Ltd., NRC 1031 LLC, Real Estate Exchange Services, Inc., Rutherford Investment, LLC, Security 1031 Services, LLC, Shamrock Holdings Group, LLC, and/or The 1031 Tax Group, LLC, including any subsidiaries or affiliates of any of those entities engaged in business as Qualified Intermediaries pursuant to 26 U.S.C. § 1031, as well as such customers' assignees, and who suffered loss or damages or allegedly suffered loss or damages in any way, directly or indirectly, related to or arising out of (a) the failure of any of the entities listed above, including their subsidiaries or affiliates, (b) any of the events, acts or conduct alleged in the First Amended Complaint in the Action entitled 'Anita Hunter, et al. v. Edward Okun, et al.', United States District Court for the Northern District of California, Case No. C 0702795 JW, (c) any of the events, acts or conduct alleged in the Complaint in the Action entitled *Quirk Infiniti, Inc. v. Wachovia Bank, N.A.*, United States District Court for the District of Massachusetts, Case No. 1:08-12060"; or (d) any of the events, acts or conduct alleged in the

---

[1] *In re The 1031 Tax Group, LLC*, United States Bankruptcy Court for the Southern District of New York, Case No. 07-b-11448 (MG).

[2] "Persons" means an individual, a corporation, a partnership, a joint venture, an association, a joint stock company, a limited liability company, a limited liability partnership, an estate, an unincorporated organization, a trust, a class or group of individuals, or any other entity or organization, including any federal, state, or local governmental or quasigovernmental body or political subdivision, department, agency, instrumentality thereof or any other legal entity that could sue or be sued.

Complaint in the Action entitled *Anita Hunter, et al. v. Citibank, N.A., et al.*, United States District Court for the Northern District of California, Case No. C092079 JW.

2. The Court finds, for the purposes of this Settlement only, that the prerequisites of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the claims of the Settlement Class they seek to represent; (d) the class representatives will fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class members predominate over any questions affecting only individual Settlement Class members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, Anita Hunter, 409 Sherman Ave., LLC, Johnna Bozzo, Robert J. Buono, Celltex Site Services, Ltd., Grande Investment, LLC, and Quirk Infiniti, Inc. are certified as Class Representatives.

4. A hearing (the "Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on August 30, 2010 at 9:00a.m. for the following purposes:

    (a) to finally determine whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes only under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

    (b) to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    (c) to determine whether the Order Approving Settlement and Final Judgment should be entered, dismissing the action as against Pajonas who is to be released by Plaintiffs and the Trustee pursuant to the terms of the Settlement, on the merits and with prejudice;

    (d) to determine whether the Bar Order should be issued in favor of Pajonas pursuant to the terms of the settlement; and

(e)   to rule upon such other matters as the Court may deem appropriate.

5.  The Court reserves the right to approve the Settlement with or without further notice of any kind and, subject to the consent of the parties to the Settlement, with or without modification.

6.  The Court further reserves the right to enter Judgments and dismiss the action as against Pajonas who is to be released by the Class Representatives, the Settlement Class, and the Trustee pursuant to the terms of the Settlement, on the merits and with prejudice regardless of whether it has approved any distribution of the Settlement funds to Class members or applications for attorneys' fees and expenses.

7.  The Court approves as sufficient notice to Class members pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Notice of Pendency of Class Action and Proposed Settlement (the "Notice") attached hereto as Exhibit 1 and this Order (collectively, the "Notice Documents"). Class Counsel is directed to send the Notice Documents by First Class Mail to the known Class Members in accord with the schedule set forth below.

8.  The Court finds that the mailing and distribution of the Notice Documents substantially in the manner and form set forth in this Order meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

9.  The Court deems the Settlement to have been "filed," within the meaning of 28 U.S.C. § 17 15(b), on the date of this Order.

10. The Court sets the following schedule:

(a) The deadline for mailing the Notice Documents to Class
Members, and any notices required to be given pursuant to the Class
Action Fairness Act of 2005, 28 U.S.C. § 1332(d) et seq., shall be
ten (10) days from the date of this Order, or May 24, 2010.

(b) The deadline for requesting exclusion from the Settlement Class
and the deadline for filing objections to the Settlement, including
any objections to the proposed bar orders in favor of Pajonas, shall
be June 23, 2010 (30 days after the deadline for mailing in paragraph
10(a) above). Settlement Class members shall be bound by the
Settlement unless such persons request exclusion

4

from the Settlement Class by that date. Requests for exclusion and objections to the Settlement must be served upon counsel for Plaintiffs at the addresses set forth in the Notice Documents. Objections to the Settlement shall also be filed with the Court.

