

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
Judge James Ware

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **IN RE: EDWARD H. OKUN INTERNAL REVENUE SERVICE § 1031 TAX DEFERRED EXCHANGE LITIGATION**<br><br>MDL No. 2028<br><br>Anita Hunter, et al. v. Edward H. Okun, et al. N.D., California, C.A. No. 5:07-2795-JW<br><br>Quirk Infiniti, Inc. v. Wachovia Bank, N.A. D. Massachusetts, C.A. No. 1:08-12060 | Case No. 07-02795 JW<br>**Case No. 5:09-md-02028 JW**<br><br>**[PROPOSED] FINAL APPROVAL ORDER RE: WAVE II SETTLEMENT WITH TODD PAJONAS**<br><br>**Assigned to Hon. James Ware** |

Before the Court is the Plaintiffs' Motion for Final Approval of the $200,000 "Wave II Settlement", between the Plaintiffs, on behalf of themselves and all others similarly situated (the "Settlement Class", described more fully below), and, Gerard A. McHale, Jr., PA, Liquidation Trustee (the "Trustee") for the 1031 Debtors Liquidation Trust pursuant to the plan (the Plan)[1] of reorganization confirmed in the chapter 11 bankruptcy cases for the 1031 Tax Group, LLC, *et al.* (collectively, the "1031 Debtors"),[2] on the one hand, and Defendant Todd Pajonas ("Pajonas" or "the Settling Defendant"), on the other.

A copy of the Wave II Settlement is in the Court file. (See Docket No. 326). Pursuant to the terms of the Class/Trustee Agreement approval in Wave I, the $200,000 to be paid by Pajonas is like the Wave I funds paid by the other QI Sellers, allocated 100% to the Estates in Bankruptcy.

The Wave II Settlement was preliminarily approved on May 13, 2010. (Docket No. 348). The Court approved Wave II Notice Documents were distributed to potential Class Members as required before May 24, 2010. There are no opt-outs from the Settlement Class and there are no objections to the Wave II Settlement.

On the 30th day of August, 2010, a hearing was held before this Court to determine: (1) whether the terms and conditions of the Wave II Settlement constitute a good faith settlement within the meaning of California Code of Civil Procedure §§ 877 and 877.6 which are fair, reasonable and adequate for the settlement of all claims released therein by all releasing persons against all released persons and should be approved; (2) whether a Judgment should be entered dismissing the above entitled action on the merits with prejudice and entering bar orders in favor

---

[1] The Plan became effective on December 2, 2009.

[2] The 1031 Debtors in the related bankruptcy proceedings pending in the United States Bankruptcy Court for the Southern District of New York, styled *In Re: The 1031 Tax Group*, Case No. 07-11448 (MG) are: The 1031 Tax Group, LLC; 1031 Advance 132 LLC; 1031 Advance, Inc.; 1031 TG Oak Harbor LLC; Atlantic Exchange Company, Inc.; Atlantic Exchange Company LLC; Investment Exchange Group, LLC; National Exchange Accommodators, LLC; National Exchange Services QI, Ltd.; NRC 1031, LLC; Real Estate Exchange Services, Inc.; Rutherford Investment LLC; Security 1031 Services, LLC; Shamrock Holdings Group, LLC; and AEC Exchange Company LLC.

of the Settling Defendant; (3) whether the Settlement Class members' share of the settlement funds should be deposited into the Qualified Settlement Fund which was created in conjunction with the Court's final approval of the Wave I Settlements; and (4) whether class counsel should be re-appointed.  The Wave II Settlement Agreements are incorporated herein by reference.

The Court considered all matters submitted to it at the hearing and otherwise, and determined that a notice of the hearing substantially in the form approved by the Court was timely mailed to all members of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this dispute, all members of the Settlement Class, and the Settling Defendant.

2. The Court finds that for purposes of settlement only the prerequisites for a class action under the Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied and hereby certifies the Settlement Class as follows:

> "All Persons[3] who were customers of 1031 Advance 132 LLC, 1031 Advance, Inc., 1031 TG Oak Harbor, LLC, AEC Exchange Company, LLC, Atlantic Exchange Company, Inc., Atlantic Exchange Company, LLC, Investment Exchange Group, LLC, National Exchange Accommodators LLC, National Exchange Services QI, Ltd., NRC 1031 LLC, Real Estate Exchange Services, Inc., Rutherford Investment, LLC, Security 1031 Services, LLC, Shamrock Holdings Group, LLC, and/or The 1031 Tax Group, LLC, including any subsidiaries or affiliates of any of those entities engaged in business as Qualified Intermediaries pursuant to 26 U.S.C. § 1031, as well as such customers' assignees, and who suffered loss or damages or allegedly suffered loss or damages in any way, directly or indirectly, related to or arising out of (a) the failure of any of the entities listed above, including their subsidiaries or affiliates, (b) any of the events, acts or conduct alleged in the First Amended Complaint in the Action entitled 'Anita Hunter, et al. v. Edward Okun, et al.', United States District Court for the Northern District of California, Case No. C 0702795 JW, (c) any of the events, acts or conduct alleged in the Complaint in the Action entitled *Quirk Infiniti, Inc. v. Wachovia Bank, N.A.*, United States District Court for the District of Massachusetts, Case No. 1:08-12060"; or (d) any of the events, acts or conduct alleged in the

---

[3] "Persons" means an individual, a corporation, a partnership, a joint venture, an association, a joint stock company, a limited liability company, a limited liability partnership, an estate, an unincorporated organization, a trust, a class or group of individuals, or any other entity or organization, including any federal, state, or local governmental or quasigovernmental body or political subdivision, department, agency, instrumentality thereof or any other legal entity that could sue or be sued.

    Complaint in the Action entitled *Anita Hunter, et al. v. Citibank, N.A., et al.*, United States District Court for the Northern District of California, Case No. C092079 JW." (The "Settlement Class").

  3. Notice of the Settlement was given in a timely manner to all members of the Settlement Class who could be identified with reasonable effort. The form and method of notifying the members of the Settlement Class of the terms and conditions of the Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

  4. The Wave II Settlement is the product of serious, informed, non-collusive and non-fraudulent negotiations conducted at arms length by the settling parties. The Court has considered the extent of the claimed damages, the Settling Defendant's potential liability, the settlement amount, the financial condition and of the Settling Defendant, potential insurance coverage limits, if any, and the benefits of settlement proceeds to the Plaintiffs. Accordingly, in lieu of trial, the Court concludes the resolution of this case for the Settling Defendant by way of settlement is proper, and the Wave II Settlement Agreement was entered into in good faith within the meaning of California Code of Civil Procedure §§ 877 and 877.6 and *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499-500 (Cal. 1985).

  5. The Settlement is approved as fair, reasonable, and adequate, and the members of the Settlement Class and the Settling Defendant are directed to consummate the Settlement in accordance with its terms and provisions.

  6. IT IS HEREBY ORDERED ADJUDGED AND DECREED that the above entitled action is hereby dismissed with prejudice as against the above identified Wave II Settling Defendant. Each party shall bear their own fees and costs.

  7. IT IS HEREBY ORDERED ADJUDGED AND DECREED that all members of the Settlement Class are hereby permanently barred and enjoined from instituting, commencing, or prosecuting any and all released claims, or interests of any kind, as set forth in the settlement, against the Wave II Settling Defendant, and the released claims shall thereupon be irrevocably

compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein.

8. IT IS HEREBY ORDERED ADJUDGED AND DECREED that, to the fullest extent permitted by law, each of the non-settling defendants ("Non-Settling Defendants"), whether in this action, the related action styled *Hunter, et al. v. Citibank, N.A., et al.*, Case No. 09-02079-JW, or any other action filed on behalf of the Plaintiffs and the Class (collectively the "Class Action"), are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution against the Wave II Settling Defendant (or any other claim against the Wave II Settling Defendant where the injury to the Non-Settling Defendant is the Non-Settling Defendant's liability to the Plaintiffs), arising out of the claims or allegations asserted by the Plaintiffs, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Class Action, in this Court, in the Bankruptcy Court,[4] in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, Canada or elsewhere (collectively the "Barred Claims of Non-Settling Defendants").

9. IT IS HEREBY ORDERED ADJUDGED AND DECREED that, to the fullest extent permitted by law, the Wave II Settling Defendant is hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for indemnity or contribution against any Person arising out of the claims or allegations asserted by the Plaintiffs, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in the Class Action, in this Court, in the Bankruptcy Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, Canada or elsewhere (collectively the "Barred Claims of Wave II Settling Defendant").

---

[4] The "Bankruptcy Court" means the Court presiding over the related bankruptcy proceedings pending in the Southern District of New York, including the action styled *In Re The 1031 Tax Group, LLC, et al.*, Case No.07-11448 (MG), and certain related adversary proceedings.

10. IT IS HEREBY ORDERED ADJUDGED AND DECREED that the recovery of the Plaintiffs, if any, on their respective asserted and assertable claims against any Non-Settling Defendants shall be reduced by the amount of the Wave II Settling Defendant's equitable and proportionate share of joint and several liability, as will be determined later by the Court in the allocation of recoverable damages or costs incurred by the Plaintiffs.

11. Without affecting the finality of this Judgment, this Court shall retain continuing jurisdiction over the above-referenced action and the Wave II Settling Defendant for purposes of supervising, administering, implementing, enforcing and interpreting the Judgment, the claims process to be established and the distribution of funds to Settlement Class members, if any.

12. THIS COURT FINDS that, pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for the delay in entering this Judgment and Judgment is hereby entered.

13. Hollister & Brace, Foley, Bezek, Behle & Curtis, and Zelle, McDonough and Cohen are hereby re-appointed as Class Counsel.

14. The Court retains jurisdiction over matters relating to the Wave II Settlement, including the administration and enforcement of the Settlement and this Order and Final Judgment, and including any application for fees and expenses from the Settlement proceeds by Plaintiffs' counsel for securing the Settlement on behalf of members of the Settlement Class and in connection with administering and distributing the Settlement proceeds to the members of the Settlement Class.

**IT IS SO ORDERED.**

DATED: August 31, 2010

_____
HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE