

IT IS SO ORDERED
Judge James Ware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: EDWARD H. OKUN INTERNAL REVENUE SERVICE § 1031 TAX DEFERRED EXCHANGE LITIGATION<br><br>MDL No. 2028<br><br>Anita Hunter, et al. v. Edward H. Okun, et al. N.D., California, C.A. No. 5:07-2795-JW<br><br>Quirk Infiniti, Inc. v. Wachovia Bank, N.A. D. Massachusetts, C.A. No. 1:08-12060 | Case No. 07-CV-2795-JW<br><br>[REVISED PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL RE: WAVE II SETTLEMENT WITH LOCKTON<br><br>Assigned to Hon. James Ware |

1

Before the Court is the Plaintiffs' Motion for Final Approval of the $12,000,000 "Wave II Lockton Settlement", between the Plaintiffs, on behalf of themselves and all others similarly situated (the "Settlement Class", described more fully below), and, Gerard A. McHale, Jr., PA, Liquidation Trustee (the "Trustee") for the 1031 Debtors Liquidation Trust pursuant to the plan (the Plan)[1] of reorganization confirmed in the chapter 11 bankruptcy cases for the 1031 Tax Group, LLC, *et al.* (collectively, the "1031 Debtors"),[2] on the one hand, and Defendant San Francisco Series of Lockton Companies, LLC ("Lockton" or "the Settling Defendant"), on the other (the "Wave II Lockton Settlement") and Judgment of Dismissal as to Lockton.

A copy of the Wave II Lockton Settlement is in the Court file. (See Docket No. 326). The Wave II Lockton Settlement was preliminarily approved on May 13, 2010. (Docket No. 347). The Court approved Wave II Notice Documents were distributed to potential Class Members as required before May 24, 2010. There are no opt-outs from the Settlement Class and there are no objections to the Wave II Lockton Settlement.

On the 30th day of August, 2010, a hearing was held before this Court to determine the following: (1) whether the Wave II Lockton Settlement should be approved pursuant to Federal Rule of Civil Procedure 23(e) as fair, reasonable and adequate; (2) whether the terms and conditions of the Wave II Lockton Settlement constitute a good faith settlement within the meaning of California Code of Civil Procedure §§ 877 and 877.6 which is fair, reasonable and adequate for the settlement of all claims released therein by all releasing persons against all released persons and should be approved; (3) whether a Judgment should be entered dismissing the above entitled action on the merits with prejudice and entering bar orders in favor of the

---

[1] The Plan became effective on December 2, 2009.

[2] The 1031 Debtors in the related bankruptcy proceedings pending in the United States Bankruptcy Court for the Southern District of New York, styled *In Re: The 1031 Tax Group*, Case No. 07-11448 (MG) are: The 1031 Tax Group, LLC; 1031 Advance 132 LLC; 1031 Advance, Inc.; 1031 TG Oak Harbor LLC; Atlantic Exchange Company, Inc.; Atlantic Exchange Company LLC; Investment Exchange Group, LLC; National Exchange Accommodators, LLC; National Exchange Services QI, Ltd.; NRC 1031, LLC; Real Estate Exchange Services, Inc.; Rutherford Investment LLC; Security 1031 Services, LLC; Shamrock Holdings Group, LLC; and AEC Exchange Company LLC.

Settling Defendant; (4) whether the Settlement Class members' share of the settlement funds should be deposited into the Qualified Settlement Fund which was created in conjunction with the Court's final approval of the Wave I Settlements; and (5) whether class counsel should be re-appointed. The Wave II Lockton Settlement Agreement is incorporated herein by reference.

The Court considered all matters submitted to it at the hearing and otherwise, and determined that a notice of the hearing substantially in the form approved by the Court was timely mailed to all members of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this dispute, all members of the Settlement Class, and the Settling Defendant.

2. The Court finds that for purposes of settlement only the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied and hereby certifies the Settlement Class as follows:[3]

> "All Exchangers who were customers of, or entrusted money or property to, The 1031 Tax Group, LLC; 1031 Advance 132 LLC; 1031 Advance, Inc.; 1031 TG Oak Harbor, LLC; Atlantic Exchange Company, Inc.; Atlantic Exchange Company, LLC; Investment Exchange Group, LLC; National Exchange Accommodators, LLC; National Exchange Services QI, Ltd.; NRC 1031, LLC; Real Estate Exchange Services, Inc.; Rutherford Investment, LLC; Security 1031 Services, LLC; Shamrock Holdings Group, LLC; or AEC Exchange Company, LLC, including any parents, subsidiaries or affiliates of any of those entities engaged in business as Qualified Intermediaries pursuant to 26 U.S.C. § 1031, and who suffered loss or damages or allegedly suffered loss or damages in any way, directly or indirectly, related to or arising out of (a) the business failure of any of the entities listed above, or any of those entities' failure to complete any section 1031 exchange, including their parents, subsidiaries or affiliates, (b) any of the events, acts, omissions or conduct alleged in the First Amended Complaint in the action entitled *Anita Hunter, et al. v. Edward Okun, et al.*, United States District Court for the Northern District of California, Case No. 5:07-cv-02795-JW, (c) any of the events, acts, omissions or conduct alleged in the Complaint in the action entitled *Quirk Infiniti, Inc. v. Wachovia, N.A.*, United States District Court for the District of Massachusetts, Case No. 1:08-cv-12060-JLT, or (d) any of the events, acts, omissions or conduct alleged in the Amended Complaint in

---

[3] Capitalized terms in the Settlement Class definition and elsewhere in this Order and Judgment have the same meanings as those terms have in the Wave II Lockton Settlement, unless specifically defined herein.

the action entitled *Anita Hunter, et al.* v. *Citibank, N.A., et al.,* United States District Court for the Northern District of California, Case No.5 :09-cv-02079-JW, and all Entities who are or claim to be an assignee, transferee or beneficiary of an encumbrance on any Claim of any of the foregoing Exchangers arising out of or relating to any of the matters described in (a) through (d)." (The "Settlement Class").

3. Notice of the Wave II Lockton Settlement was given in a timely manner to all members of the Settlement Class who could be identified with reasonable effort. The form and method of notifying the members of the Settlement Class of the terms and conditions of the Wave II Lockton Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Wave II Lockton Settlement is the product of serious, informed, non-collusive and non-fraudulent negotiations conducted at arms length by the settling parties. The Court has considered the extent of the claimed damages, the Settling Defendant's potential liability, the settlement amount, the financial condition of the Settling Defendant, potential insurance coverage limits, if any, and the benefits of settlement proceeds to the Plaintiffs. Accordingly, in lieu of trial, the Court concludes that resolution of this case for the Settling Defendant by way of settlement is proper, and the Wave II Lockton Settlement was entered into in good faith within the meaning of California Code of Civil Procedure §§ 877 and 877.6 and *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499-500 (Cal. 1985).

5. The Wave II Lockton Settlement is approved as fair, reasonable, and adequate, and the members of the Settlement Class and the Settling Defendant are directed to consummate the Wave II Lockton Settlement in accordance with its terms and provisions.

6. The above entitled action is hereby dismissed with prejudice as against the above identified Settling Defendant. Each party shall bear its/his/her own fees and costs.

7. All Exchangers and other members of the Settlement Class, all Entities who have otherwise agreed to be bound by the Agreement, and all Entities claiming to be an assignee, transferee or beneficiary of an encumbrance on any Claim once held by an Exchanger or other

member of the Settlement Class, are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any direct, indirect or derivative Claim against Lockton, the other Lockton Released Parties or the Lockton Insurers, arising out of or relating to (i) Any Evidence of Insurance issued to any of the 1031 Debtors, regardless of whether that Evidence of Insurance was or was not transmitted to, described to, seen by or relied on by any of the Class Representatives or other members of the Settlement Class; (ii) Any insurance policy issued to any of the 1031 Debtors by any insurance company, including any fidelity bond or commercial crime insurance policy, whether primary or excess; (iii) The business failure of any of the 1031 Debtors, including their parents, subsidiaries or affiliates, or any of those entities' failure to complete any section 1031 exchange; (iv) The operation or business of the 1031 Debtors, or their parents, subsidiaries or affiliates, or any Entities owned or controlled, directly or indirectly; by Edward H. Okun; (v) Edward H. Okun; (vi) The actual or alleged theft of money or property from any of the 1031 Debtors by anyone, including Edward H. Okun, Lara D. Coleman, Richard Simring and Robert D. Field; (vii) The investigation, consideration, handling or adjustment of claims made by or on behalf of any of the 1031 Debtors or their Estates or any Exchanger who deposited funds or other property with any of the 1031 Debtors to any insurance company or insurance broker in connection with the actual or alleged theft of property or money from any of the 1031 Debtors; (viii) The Class Litigation, any of the events, acts, omissions or conduct alleged therein, and any matters that could have been alleged therein; (ix) Any Claims that could have been alleged against Lockton or any of the other Lockton Released Parties by the Trustee, any of the 1031 Debtors or their Estates, the Liquidation Trust and/or the Liquidation Trustee; (x) Any adversary proceeding filed by the Trustee the Liquidation Trust and/or the Liquidation Trustee in the Bankruptcy Case, any of the events, acts, omissions or conduct alleged therein, and any matters that could have been alleged therein; and (xi) The putative class action styled "*Hunter, et al. v. Citibank, NA., et al.*", Case No. 09-cv-02079-JW (United States District Court for the Northern District of California) ("*Hunter v. Citibank*"), any of the events, acts, omissions or conduct alleged therein, and any matters that could have been alleged therein. The foregoing Claims include without limitation Claims based on a theory of constructive trust, equitable lien

or fraudulent conveyance, whether arising under state, Federal or foreign law as claims, crossclaims, counterclaims, or third-party claims, in this Court, in any Federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States, or (to the fullest extent permitted by law) Canada or elsewhere. The foregoing Claims are hereby irrevocably compromised, settled, released, discharged and dismissed as against Lockton, the other Lockton Released Parties and the Lockton Insurers on the merits and with prejudice by virtue of the proceedings herein.

8.  To the fullest extent permitted by law, no Person, whether or not a party to the Class Litigation, a creditor of the 1031 Debtors, a party to the Bankruptcy Case, or a party to any adversary proceeding brought by the Trustee, shall be permitted to bring a Claim and each such Person is hereby permanently barred, enjoined and restrained from instituting, commencing, prosecuting or asserting any Claim ("Barred Person") for indemnity or contribution, whether or not delineated as a claim for indemnity or contribution, against Lockton, any of the other Lockton Released Parties or the Lockton Insurers, which relates to or arises out of any Claims asserted by the plaintiffs including, but not limited to (a) the failure of 1031 Advance 132 LLC, 1031 Advance, Inc., 1031 TG Oak Harbor, LLC, AEC Exchange Company, LLC, Atlantic Exchange Company, Inc., Atlantic Exchange Company, LLC, Investment Exchange Group, LLC, National Exchange Accommodators LLC, National Exchange Services QI, Ltd., NRC 1031 LLC, Real Estate Exchange Services, Inc., Rutherford Investment, LLC, Security 1031 Services, LLC, Shamrock Holdings Group, LLC, and/or The 1031 Tax Group, LLC, including any subsidiaries or affiliates of any of those entities engaged in business as Qualified Intermediaries pursuant to 26 U.S.C. § 1031, (b) any of the events, acts, omissions or conduct alleged in the Action entitled *Anita Hunter, et al. v. Edward Okun, et al.*, United States District Court for the Northern District of California, Case No. 07-cv-02795-JW, (c) any of the events, acts, omissions or conduct alleged in the Complaint in the Action entitled *Quirk Infiniti, Inc. v. Wachovia Bank, N.A.*, United States District Court for the District of Massachusetts, Case No. 1:08-12060, (d) any of the events, acts, omissions or conduct alleged in the Action entitled *Anita Hunter, et al. v. Citibank, N.A., et al.*, United States District Court

for the Northern District of California, Case No. 09-cv-02079-JW, (e) any Evidence of Insurance issued to any of the 1031 Debtors, regardless of whether that Evidence of Insurance was or was not transmitted to, described to, seen by or relied on by any of the Class Representatives or other members of the Settlement Class, (f) any insurance policy issued to any of the 1031 Debtors by any insurance company, including any fidelity bond or commercial crime insurance policy, whether primary or excess, (g) the actual or alleged theft of money or property from any of the 1031 Debtors by anyone, including Edward H. Okun, Lara D. Coleman, Richard Simring and Robert D. Field, and (h) any of the events, acts, omissions or conduct alleged in any adversary proceeding filed by the Trustee, the Liquidation Trust or the Liquidation Trustee in the Bankruptcy Case, whether such Claim arises under state, federal or foreign law as a claim, cross-claim, counterclaim or third-party claim and whether in the Class Litigation, the Bankruptcy Court, any other federal court, any state or other court, or in any arbitration proceeding, administrative agency, or other forum in the United States or elsewhere (collectively, the "Barred Claims").

Barred Claims shall include any claim against Lockton, any of the other Lockton Released Parties or any of the Lockton Insurers where the injury to the Barred Person is the Barred Person's liability to the Plaintiff, or costs and fees in connection with the Barred Person's asserted liability to the Plaintiff, relating to or arising out of any of the matters described in (a) through (h), above. The term Plaintiff includes the named plaintiffs in the Class Litigation, the members of the putative classes in the Class Litigation, the Trustee, the Liquidation Trust or the Liquidation Trustee in the Bankruptcy case.

9.   To the fullest extent permitted by law, Lockton and the other Lockton Released Parties are hereby permanently barred, enjoined, and restrained from commencing, prosecuting or asserting any claim for indemnity or contribution, whether or not delineated as a claim for indemnity or contribution, against any Person arising out of the claims or allegations by the Plaintiff against Lockton or any of the other Lockton Released Parties, whether arising under state, federal or foreign law and whether arising as claims, cross-claims, counterclaims, or third-party claims, in the Class Litigation, in the Bankruptcy Court, in any other federal court, in any

state or other court, or in any arbitration proceeding, administrative agency, or other forum in the United States, Canada or elsewhere, except that to the extent that Edward H. Okun asserts any Claim against Lockton or any of the other Lockton Released Parties (all of which Claims the Trustee has resolved in the Settlement Agreement), it may respond with any defenses, offsets, recoupments, cross-claims, third-party claims or counterclaims against Okun.

10. The recovery, if any, by any Plaintiff on its asserted or assertable claims against any Barred Person relating to or arising out of any of the matters described in (a) through (h) in paragraph 8, above, shall be reduced by the amount of the Lockton Released Parties' equitable and proportionate share of any joint and several liability, or such greater amount, if any, as may be required by applicable law, as will be determined later by the court in the allocation of recoverable costs and damages incurred by that Plaintiff.

11. THIS COURT FINDS that, there is no just reason for delay in entering this Final Order and Judgment and hereby enters this Final and Order and Judgment as a final judgment pursuant to Federal Rule of Civil Procedure 54(b).

12. The funds allocable to the Class from the settlement ($7,200,000 of the $12,000,000 to be paid by Lockton) shall be deposited into the qualified settlement fund ("QSF") established in conjunction with the Court's prior approval of the Wave I Settlements pursuant to 26 C.F.R. § 1.468B et. seq. Gerard A. McHale, the Trustee in the Bankruptcy proceedings, is hereby re-appointed as the Trustee of the QSF ("QSF Trustee"). The QSF Trustee shall distribute the funds recovered in this class action and deposited into the QSF. The QSF and the QSF Trustee shall remain under the jurisdiction of this Court in connection with the matters described in this paragraph. The QSF Trustee shall have no liability in connection with his services as QSF Trustee except for gross negligence or willful misconduct. Upon further orders of the Court, the QSF Trustee shall pay approved fees, costs and other expenses, if any, and distribute the remaining Wave II funds to Settlement Class members on a pro rata basis, with each Settlement Class member's pro rata share calculated as follows: (i) Each

Settlement Class member's approved lost Exchange Amount[4] plus Exchange Agreement Contractual Interest,[5] if any, shall be divided by the total of all Settlement Class members' lost Exchange Amounts plus Exchange Agreement Contractual Interest; and (ii) the resulting percentage shall be multiplied with the total amount to be distributed to the Settlement Class to determine each Settlement Class member's pro rata share.

13. Hollister & Brace, Foley, Bezek, Behle & Curtis, and Zelle, McDonough and Cohen are hereby re-appointed as Class Counsel.

14. Without affecting the finality of this Judgment, this Court retains jurisdiction over the above-referenced action, the Wave II Settling Defendant, and the other parties and persons involved in the action or the Wave II Lockton Settlement, for purposes of supervising, administering, implementing, enforcing and interpreting this Order and Judgment, the claims process to be established and the distribution of funds to Settlement Class members, if any, and over any other matters relating to the Wave II Lockton Settlement, including any application for fees and expenses from the Settlement proceeds by Plaintiffs' counsel for securing the Settlement on behalf of members of the Settlement Class and in connection with administering and distributing the Settlement proceeds to the members of the Settlement Class.

DATED: September 3, 2010

_____
HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE

---

[4] Each Settlement Class member's "Exchange Amount" means the principal amount deposited by the Settlement Class member with the applicable 1031 Debtor under the applicable Exchange Agreement which was lost due to the insolvency of the applicable 1031 Debtor.

[5] "Exchange Agreement Contractual Interest" means such stated interest, if any, as shall have accrued pursuant to the terms of the applicable Exchange Agreement up to the Bankruptcy Petition date of May 14, 2007.

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL RE: WAVE II SETTLEMENT
07-CV-2795-JW