11. Pending final determination of whether the Settlement should be approved, persons releasing claims pursuant to the Settlement, including Settlement Class members who have not requested exclusion from the Settlement Class, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any of the claims to be released against any of the parties to be released.

12. If pursuant to the Settlement terms, the Settlement is terminated, then this Order shall be null and void and of no further force or effect, and may not be introduced as evidence or referred to in any actions or proceedings (including the related actions) by any person or entity, and each party to the terminated Settlement shall be restored to his, her or its respective position as existed prior to execution of the terminated Settlement.

DATED: May 13, 2010

_____
HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: EDWARD H. OKUN INTERNAL REVENUE SERVICE § 1031 TAX DEFERRED EXCHANGE LITIGATION | ) MDL No. 2078<br>) Case No. 07-CV-2795-JW<br>)<br>)<br>) |
| Hunter, et. al v. Citibank, N.A., et. al | ) Case No. 09-CV-2079-JW<br>)<br>)<br>) |

SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED WAVE II SETTLEMENTS

To: ALL PERSONS AND THEIR ASSIGNEES WHO WERE CUSTOMERS OF THE FOLLOWING "EXCHANGE ENTITIES": 1031 ADVANCE 132 LLC, 1031 ADVANCE, INC., 1031 TG OAK HARBOR, LLC, AEC EXCHANGE COMPANY, LLC, ATLANTIC EXCHANGE COMPANY, INC., ATLANTIC EXCHANGE COMPANY, LLC, INVESTMENT EXCHANGE GROUP, LLC, NATIONAL EXCHANGE ACCOMMODATORS LLC, NATIONAL EXCHANGE SERVICES QI, LTD., NRC 1031 LLC, REAL ESTATE EXCHANGE SERVICES, INC., RUTHERFORD INVESTMENT, LLC, SECURITY 1031 SERVICES, LLC, SHAMROCK HOLDINGS GROUP, LLC, AND/OR THE 1031 TAX GROUP, LLC, INCLUDING ANY PARENTS, SUBSIDIARIES OR AFFILIATES:

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that, in the above-captioned actions, three (3) separate settlements (the "Wave II Settlements") have been preliminarily approved by the Court and a Settlement Class (the "Class") has been certified with respect to these Settlements. The Wave II Settlements bind the following parties:

1. Class members;

2. Gerard A. McHale, Jr. as Liquidation Trustee (the "Trustee") for the 1031 Debtors Liquidation Trust (the "1031 Trust");[1]

---

[1] The 1031 Trust was established in related Bankruptcy proceedings in the Southern District of New York, *In re The 1031 Tax Group, LLC, et al.*, No. 07-B-11448 (MG) (S.D.N.Y.) with respect to the "1031 Debtors," which include: The 1031 Tax Group, LLC; 1031 Advance 132 LLC; 1031 Advance, Inc.; 1031 TG Oak Harbor LLC; Atlantic Exchange Company, Inc.; Atlantic Exchange Company LLC; Investment Exchange Group, LLC; National Exchange Accommodators, LLC; National Exchange Services QI, Ltd.;

3. The Defendants referred to as the "Wave II Settling Defendants" who are: (i) San Francisco Series of Lockton Companies, LLC ("Lockton"), (ii) Todd Pajonas ("Pajonas"); (iii) Bank of America, N.A. ("BofA"); and (iv) Countrywide Bank, F.S.B. ("Countrywide").

The Wave II Settlements will total $18,200,000, with Lockton contributing $12,000,000, BofA and Countrywide contributing a total of $6,000,000, and Pajonas, contributing $200,000. These settlements will add to the $88,247,500 Wave I Settlements of which you were previously notified. The Wave II Settling Defendants deny any wrongdoing, fault, liability or damage to the Class or the Trustee and deny that they acted improperly in any way. In view, however, of the uncertainty and expense of litigation, the Wave II Settling Defendants have agreed to pay these amounts in exchange for, among other things, a full, final and complete release of, among other claims, all asserted and unasserted claims against them and a Rule 23 Bar Order (the "Order and Final Judgment") protecting them from any further or potential claims.

A Hearing will be held before United States District Judge James Ware, at the United States District Court for the Northern District of California, United States Courthouse, 280 South First Street, San Jose, CA 95113, at 9:00a.m. on August 30, 2010 to determine whether the Wave II Settlements should be approved by the Court as fair, reasonable, and adequate.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENTS.

This summary notice provides a brief description of the Wave II Settlements and may address some of your questions. The settlement agreements between the Class Representatives, the Trustee and the Wave II Settling Defendants (the "Wave II Settlement Agreements") set forth the settling parties' entire agreement, and are available for your review at www.hbsb.com, under the link for "Class Actions." The Court's Order granting preliminary approval of the Wave II Settlements, which is included herewith, sets forth specific deadlines by which you must act and procedures for you to follow should you not wish to participate in the Wave II Settlements or if you wish to raise objections to any of them. You should review all of the documents provided with this notice and, if you have any questions that remain unanswered, you should contact counsel for the class at the address listed below for additional information.

| 1. | Why did I get this notice package? |
|---|---|

Records indicate that you may be a member of the Class described above and may have suffered injury based on the events alleged in this lawsuit.

---

NRC 1031, LLC; Real Estate Exchange Services, Inc.; Rutherford Investment LLC; Security 1031 Services, LLC; Shamrock Holdings Group, LLC; and AEC Exchange Company LLC.

| 2. | What is this lawsuit about? |

This lawsuit arises from the failure of the Exchange Entities and their failure to complete Internal Revenue Code Section 1031 exchange transactions.

| 3. | What are the terms of the settlements? |

The Trustee and Class Representatives have asserted various claims against Lockton, Pajonas, BofA and Countrywide (the "Litigation Claims"). The Wave II Settling Defendants deny any wrongdoing, fault, liability or damage to the Class Representatives, the Class or the Trustee, deny that they engaged in any wrongdoing or acted improperly in any way, and deny any liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in connection with the Litigation Claims. But in an effort to avoid the uncertainty and expense of litigation, Lockton has agreed to contribute $12,000,000, Pajonas has agreed to contribute $200,000, and BofA and Countrywide have agreed to pay a total of $6,000,000, as provided for in the Wave II Settlement Agreements.

In exchange for entering into the Wave II Settlements, the Wave II Settling Defendants will each obtain a full release from the Class Representatives, the Class members, and the Trustee of, among other things, all asserted and unasserted claims and a bar order precluding further claims, both known and unknown, against the Wave II Settling Defendants arising out of, related to, or in any way connected to, among other things, the Litigation Claims. In addition, each Class member shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived the benefit of Section 1542 of Cal. Civ. Code (set forth below) and any and all provisions, rights and benefits conferred by any law, rules or regulations of any state or territory of the United States or any other county, or principle of common or civil law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

It is the intention of the parties that, notwithstanding the provisions of Cal. Civ. Code § 1542 or any similar provisions, rights or benefits conferred by law, and notwithstanding the possibility that the Class Representatives, Class members, the Trustee, the Settling Defendants or their counsel may discover or gain a more complete understanding of the facts, events or law that, if presently known or fully understood, would have affected the decision to enter into the Wave II Settlements, any and all released claims, including unknown claims, shall be fully, finally and forever settled.

The Wave II Settlements are conditioned on the occurrence of certain events described in the Wave II Settlement Agreements, which are available for your review at www.hbsb.com. Those events include, among others: (i) the Court's entry of the Order and Final Judgment, and (ii) exhaustion of all rights to appeal from or alter or amend the Order and Final Judgment, or expiration of the time to appeal from or alter or amend the Order and Final Judgment. If, for any reason, any one of the conditions described in the Wave II Settlement Agreements are not met, the Wave II Settlements might be terminated and, if terminated, will become null and void, and the parties to the agreements will be restored to their respective pre-settlement litigation positions. The full terms of the Wave II Settlements are set forth in the Wave II Settlement Agreements, which are available for your review at www.hbsb.com. You should read the Wave II Settlement Agreements in their entirety. They contain other important terms.

The Wave II Settlements will not resolve claims against the other non-settling defendants and litigation will continue against those defendants.

| 4. | If I do not want to share in the $18,200,000, how do I exclude myself? |
|---|---|

To exclude yourself, you must notify the Court through Plaintiffs' counsel at the addresses identified below ***in writing no later than June 23, 2010.***

Your request for exclusion ***must*** contain: (1) the name of the lawsuits which are (i) *IN RE: EDWARD H. OKUN INTERNAL REVENUE SERVICE § 1031 TAX DEFERRED EXCHANGE LITIGATION*, MDL No. 2078, Case No. 07-CV-2795-JW, (ii) *Hunter, et al. v. Okun, et al.*, Case No. 07-CV-2795-JW, and (iii) *Hunter, et. al v. Citibank, N.A., et. al*, Case No. 09-CV-2079-JW; (2) your full name and current address; (3) a clear statement of intention to exclude yourself such as "I wish to be excluded from the Wave II Settlements"; (4) the addresses of your relinquished and replacement properties; (5) the amount of money you lost; and (6) your signature and the date you signed the request. Requests for exclusions ***must be postmarked 1st Class Mail no later than June 23, 2010*** and sent to:

> United States District Court for the Northern District of California
> Re: The 1031 Tax Group Litigation
> c/o Hollister & Brace, P.O. Box 630, Santa Barbara, CA 93102

| 5. | Can I object to the terms of the Wave II Settlements? |
|---|---|

If you exclude yourself, or "opt-out" of the Wave II Settlements you are not entitled to object. If you do not exclude yourself, or "opt-out," from the Wave II Settlements, you are entitled to object to the terms of one or more of all of the Wave II Settlements and to explain to the Court why one or more of them should not be approved. The Court will consider your views. To object, you must write a letter stating: (1) that you object to the Wave II Settlements in the matters styled (i) *IN RE: EDWARD H. OKUN INTERNAL REVENUE SERVICE § 1031 TAX DEFERRED EXCHANGE LITIGATION*, MDL No.

2078, Case No. 07-CV-2795-JW, (ii) ) *Hunter, et al. v. Okun, et al.*, Case No. 07-CV-2795-JW, and (iii) *Hunter, et. al v. Citibank, N.A., et. al*, Case No. 09-CV-2079-JW; (2) your full name and current address; (3) a clear statement of the Wave II Settlement or Settlements to which you object and why you object to that settlement; (4) the addresses of your relinquished and replacement properties; (5) the amount of money you lost; and (6) your signature and the date you signed the request.

Objections ***must be postmarked 1st Class Mail no later than June 23, 2010*** and mailed to all of the below:

Clerk of the Court
United States District Court for the Northern District of California,
United States Courthouse, 280 South First Street, San Jose, CA 95113

Robert L. Brace
Michael P. Denver
Hollister & Brace
P.O. Box 630, Santa Barbara, CA 93102

---

**6.    If I participate in the partial settlements, must I participate in future settlements?**

---

No. In the event that settlements are reached with additional defendants in the future, you will have the opportunity to decide whether to participate in such settlements. Your decision to participate in these settlements shall not preclude you from electing to decline to participate in future settlements, if any, should you choose.

---

**7.    If I participate in the partial settlements, how much money will I get?**

---

If the Wave II Settlements receive final approval and go forward, payments totaling $18,200,000 will be made in accordance with the Wave II Settlement Agreements. Pursuant to the terms of the agreement between the Class and the Trustee (the "Class/Trustee Agreement") which was approved in Wave I, the sum of $8,000,000 will be allocated to the Trustee, and the balance of $10,200,000 will be allocated to the Class. The $8,000,000 allocated to the Trustee on behalf of the Estates will have a *de minimis* effect on the distributions made to the Class - whose claims constitute over ninety-nine percent (99%) of the general, unsecured creditor body of the Estates. As to the $10,200,000 allocated to the Class, the Court will be asked to approve a plan for distribution. It is anticipated that the plan will provide for pro rata distribution of the recovery (minus any Court-approved fees or other expenses) to Class members based upon the amount of money that Class members deposited with the Exchange Entities and lost when the Exchange Entities failed.

**8.     How do I know how much of the partial settlements might be allocated to fees or other expenses?**

Any fees or expenses must be approved by the Court. Pursuant to the terms of the Class/Trustee Agreement, Class Counsel has agreed not to seek any fee on the $8,000,000 allocated to the Trustee. As to the $10,200,000 allocated to the Class, Class Counsel has agreed it will not seek a fee that results in a payment of an amount which exceeds the lesser of (a) its reasonable hourly fee multiplied by the reasonable hours worked on such claims, multiplied by a factor of 1.7, and (b) 25% of the recovery allocated to the Class after the reimbursement of approved expenses and costs. By limiting any fee sought to a percentage of the amount available after payment of expenses and costs, class counsel has every incentive to ensure that such expenses are minimized.

**9.     What should I do if I have questions?**

Certain documents and other information are also available on the Internet at the website of Hollister & Brace, http://www.hbsb.com/class_action.html.

If you have any questions concerning any matter raised in this notice, or wish to provide us with your current name or address, please visit Hollister & Brace's website or write to Class Counsel at:

HOLLISTER & BRACE
Robert L. Brace and Michael P. Denver
P.O. Box 630
Santa Barbara, CA  93102
(805) 963-6711
www.hbsb.bom

**PLEASE DO NOT CALL OR WRITE TO THE COURT
FOR INFORMATION OR ADVICE**

BY ORDER OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA